# Exhibit "A"

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS                                        SUPERIOR COURT DEPARTMENT
                                                             CIVIL ACTION NO. _____

WAREHAM FREE LIBRARY, INC., and
PRISCILLA PORTER, MARY NYMAN, HAZEL TABER,
MICHELLE BAUM, SANDRA WHEELER, JOHN LANCI,
MARTHA MAGUIRE, YELENA FARIOLI-BEAUPRE, and
DIANE LAZARUS, Individually and As Trustees of Wareham
Free Library, Inc.

         Plaintiffs

v.

THE TOWN OF WAREHAM, and BRENDA ECKSTROM,
BRUCE SAUVAGEAU, JOHN CRONAN, JAMES POTTER,
and M. JANE DONAHUE, Individually and As Members of
The Board of Selectmen of Wareham

         Defendants

### COMPLAINT AND JURY DEMAND

### INTRODUCTION

This is an action seeking declaratory judgment, injunctive relief and damages against members of the Board of Selectmen of the Town of Wareham, Massachusetts, individually and officially, resulting from their unconstitutional and otherwise unlawful conduct directed at Plaintiffs. This action arises under the First and Fourteenth Amendments to the United States Constitution, Massachusetts General Laws Ch. 12, §§ 11H and 11I, and other relevant Massachusetts common and statutory law.

1

1. Plaintiffs are the duly appointed current Trustees of the Wareham Free Library, Inc., a private non-profit Massachusetts corporation located in the Town of Wareham. They bring this action in their official and individual capacities.

2. The Board of Selectmen of Wareham has five members. All five are the named defendants in this case.

3. Defendant Brenda Eckstrom is the Chairperson of the Board of Selectmen.

4. Defendant Bruce Sauvageau is a former Chairperson and a member of the Board of Selectmen.

5. Defendant John Cronan is a member of the Board of Selectmen.

6. Defendant James Potter is a member of the Board of Selectmen.

7. Defendant M. Jane Donahue is a member of the Board of Selectmen.

8. Defendants have maliciously interfered with Plaintiffs' exercise of their state and/or federal constitutional rights. At all relevant times, Defendants acted under the color of state law.

9. Wareham Free Library was established as a private non-profit corporation in 1891 ("Library corporation"). Until late 1970s the Library was wholly privately owned and operated on private funds.

10. During the late 1970s, the Library corporation, acting by its Board of Trustees, collaborated with the Town of Wareham toward the goal of integrating the Library operations into the Wareham town government system. By 1981, as a result of those efforts, the Library operations were partially integrated into the town government system, specifically as follows: library employees were reclassified as Town employees, handling of library bills and payroll was transferred to the Town Accountant and the Town Treasurer, and library funding became

part of the Town regular annual budget. The Library operation has since been funded through a combination of town appropriations and additional private donations, gifts and bequests. The library building remained privately owned, and in 1991 the physical library was moved to a new Town-owned building.

11. To oversee the partial transition of the Library into the town government system, a private Library Transition Committee was created, comprised of library trustees and town officials. The Committee considered special legislation as a means of transferring all Library operations to the Town, but ultimately voted against a transfer of assets to the Town. Thereafter, the Committee was discharged and the matter was not pursued further. The Library corporation was never dissolved and continues to exist as a private non-profit corporation to this time. See Exhibit 1, The Secretary of State's Certificate of Valid Existence.

12. The outcome of the transition was that the Library became a hybrid public/private entity. The Library operations were partially integrated into the town government system, with library employees being reclassified as Town employees by the State Labor Relations Board, handling of library bills and payroll coming under the jurisdiction of the Town, and the physical library being moved to a municipal building. On the other hand, the private non-profit Library corporation was never dissolved and its property and assets were never transferred to the Town; the corporation continues to exist and holds title to its funds and assets.

13. In 1979, as part of the transition effort, the then serving Trustees of the private Library corporation amended the corporation's by-laws to provide for a new method of selection of the trustees. The trustees then became appointed for terms of three years by a three-member committee consisting of the Wareham Town Moderator, the Chairman of the Board of Selectmen and the Chairman of the Library corporation Board of Trustees. This method of library trustee

3

selection has been followed consistently since 1979, challenged for the first time by Defendants at their official meeting on July 24, 2007. See Exhibit 2, Corporation's 1979 By-Laws.

14. The Trustees now continue to serve in their private capacities, as trustees of the private Library corporation. Their appointments are made by the three-member committee of which two members are town officials. They are sworn in to office by the Town Clerk.

15. All Plaintiffs were duly appointed for three year terms by the three-member committee. See Exhibit 3, Plaintiffs' Appointment Letters.

16. In late January 2007 the present Town-employed Library Director, Mary Jane Pillsbury, at the time serving also as a long-standing member of the Board of Selectmen, resigned from the Board of Selectmen as a result of escalating political and personal difficulties with fellow Selectmen, Defendants Eckstrom and Sauvageau. Pillsbury had previously openly opposed Eckstrom and Sauvageau on public town issues, and said Defendants caused her to resign by interfering with her in the performance of her duties.

17. In March 2007 the Board of Selectmen appointed the Town Treasurer, John Foster, as the Acting Town Administrator of Wareham. On March 21, 2007, Foster submitted a draft of the town budget prepared by his predecessor to the Board of Selectmen. The draft budget was then reviewed by the Town Finance Committee, working with Foster, who revised it several times and re-submitted with the Town Warrant.

18. The original draft of the budget cut the Library's funding by 54%. The Finance Committee and Foster reduced the cut to 17%. The Board of Selectmen then refused to include the revised budget in the Town Warrant, questioning the Finance Committee's right to present reviewed budgets to the Town Meeting. This action by the Board was prompted by vengeance directed at the Library Director Pillsbury.

4

19. Friends of The Wareham Free Library, Inc., a private non-profit corporation created for the purpose of supporting the Library, of which all Plaintiffs are active members, organized a grassroots opposition to the original budget. Friends sent out letters urging town residents to vote against the proposed 54% cut in the Library's funding.

20. Ultimately, the Finance Committee's revised budget was included in the Warrant. On April 30, 2007, the Town Meeting voted in favor of the revised budget supported by Plaintiffs and against the original draft supported by Defendants.

21. Thereafter, the Defendant Selectmen pursued a vindictive campaign against the funding sought by the Library, accusing the Trustees of "stacking" the town meeting.

22. On June 26, 2007, at a regular Board meeting, the Defendant Selectmen for the first time raised the issue of the manner of appointment of the Plaintiff Library Trustees. The matter had not been noticed on the Board's agenda for the meeting. However, Defendants Eckstrom and Sauvageau had come to the meeting prepared to discuss the matter, citing state statutes pertaining to appointment of public library trustees.

23. At the meeting, Defendant Eckstrom suggested that the Library Trustees were not appointed in accordance with the law and/or the Town Charter, and Defendant Sauvageau noted that the Board would ask the Town Counsel to review the matter; the Board, however, never voted in open session to engage the Town Counsel for that purpose.

24. For its meeting a month later, on July 24, 2007, the Board of Selectmen noticed the subject of appointment of the Plaintiff Library Trustees on its agenda and requested the Trustees to attend the meeting.

25. At the meeting on July 24, 2007, the Board reviewed a written opinion from Town Counsel questioning the legality of the appointment of the Library Trustees. The Board

then stated their preconceived position, now "validated" by Town counsel's letter, that Library Trustees had never been properly appointed, that Plaintiff Trustees were not properly appointed, and that there were no valid Trustees presently serving. Defendant Sauvageau made a motion, prepared in advance of the meeting, to begin the process of selecting new Trustees. The Board voted in favor unanimously.

26. Since that time, Defendants have continued to treat Plaintiffs as if they are not legally Library Trustees, in effect terminating Plaintiffs as Trustees, to the extent that Trustees act in a public capacity. If the Board of Library Trustees was a public multi-member body under the Town Charter (which Plaintiffs dispute), said termination would violate the Town Charter, which provides that appointed officers of the Town may not be suspended or removed from their duties except for cause and after a public hearing.

27. Defendants have also demanded, for the first time at the Board of Selectmen's meeting on July 24, 2007 and now continuing through Town counsel, that Plaintiffs turn over the Library corporation's monies and its financial and other records to Defendants and/or the Town counsel.

28. In April 2007 the Plaintiff Library Trustees voted to create a private foundation for the purpose of holding and managing private donations, gifts and bequests to the Library. Plaintiffs organized The Wareham Library Foundation, Inc. The Foundation holds and manages $350,000+ of privately donated and restricted funds to the Library. The Foundation holds no public funds.

29. The Board of Trustees is authorized by the Library corporation's by-laws and by state law to hold and manage all funds that are privately donated, gifted or bequeathed to the Library. Such funds constitute property of the Library corporation. Establishing a public trust

or foundation for the purpose of managing library funds is advised and encouraged by the Massachusetts State Board of Library Commissioners.

30. The Defendant Selectmen now demand that all funds held by the Foundation be turned over to the Town. The Trustees refuse to comply with this unlawful demand.

31. The Defendant Selectmen are making false public accusations suggesting dishonesty and other malfeasance by the Plaintiff Trustees. The Selectmen have made threats that the Library may be shut down and that wages of library employees may be frozen unless the Trustees comply with Defendants' demands.

32. Defendants' actions described above have caused damage to Plaintiffs as private citizens, for which Plaintiffs claim compensatory and punitive damages.

### COUNT I
### DECLARATORY JUDGMENT

33. Plaintiffs repeat and incorporate herein the allegations above.

34. There is an actual and justiciable controversy between the parties as to whether Plaintiffs are in fact and law validly serving as Trustees of Wareham Free Library and may not be removed (or declared non-Trustees and not in office) by Defendants.

35. There is an actual and justiciable controversy between the parties as to whether the current method of appointment of Library Trustees by the three-member authority pursuant to the private Library corporation's long-standing by-law procedures is legal and must continue to be followed in the future, or whether Defendants have a right to proceed with wholesale new appointments of Library Trustees without following the private Library corporation's by-law procedures.

36. There is an actual and justiciable controversy between the parties as to whether Plaintiffs must turn over the control of the privately donated funds of the Library to the Town and/or the Board of Selectmen.

37. A declaration by the Court is necessary to resolve these controversies between the parties.

## COUNT II
## INJUNCTIVE RELIEF

38. Plaintiffs repeat and incorporate herein the allegations above.

39. Injunctive relief is required to prevent ongoing harm to the public interest by the actions of the Board of Selectmen.

## COUNT III
## 42 U.S.C. § 1983 and M.G.L. Ch. 12 §§ 11H and 11I
## DAMAGES AND ATTORNEYS' FEES

40. Plaintiffs repeat and incorporate herein the allegations above.

41. Defendants have violated Plaintiffs' constitutional rights, both state and federal. Defendants are liable to Plaintiffs both as citizens and as Trustees of the Wareham Free Library to pay Plaintiffs' compensatory and punitive damages and attorneys' fees.

## COUNT IV
## 42 U.S.C. § 1983 and M.G.L. Ch. 12 §§ 11H and 11I
## INJUNCTIVE RELIEF

42. Plaintiffs repeat and incorporate herein the allegations above.

43. Injunctive relief is needed against Defendants individually and as members of the Board of Selectmen, enjoining the Defendants from ongoing violations of the Plaintiffs' constitutional rights.

WHEREFORE, plaintiffs request the following relief:

1. Judgment for plaintiffs and against defendants on all counts.

2. A declaration that Plaintiffs are in fact and law validly serving as Trustees of the Wareham Free Library and may not be removed (or declared non-Trustees and not in office) by Defendants.

3. A declaration that the current method of appointment of library trustees by the three-member appointing authority consisting of the Wareham Town Moderator, the Chairman of the Board of Selectmen and the Chairman of the Board of Trustees, pursuant to the private Library corporation's by-law procedures is legal and must continue to be followed in the future, and Defendants do not have the right to proceed with wholesale new appointments of Library Trustees without following said by-law procedures.

4. A declaration that the Plaintiffs need not turn over the control of the privately donated funds of the Library to the Town and/or the Board of Selectmen.

5. A declaration that Defendants have violated Plaintiffs' First Amendment rights and M.G.L. c. 12, §§ 11H and 11I.

6. Injunctive relief against defendants, enjoining Defendants both individually and officially from unlawfully interfering with the Plaintiffs' discharge of their duties as the duly appointed Trustees of Wareham Free Library, as follows:

    a.    Enjoining Defendants from removing the Plaintiff Trustees or declaring them non-Trustees and not in office and from proceeding with wholesale new appointments of Library Trustees;

    b.    Enjoining Defendants from appointing Library Trustees not according to the private Library corporation's by-law procedures;

    c.    Enjoining Defendants from demanding the Plaintiff Trustees to turn over the private Library corporation's monies and financial and other records to Defendants and/or the Town counsel; and

    d.    Enjoining Defendants from subpoenaing the Plaintiff Trustees to obtain the private Library corporation's financial and other records.

7. Injunctive relief against Defendants under 42 U.S.C. § 1983 and M.G.L. Ch. 12 §§ 11H and 11I, enjoining Defendants both individually and officially from further violations of Plaintiffs' constitutional rights.

8. Compensatory and punitive damages.

9. Costs and attorney's fees.

10. Such other relief as may be just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted by

PLAINTIFFS,

By their Attorneys,
BEAUREGARD, BURKE & FRANCO

PHILIP N. BEAUREGARD, BBO # 034870
TIMOUR ZOUBAIDOULLINE, BBO # 656212
32 William Street, New Bedford, MA 02740
Tel. No.: 508-993-0333

Dated: August 16, 2007

Following an abrupt attempt by Selectmen to dismiss the entire Library Board of Trustees, the Board sought advice from state agencies, including the Massachusetts Attorney General's Office, the Massachusetts Department of Revenue, and the Board of Library Commissioners about our rights as trustees and our legal responsibilities as caretakers of over 100 years of private bequests to the Wareham Free Library.

Based on their advice, we have hired legal counsel to guide us in fulfilling our obligations as Trustees. So far, we have done this with donations from town residents who have come forward and donated private money to create a legal fund.

The Wareham Board of Selectmen has publicly and without facts to support its conclusions, demeaned the Library Board by questioning our existence and suggesting malfeasance on our part. In keeping with the requirements of an incorporated, non-profit charity, all current and past actions of the Library Trustees have been public, above board and comply with state and federal law. Like many libraries in the state, we followed the advice of the Board of Library Commissioners and created a library foundation for the management of past and future bequests to the Wareham Free Library Corporation. Managing these funds — which span over a century of bequests — has been one of the Library Board's major responsibilities. We file public reports on an annual basis and have managed this money well, generating regular income used exclusively for the support of the library, while maintaining an intact principal. We are extremely proud of this record and consider it a major achievement as a Board.

Instead of making due diligence inquiry into our history and existence as a non-profit corporate Board (since 1891), and then initiating a rational non-politically inspired discussion on issues concerning the library, the Selectmen have chosen bullying tactics, insult, and even slander as weapons against the Wareham Free Library Board of Trustees. In the process, the Selectmen have damaged an institution that is highly valued in this town. We feel we must challenge these tactics in every way possible and we are committed to continuing to fight to protect our board and the Wareham Free Library.

For these reasons, the Board has hired Attorney Philip N. Beauregard of Beauregard, Burke & Franco to defend against the aggressive and inappropriate use of Town Counsel (paid with Town funds) to seize the Board's assets and take over its long valued role and function serving the residents of Wareham.


RECEIVED AUG 21 2007 TOWN ADMINISTRATOR TOWN OF WAREHAM

## Background information on the Wareham Free Library trust funds and Foundation

### History

The Wareham Free Library Board of Trustees has been in charge of several gifts and bequests for over 100 years, long before the library building and employees came under the purview of the town. Initially, those funds fully operated the then-privately run library. In the second half of the twentieth century, the Town began to absorb library staffing expenses while the Trustees shared building maintenance expenses with the Town, funded repairs and improvements and purchased books and supplies. At that time, the Trustees no longer supported the library from investment principal or active fundraising, but instead began to draw on income derived from bequests to supplement Town funding for such things as equipment, occasional building repairs, furnishings, museum memberships, volunteer and employee recognition events and special programs beyond the scope of municipal library appropriations.

Throughout, the Wareham Free Library has remained a non-profit charitable corporation and complied with state and federal laws regulating charities. In the 1970s, when consideration was given to transition to a public library, the Board considered dissolving the non profit corporation and turning financial assets over to the Town. However, the Trustees ultimately decided against this course of action and the Wareham Free Library Corporation, as originally founded, still exists today.

### Library endowment

Because members of the Board focus on the community's needs related to delivering library service, Trustees are best suited to make decisions about the use of the library's trust funds according to the original intent for which they were given.

Our endowment has been maintained, invested and supervised by a bonded treasurer, as required by our bylaws. The position of a bonded treasurer has been a constant for the board. Our current treasurer is bonded.

Due in large part to prudent management, our endowment has grown to approximately $350,000. Access to the endowment, which is modest in comparison to many town libraries, has allowed the Trustees to contribute a half million dollars over the past decade to supplement the municipal library budget. This is at no cost to the taxpayers.

The board's finances are audited annually, and we also report regularly on endowment expenditures as part of the annual library report at Town meeting.

Examples of expenditures in recent years include computers and copy machines, underwriting literacy programs, *Reach Out and Read* and *Reading Partners*, installation of an irrigation system on library grounds, and the purchase of books, materials and supplies. The Board has also provided support to the Spinney Memorial Library building campaign in anticipation of that facility eventually becoming an Onset branch of the Wareham Free Library.

The Trustees purchased a new boiler for the library in 2006 which, under better fiscal circumstances, would have been the responsibility of the Town.

### The Library Foundation

Recently, as advocated by the Massachusetts Board of Library Commissioners, the Trustees established the Wareham Library Foundation. Many libraries across the Commonwealth have already established foundations because of the advantages they provide, the most important being to raise and manage major funds for the library. In fact, creation of a library foundation is considered a "best practice" by the Board of Library Commissioners.

According to the Massachusetts Public Library Trustees Handbook, "a Foundation can provide the library with an independent financial resource, one whose entire reason for being is to support the public library. No matter how generous a municipality might be with its appropriation to the library, such appropriation is almost never enough to fund more than basic services. Foundation monies can be used to fund enhancements to library services."

Foundations, during difficult fiscal times, can provide an important source of funds to help maintain library services to the town. This has occurred in Wareham with the purchase of the new boiler for the library and this year, with added book purchases so the library can maintain its state accreditation.

Foundations can apply for grants that are not available to municipalities.

The Library Trustees, in compliance with legal requirements, voted to transfer a large part of the library trust funds into the Foundation to assure both the best management and the best possible opportunity to add to these funds in the future. All our actions were recorded publicly, as required by the laws governing charities.

The Trustees are in complete agreement with the Massachusetts Board of Library Commissioners Policy Statement on Foundations:

> "The Massachusetts Board of Library Commissioners acknowledges that many Massachusetts public libraries hold and control trust funds donated to those libraries by grateful individuals and organizations. The Massachusetts Board of Library Commissioners recognizes the well-established principle that library trust funds must not be used to offset municipal budgetary shortfalls and that public libraries in Massachusetts must be supported by public funds allocated through local budgetary processes. Trust funds should be designated for the enhancement and enrichment of library services. These funds are not eligible when calculating compliance with the Municipal Appropriation Requirement under the State Aid program."

The Wareham Free Library Board of Trustees has a long history of sound financial practices and success with managing gifts and bequests to the Wareham Free Library. On behalf of citizens who need and use the library, Trustees have maximized every dollar in a responsible way with an eye toward maintaining the funds and balancing current and future needs.

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.
SUPERIOR COURT DEPARTMENT OF THE
TRIAL COURT OF THE COMMONWEALTH
CIVIL ACTION NO. PLCV2007-1065

WAREHAM FREE LIBRARY, et al, Plaintiff(s)

vs.

THE TOWN OF WAREHAM, et al, Defendant(s)

RECEIVED
SEP 4 2007
TOWN OF WAREHAM
TOWN CLERK

## SUMMONS

To the above-named defendant: Town Clerk, Town of Wareham, 54 Marion Road, Wareham, Ma 02571

You are hereby summoned and required to serve upon Philip N. Beauregard plaintiff attorney, whose address is 32 William St., New Bedford, MA, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Plymouth either before service upon plaintiff attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DELVECCHIO Esquire, at Plymouth the 31st day of August, in the year of our Lord Two thousand and four seven.

CLERK

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-Equitable Relief-Other.

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .............................., 2004, I served a copy of the within summons together with a copy with a copy of the complaint in this action, upon the within-named defendant, in the following manner(See Mass. R. Civ. P. 4(d)(1-5)):..............................

Dated: , 2004

N.B. TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

, 2004

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth.