UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.  07-CV-11807

_____
WAREHAM FREE LIBRARY, INC., and                    )
PRISCILLA PORTER, MARY NYMAN, HAZAL TABER,         )
MICHELLE BAUM, SANDRA WHEELER, JOHN LANCI,         )
MARTHA MAGUIRE, YELENA FARIOLI-BEAUPRE, and        )
DIANE LAZARUS, Individually and As Trustees of     )
Wareham Free Library, Inc.                          )
     Plaintiffs,                                )
                                                    )
v.                                                  )
                                                    )
THE TOWN OF WAREHAM, and BRENDA ECKSTROM,          )
BRUCE SAUVAGEAU, JOHN CRONAN, JAMES POTTER,        )
And M. JANE DONAHUE, Individually and As            )
Members of the Board of Selectmen of Wareham        )
     Defendants.                                )
_____            )

## ANSWER, COUNTER CLAIMS,
## AND JURY DEMAND

The Town of Wareham Defendants, Town of Wareham and the individual

Town of Wareham Defendants solely in their capacities as Members of the Board

of Selectmen, (hereinafter "The Town of Wareham Town of Wareham

Defendants"), Answer the Complaint on the behalf of the Town and the Board of

Selectmen paragraph by paragraph as follows:

## INTRODUCTION

The Town of Wareham Town of Wareham Defendants state this

paragraph is an introduction, which calls for conclusions of law and the mental

impressions of counsel and fails to comply with Mass.R.Civ.P. 10(b)("All

averments of claim or defense shall be made in numbered paragraphs).

Therefore, no response is required.  To the extent a response is required, the

Town of Wareham Defendants deny any allegations in this paragraph of the

Complaint.

1.      The Town of Wareham Defendants deny the allegations contained in this

paragraph.

2.      The Town of Wareham Defendants admit the allegations contained in this

paragraph.

3.      The Town of Wareham Defendants admit the allegations contained in this

paragraph.

4.      The Town of Wareham Defendants admit the allegations contained in this

paragraph.

5.      The Town of Wareham Defendants admit the allegations contained in this

paragraph.

6.      The Town of Wareham Defendants admit the allegations contained in this

paragraph.

7.      The Town of Wareham Defendants admit the allegations contained in this

paragraph.

8.      The Town of Wareham Defendants deny the allegations contained in this

paragraph.

9.      The Town of Wareham Defendants admit on information and belief that

the Wareham Free Library Incorporated was established as a private, non-profit

corporation in 1891.  The Town of Wareham Defendants deny the remaining allegations in this paragraph.

10.    Paragraph 10 of the Complaint fails to comply with Mass. R. Civ. P. 10(b) in that it is not "limited as far as practicable to statement of a single set of circumstances[.]"  The Town of Wareham Defendants are thus without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11.    Paragraph 11 of the Complaint fails to comply with Mass. R. Civ. P. 10(b) in that it is not "limited as far as practicable to statement of a single set of circumstances[.]"  The Town of Wareham Defendants are without knowledge or information sufficient to form a belief as to the truth of all of the varied allegations contained in this paragraph.

12.    The Town of Wareham Defendants deny that the "Library", as averred in Paragraph 12 ever became a legally viable hybrid public/private corporation in accordance with all applicable laws, including the Town of Wareham Charter. As the remaining allegations, the Town of Wareham Defendants are without knowledge or information sufficient to form a belief as to the truth of the those allegations contained in this paragraph.

13.    The Town of Wareham Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14.     The Town of Wareham Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15.     The Town of Wareham Defendants deny the allegations contained in this paragraph.

16.     Paragraph 11 of the Complaint fails to comply with Mass. R. Civ. P. 10(b) in that it is not "limited as far as practicable to statement of a single set of circumstances[.]"   The Town of Wareham Defendants specifically deny that they caused Ms. Pillsbury to resign her position or that they interfered in the performance of her duties.  The Town of Wareham Defendants are without knowledge or information sufficient to form a belief as to the reasons why Ms. Pillsbury chose to resign.  The defendants are without sufficient information to form a belief as to the remaining allegations, if any, contained in this paragraph.

17.     The Town of Wareham Defendants admit that in March of 2007 they appointed Mr. Foster, Town Treasurer, to serve as Acting Town Administrator. The Town of Wareham Defendants admit that on or about March 20, 2007, Mr. Foster submitted a budget to the Board of Selectmen and on or about March 21, 2007, Mr. Foster submitted that same budget to the Finance Committee.  The extent to which that budget was prepared by Mr. Foster's predecessor is neither admitted nor denied and these defendants call upon the plaintiff to prove the same.  The Town of Wareham Defendants admit the remaining allegations.

18.    The Town of Wareham Defendants admit that the budget for the library funding was the subject of public debate and that the amount of the library's funding in the ensuing proposed budget went up as averred.  Defendants deny the remaining allegations in this paragraph.

19.    The Town of Wareham Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20.    The Town of Wareham Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21.    The Town of Wareham Defendants deny the allegations contained in this paragraph.

22.    The Town of Wareham Defendants admit that on June 26, 2007, at a regular meeting of the Board of Selectmen, the Board raised for the first time the issue of the manner of appointment of the plaintiff's as purported Trustees.  The Town of Wareham Defendants deny the remaining allegations of this paragraph.

23.    The Town of Wareham Defendants admit the allegations contained in this paragraph.

24.    The Town of Wareham Defendants admit the allegations contained in this paragraph.

25.    The Town of Wareham Defendants admit that at the July 24, 2007 meeting of the Board of Selectmen, the Board reviewed a written opinion from Town

Counsel on the subject of the appointment of the Library Trustees. The Town of Wareham Defendants further admit that a motion was made and allowed to begin the process of selecting new Trustees. The Town of Wareham Defendants specifically deny that their decision was motivated by preconceptions or that motions were prepared before that meeting. Further, while the Town of Wareham Defendants admit that a vote was taken and all present in favor of the motion, Selectwoman Donohue was not present and took no action on that vote.

26.     The Town of Wareham Defendants admit that as of July 24, 2007, it is their position that plaintiffs are not legally appointed in any public capacity. The Town of Wareham Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

27.     The Town of Wareham Defendants admit that they have asked the plaintiffs to turn over to the Town Treasurer, but not to them, all monies that belong to the Wareham Public Library and that the plaintiff Trustees also provide a complete and transparent accounting of the Trust's historic assets, donations, expenditures, transfers and bequests, operating expenses, interest and all other pertinent finances.

28.     The Town of Wareham Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

29.     Because it is unclear which Board of Trustees the plaintiff is referring to in this paragraph, The Town of Wareham Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

30.     The Town of Wareham Defendants deny the allegations contained in this paragraph.

31.     The Town of Wareham Defendants deny the allegations contained in this paragraph.

32.     The Town of Wareham Defendants deny the allegations contained in this paragraph.

## COUNT I
## DECLARATORY JUDGMENT

33.     The Town of Wareham Defendants incorporate by reference their answers to paragraphs 1 through 32 of the Complaint.

34.     The Town of Wareham Defendants deny the allegations contained in this paragraph.

35.     The Town of Wareham Defendants deny the allegations contained in this paragraph.

36.     The Town of Wareham Defendants deny the allegations contained in this paragraph.

37.     The Town of Wareham Defendants deny the allegations contained in this paragraph.

## COUNT II
### INJUNCTIVE RELIEF

38.    The Town of Wareham Defendants incorporate by reference their answers to paragraphs 1 through 37 of the Complaint.

39.    The Town of Wareham Defendants deny the allegations contained in this paragraph.

## COUNT III
### 42 U.S.C. §1983 AND M.G.L. CH. 12 §§11H AND 11I
### DAMAGES AND ATTORNEYS' FEES

40.    The Town of Wareham Defendants incorporate by reference their answers to paragraphs 1 through 39 of the Complaint.

41.    The Town of Wareham Defendants deny the allegations contained in this paragraph.

## COUNT IV
### 42 U.S.C. §1983 AND M.G.L. 12 §§ 11H AND 11I
### INJUNCTIVE RELIEF

42.    The Town of Wareham Defendants incorporate by reference their answers to paragraphs 1 through 41 of the Complaint.

43.    The Town of Wareham Defendants deny the allegations contained in this paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the plaintiffs have failed to state a cause of action in their complaint for which relief can be granted. Massachusetts Rules of Civil Procedure 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the Town of Wareham Defendants state that their actions are immune from suit as they were discretionary functions.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have, by the plaintiffs' actions and/or conduct and actions and/or conduct of the plaintiffs' agents, waived any and all rights the plaintiffs may have had against the Town of Wareham Defendants and, therefore, plaintiff cannot recover in this action.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiffs, by their conduct and actions and/or the conduct and actions of their agents and servants, are estopped to recover any judgment against the Town of Wareham Defendants.

### FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Town of Wareham Defendants state that the plaintiffs have unclean hands and, therefore, are not entitled to equitable relief.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff cannot recover because of the provisions of M.G.L. c. 258.

## SEVENTH AFFIRMATIVE DEFENSE

The actions of the Town of Wareham Defendants, in their official

capacities, are entitled to qualified good faith immunity.

## EIGHTH AFFIRMATIVE DEFENSE

This action is barred for failure to exhaust administrative remedies.

## **JURY DEMAND**

**THE TOWN OF WAREHAM DEFENDANTS DEMAND A TRIAL BY**

**JURY ON ALL COUNTS AND ISSUES SO TRIABLE.**

Respectfully submitted,

The Town of Wareham Defendants,
By their attorneys,

/s/Leonard H. Kesten
Leonard H. Kesten, BBO#542042
Peter E. Montgomery, BBO#632698
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116

## COUNTERCLAIMS

### Parties

1.   The plaintiff in counterclaim is the Town of Wareham, Massachusetts and has a business address of 54 Marion Road, Wareham, Massachusetts.

2.   The defendants in counterclaim are the Trustees of the Wareham Free Library Incorporated, who are sued in their official and individual capacities; the Wareham Library Foundation and its officers, who are sued in their official and individual capacities; and the Wareham Friends of the Library, Incorporated.

3.   The corporate filings on record with the Secretary of the Commonwealth fail to specify a regular business address for the Wareham Free Library Incorporated (the "Corporation").

4.    Priscilla Porter has a residential address of 70 Longboat Road, West Wareham, MA 02576.  She is a Trustee of the Wareham Free Library Incorporated, a Director of the Wareham Library Foundation and Treasurer of the Friends of the Wareham Free Library Incorporated. She is sued in her official and individual capacities.

5.   Mary Nyman has a residential address of 79 Green Gate Lane, Wareham, MA 02571.  She is a Trustee of the Wareham Free Library Incorporated and a Director of the Wareham Library Foundation.  She is sued in her official and individual capacities.

6.      Hazel Taber has a residential address of 136 Marion Road, Wareham, MA 02571.  She is a Trustee of the Wareham Free Library Incorporated and a Director of the Wareham Library Foundation,  She is sued in her official and individual capacities.

7.      Michelle Baum has a residential address of 10 Peter Cooper Drive, Wareham, MA 02571.  She is a Trustee of the Wareham Free Library Incorporated and is the Clerk of the Wareham Library Foundation.  She is sued in her official and individual capacities.

8.      Sandra Wheeler has a residential address of 35 Long Beach Way, Wareham, MA 02571.  She is a Trustee of the Wareham Free Library Incorporated and a Director of the Wareham Library Foundation.  She is sued in her official and individual capacities.

9.      John Lanci has a residential address of 33 Raspberry Road, East Wareham, MA 02538.   He is a Trustee of the Wareham Free Library Incorporated and is President of the Wareham Library Foundation.  He is sued in his official and individual capacities.

10.     Martha Maguire has a residential address of 6 Prospect Avenue, Onset, MA 02558.  She is a Trustee of the Wareham Free Library Incorporated and a Director of the Wareham Library Foundation.  She is sued in her official and individual capacities.

11.     Yelena Farioli-Beaupre has a residential address of 10 Gibbs Avenue, Wareham, MA 02571.   She is a Trustee of the Wareham Free Library

Incorporated and a Director of both the Wareham Library Foundation and the Friends of the Wareham Free Library Incorporated. She is sued in her official and individual capacities.

12. Diane Lazarus has a residential address of 2 Mya's Court, Wareham, MA 02571. She is a Trustee of the Wareham Free Library Incorporated, the Treasurer of the Wareham Library Foundation, and a Director of the Friends of the Wareham Library Incorporated. She is sued in her official and individual capacities.

13. Ann Bower has a residential address of 31 Timber Lane, Marston Mills, MA 02648. She is a Director of the Wareham Library Foundation and until January 1, 2007 served as a Trustee for the Wareham Free Library Incorporated. She is sued in her official and individual capacity.

14. Marsha Markir has a residential address of 17 Acorn Avenue East, Onset MA 02558. She is a former Trustee for the Wareham Free Library Incorporated and is Director of the Wareham Library Foundation. She is sued in her official and individual capacity.

15. The Wareham Library Foundation is a private corporation with a normal business address of 59 Marion Road, Wareham, MA 02571.

16. The Friends of the Wareham Free Library, Inc. is a private corporation with a normal business address of 59 Marion Road, Wareham, MA 02571.

**General Allegations**

17. The Wareham Free Library Incorporated (the "Corporation") is a separate and distinct entity from the Wareham Free Library (the "Public Library").

18. The Corporation is not affiliated with the Public Library, which is a public entity.

19. In the past 40 years, the Corporation has not filed an annual report with the Secretary of the Commonwealth.

20. Pursuant to G.L. c. 180, §26A and 950 CMR §106.13, every non-profit corporation organized under the laws of the Commonwealth must file a non-profit annual report with the Corporations Division of the Secretary of the Commonwealth on or before November 1st of each year.

21. There are no documents, trust agreements, bequests or otherwise, which create a legal relationship between the Corporation and the Public Library.

22. There is no special legislation that creates a legal relationship between the Corporation and the Public Library.

23. There are no statutes that create a legal relationship between the Corporation and the Public Library.

24. There is no Town Meeting vote that creates a legal relationship between the Corporation and the Public Library.

25.   Prior to 1980, the library was privately owned.  After 1980, the library transitioned to a publicly owned and operated Public Library and has since remained a public entity.

26.   The Public Library employees are paid by the Town of Wareham and are recognized as a collective bargaining unit by the State Labor Relations Board.  The Public Library is funded by Town money appropriated for the Public Library and the Public Library resides in a building owned by the Town of Wareham.

### Appointment of Public Library Trustees

27.   In July 2007, it was discovered that Trustees of the Public Library had been appointed in a manner inconsistent with the procedure defined in the Town's Home Rule Charter.

28.   Until July 24, 2007, defendants John Lanci, Diane Lazarus, Michelle Baum, Yelena Farioli-Beaupre, Martha Maguire, Mary Nyman, Priscilla Porter, Hazel Taber and Sandra Wheeler (collectively referred to as the "De Facto Public Trustees") served as "de facto" trustees for the Public Library and were entrusted with the public responsibilities of such position.

29.   As provided in the Home Rule Charter, Article 3, §3-2(c), all members of multiple member bodies are to be appointed by the Town's Board of Selectmen.

30.    The Trustees for the Public Library is a multiple member body.

31.    The De Facto Public Trustees were not appointed by the Board of Selectmen, but rather were appointed by three-person committee derived from the 2005 Bylaws of the De Facto Public Trustees.

32.    The 2005 Bylaws of the De Facto Public Trustees state that "the Board will adhere to the Town Charter and Bylaws."

33.    The 2005 Bylaws of the De Facto Public Trustees further state the Trustees exist "by virtue of the provisions of Chapter 78, Sections 10-13, and 21 of the General Laws of Massachusetts, and exercising the powers and authority and assuming the responsibilities delegated to it under said Statute."

34.    At a meeting held on July 24, 2007, the De Facto Public Trustees were informed by the Board of Selectmen that the process for their appointment was invalid.

35.    At the July 24th meeting, the De Facto Public Trustees were informed by the Board of Selectmen that they were not legally appointed as Trustees for the Library and they would need to be reappointed following the correct procedure.

36.    At that same July 24th meeting, the Chairman of the Board of Selectmen invited all of the De Facto Public Trustees to fill out an application for the Trustee positions to qualify for reappointment.

37.    None of the De Facto Public Trustees completed such an application.

16

38.    At the same July 24th meeting, the De Facto Public Trustees were also
       informed that their appointment of a Library Treasurer was not
       accomplished pursuant to the requirements of G.L. c. 78, §10, as the
       Town Meeting had never voted to authorize the Library to maintain its
       Town Treasurer.

39.    Because a Treasurer had not been properly appointed pursuant to G.L.
       c. 78, §10, the Board of Selectmen informed the De Facto Public
       Trustees that any financial records and/or Library assets needed to be
       turned over to the Town Treasurer for holding until a proper vote to
       authorize a Library Treasurer was taken by Town Meeting.

       **Transfers of Donations and Bequests to the Public Library**

40.    During the July 24th meeting, the Town was informed by defendant
       John Lanci, that the individually named defendants acting as "Library
       Trustees" had formed a private, non-profit corporation entitled "The
       Wareham Library Foundation" and had transferred Library assets to
       this private Foundation.

41.    As provided in the Articles of Organization, all of the De Facto Public
       Trustees are also listed as Officers of the private Foundation.

42.    As evidenced by the meeting minutes of February 8, 2007, the De Facto
       Public Trustees agreed to have the then De Facto Public Trustees serve
       as the Board of the Foundation.

43.   The De Facto Public Trustees, acting under their apparent authority as Trustees of the Public Library, did in fact transfer monies, including donations and bequests made to the Public Library, to the private Foundation on which they serve as Officers or Directors.

44.   This transfer of money violated G.L. c. 44, §§ 53 and 53A.

45.   This transfer of monies is evidenced in the meeting minutes of April 11, 2007 of the De Facto Public Trustees.

46.   Upon information and belief, the De Facto Public Trustees also transferred gifts, donations and bequests for the Public Library into a fund held with Franklin Templeton Investments.

47.   This transfer of money violated G.L. c. 44, §§ 53 and 53A.

48.   The De Facto Public Trustees, acting under their apparent authority as Trustees of the Public Library, gave approximately $75,000, which included donations and bequests to the Public Library, to the "Spinney Memorial Library Building Committee."  The Spinney Memorial Library is intended to be built as a privately owned and operated Library.

49.   Upon information and belief, the donation made to the Spinney Memorial Library Building Committee" was received by Defendant Friends of the Wareham Free Library or a subcommittee thereof.

50.   The Spinney Library is not affiliated with the Public Library.

51.     This transfer of money violated G.L. c. 44, §§ 53 and 53A.

52.     As a result of the actions of the De Facto Public Trustees and

        Defendant Wareham Library Foundation, all donations and bequests

        made to the Public Library have been transferred to private

        corporations in violation of G.L. c. 44, §§53 and 53A.

53.     Because of the transfers of monies made by the De Facto Public

        Trustees, the Public Library currently has no monies in its possession

        that derive from bequests, donations or other gifts.

54.     Transfers of donations and bequests made to the Public Library were

        done without the benefit of a "grant agreement" in violation of G.L. c.

        44, §53A.

55.     The De Facto Public Trustees have not made any annual reports or

        accountings of bequests and gifts to the Town as required by G.L. c. 78,

        §12.

56.     When specifically requested to make such information available to the

        Town, the De Facto Public Trustees have refused.

### Requests for Records

57.     The Town of Wareham (the "Town") has made numerous requests to

        the De Facto Public Trustees and through their counsel to turn over

        any records regarding bequests, donations or other financial records

        relating to the Public Library.  No such documents have been

        provided.

58.     By letter dated August 2, 2007, the Town made a public records

request pursuant to G.L. c.66, §10 requesting:

- All financial records for the Wareham Free Public Library for
  fiscal years 2006, 2007 and 2008, including but not limited to
  copies of donations, trust or will documents received by the
  Library Trustees, bank statements and records of any other
  transfers of public monies;

- Any records or information, including but not limited to records
  of donations, trusts or will documents, that reference the
  appointment of Library Trustees;

- All records for the Wareham Free Public Library for the fiscal
  years 2006, 2007 and 2008, evidencing any financial investments;

- All minutes of any meetings of the Library Trustees, including
  both open and executive sessions, from January 2006 to the
  present;

- All financial records for the private, non-profit Wareham
  Library Foundation for fiscal years 2006, 2007 and 2008,
  including but not limited to copies of donations, trust or will
  documents received by the Directors, bank statements and
  records of any other transfers of public monies;

- All records for the Wareham Library Foundation for fiscal years
  2006, 2007 and 2008, evidencing any financial investments;

- Minutes of all meeting of the Wareham Library Foundation from the date of its first meeting to the present.

59. The only response received to the public records request was that the Public Library Director, Mary Jane Pillsbury, supplied the Town with minutes of meetings held by the De Facto Public Trustees while purporting to act as Trustees of the Public Library.

60. Despite numerous requests, the Town has not received any financial records evidencing any bequests or donations made to the Public Library.

61. Pursuant to G.L. c. 233, §8, the Board of Selectmen lawfully issued subpoenas to the De Facto Public Trustees as well as the Wareham Library Foundation.   None of the De Facto Public Trustees, nor the Foundation, complied with the subpoenas.

62. To date, with the exception of meeting minutes, none of the records requested by the Selectmen have been provided to the Town.

63. To date, none of the financial records requested, including records evidencing bequests and donations to the Public Library, have been provided to the Town.


## COUNT I – CONVERSION

64. Plaintiff in counterclaim repeats and incorporates by reference Paragraphs 1 – 63.

65.    Defendants Wareham Free Library, Incorporated, Wareham Library

Foundation, Priscilla Porter, Mary Nyman, Hazel Taber, Michelle

Baum, Sandra Wheeler, John Lanci, Martha Maguire, Yelena Farioli-

Beaupre, Diane Lazarus, Ann Bower, and Marsha Markir, in their

official and individual capacities wrongfully exercised dominion over

public funds belonging to the Town's Public Library by transferring

such funds to private entities.

66.    Such transfer of monies was not done pursuant to a valid grant

agreement.

67.    In so doing the above defendants engaged in the wrongful

conversation of public funds.

## COUNT II – VIOLATION OF THE PUBLIC RECORDS LAW

68.    Plaintiff in counterclaim repeats and incorporates by reference

Paragraphs 1 – 67.

69.    Defendants Priscilla Porter, Mary Nyman, Hazel Taber, Michelle

Baum, Sandra Wheeler, John Lanci, Martha Maguire, Marsha Markir,

Yelena Farioli-Beaupre, Diane Lazarus, and Ann Bower in their official

and individual capacities acted as De Facto Public Trustees to the

Public Library until July 24, 2007.

70.    The Public Library is a public entity subject to G.L. c. 4, §7 (26).

71.    In their capacity as De Facto Public Trustees, said defendants received and created documents subject to the Public Records Law.

72.    The defendants in their capacities as De Facto Public Trustees have not responded to numerous requests for these public records, including a specific request for public records made on August 2, 2007.

73.    By failing to produce public records in response to a lawful request, said defendants have violated the Public Records Law, G.L. c. 4, §7 (26).

## COUNT III – CIVIL CONSPIRACY

74.    Plaintiff in counterclaim repeats and incorporates by reference Paragraphs 1 – 73.

75.    Defendants Wareham Free Library, Incorporated, Wareham Library Foundation, Priscilla Porter, Mary Nyman, Hazel Taber, Michelle Baum, Sandra Wheeler, John Lanci, Martha Maguire, Yelena Farioli-Beaupre, Diane Lazarus, Ann Bower, and Marsha Markir, in their official and individual capacities worked in conjunction to establish a private corporation, the Wareham Library Foundation, and further worked in conjunction to illegally transfer public monies and funds to said private corporation.

76. In so doing, said defendants engaged in a civil conspiracy whose purpose and effect was to deprive the plaintiff in counterclaim with the benefit of the public funds rightfully due to it and its Public Library.

## COUNT IV - NEGLIGENCE

77. Plaintiff in counterclaim repeats and incorporates by reference Paragraphs 1 – 76.

78. Defendants Priscilla Porter, Mary Nyman, Hazel Taber, Michelle Baum, Sandra Wheeler, John Lanci, Martha Maguire, Yelena Farioli-Beaupre, Marsha Markir, Diane Lazarus, and Ann Bower, in their official and individual capacities served as De Facto Public Trustees until July 24, 2007.

79. As De Facto Public Trustees of the Town's Public Library, said defendants owed a duty of care to the plaintiff in counterclaim.

80. The actions of said defendants as described and detailed above, violate the duty of care owed to the plaintiff in counterclaim.

81. Because of the negligence of said defendants, the plaintiff in counterclaim is deprived of the use and benefit of public funds that rightfully belong to the plaintiff in counterclaim.

## COUNT V – VIOLATION OF THE CONFLICT OF INTEREST LAW

82. Plaintiff in counterclaim repeats and incorporates by reference Paragraphs 1 – 81.

83.    Defendants Priscilla Porter, Mary Nyman, Hazel Taber, Michelle Baum, Sandra Wheeler, John Lanci, Martha Maguire, Marsha Markir, Yelena Farioli-Beaupre, Diane Lazarus and Ann Bower served as De Facto Public Trustees of the Public Library, Trustees of the Wareham Free Library Incorporated, and as Directors of the Wareham Library Foundation simultaneously without any disclosure to the plaintiff Town.

84.    Said defendants used their positions in such capacities to wrongfully transfer public funds, including donations and bequests made to the Public Library, to a private corporation, the Wareham Library Foundation, on which Board said defendants were also members.

85.    Defendants Priscilla Porter, Yelena Farioli-Beaupre and Diane Lazarus served as De Facto Public Trustees of the Public Library, Trustees of the Wareham Free Library Incorporated, Directors of the Wareham Library Foundation and Directors of the Friends of the Wareham Library Foundation simultaneously without any disclosure to the plaintiff Town.

86.    Said defendants used their positions in such capacities to wrongfully transfer public funds, including donations and bequests made to the Public Library, to a private corporation, the Friends of the Wareham Library Foundation or a subcommittee thereof, on which Board said defendants were members.

87.     Such conduct deprived plaintiff in counterclaim with the use and benefit of public monies, including donations, gifts and bequests for the benefit of the Public Library.

88.     Such conduct is in violation of G.L. c. 268A, including but not limited to sections 20 and 23.

**COUNT VI – DECLARATORY JUDGMENT**
**VIOLATION OF THE ANTI-AID AMENDMENT**
**(Article 46, §2 as amended by art. 103 of the Amendments to the Massachusetts Constitution)**

89.     Plaintiff in counterclaim repeats and incorporates by reference Paragraphs 1 – 88.

90.     Defendants Priscilla Porter, Mary Nyman, Hazel Taber, Michelle Baum, Sandra Wheeler, John Lanci, Martha Maguire, Marsha Markir, Yelena Farioli-Beaupre, Diane Lazarus and Ann Bower as acting as De Facto Public Trustees of the Public Library transferred public funds to private organizations without a grant agreement and in violation of the Anti-Aid Amendment to the Massachusetts Constitution.

91.     As a result of said defendants' actions, public monies, including gifts, bequests and donations for the benefit of the plaintiff in counterclaim's Public Library, have been transferred to private organizations and are no longer available to the public.

92.  There is an actual and justicable controversy between the parties as to whether the above defendants have transferred public funds in violation of the Anti-Aid Amendment.

93.  A declaration by the Court is necessary to resolve this controversy.

## COUNT VII – DECALARATORY JUDGMENT
## VIOLATION OF G.L. c. 44, §53A

94.  Plaintiff in counterclaim repeats and incorporates by reference Paragraphs 1 – 93.

95.  Defendants Priscilla Porter, Mary Nyman, Hazel Taber, Michelle Baum, Sandra Wheeler, John Lanci, Martha Maguire, Marsha Markir, Yelena Farioli-Beaupre, Diane Lazarus and Ann Bower as acting as De Facto Public Trustees of the Public Library accepted gifts, bequests and donations to the Public Library without proper notice and acceptance by the Town.

96.  Said defendants further failed to abide by the terms and limitations of such donations, bequests, and gifts by illegally transferring such funds to private corporations.

97.  Such conduct constitutes a violation of G.L. c. 44, §53A.

98.  There is an actual and justiciable controversy between the parties as to whether the above named defendants have illegally, in violation of G.L. c. 44, §53A, transferred public monies to private corporations.

99.    A declaration by the Court is necessary to resolve this controversy.

## COUNT VIII – VIOLATION OF G. L. c. 44, §53

100.    Plaintiff in counterclaim repeats and incorporates by reference Paragraphs 1 – 99.

101.    Defendants Priscilla Porter, Mary Nyman, Hazel Taber, Michelle Baum, Sandra Wheeler, John Lanci, Martha Maguire, Marsha Markir, Yelena Farioli-Beaupre, Diane Lazarus and Ann Bower as acting as De Facto Public Trustees of the Public Library accepted gifts, bequests and donations to the Public Library without proper notice and acceptance by the Town.

102.    Said defendants did not deposit said monies with the Town Treasurer as required by law.

103.    Said defendants maintained such pubic funds in separate and distinct accounts outside the purview of the Town.

104.    Said conduct constitutes a violation of G.L. c. 44, §53.

105.    There is an actual and justiciable controversy between the parties as to whether the above named defendants maintained public funds in private accounts and accepted public monies without notice to the Town in violation of G.L. c. 44, §53A.

## COUNT IX – DECLARATORY JUDGMENT
## (The Wareham Free Library is a Department of the Town of Wareham)

106.    Plaintiff in counterclaim repeats and incorporates by reference

Paragraphs 1 – 106.

107.    There is an actual and justiciable controversy between the parties

regarding the status of the Wareham Free Library as a Town

Department.  Specifically, the Town asserts that the Public Library is a

Town Department and a public entity.   The defendants in

counterclaim contend that the Public Library is a private organization.

108.    The employees of the Public Library are paid by the Town.

109.    The Town appropriates funds for the care and maintenance of the

Public Library.

110.    The employees of the Public Library are recognized by the Labor

Relations Board as a collective bargaining unit of Town employees.

111.    The Public Library is housed in a publicly owned and operated

building, constructed with Town funds and State grants.

112.    There are no statutes, special legislation or other documents or

provisions that alter the public status of the Public Library.

113.    As such, the Trustees of the Public Library are required to comply with

all state laws applicable to municipal governance and finance.

114.    The plaintiff in counterclaim requests that this Court declare that the Wareham Free Library is a department of the Town of Wareham, not an independent entity or authority.

115.    The plaintiff in counterclaim further requests that the Court order the De Facto Public Trustees to: 1) promptly comply with all applicable provisions of the municipal finance laws and the public records law and 2) transfer into the Town's accounts any funds currently under the De Facto Public Trustees that are properly Town funds.

116.    The plaintiff in counterclaim further requests that the Court order the Wareham Free Library Incorporated to submit to an audit of all funds received by it since 1980 and to return any funds to the Town that are properly determined to be public funds for the benefit of the Public Library.


## PRAYERS FOR RELIEF

WHEREFORE , the plaintiff in counterclaim, Town of Wareham, requests that the Court grant the following relief:

(A)    Enter Judgment for the Town on all counts;

(B)    The Town respectfully requests that the Court specifically determine and declare that:

    1)    the Wareham Free Library is a Public Library and department of the Town of Wareham, and is not a separate private entity;

2)      the Wareham Free Library is a public entity subject to municipal finance

laws and the public records law;

3)      the Trustees of the Wareham Free Library are appointed by the Board of

Selectmen pursuant to the Town's Home Rule Charter;

4)      donations, gifts and bequests made for the benefit of the Public Library are

subject to the provisions of G.L. c. 78, §§10, 12;

5)      the De Facto Public Trustees have violated the conflict of interest law;

6)      the De Facto Public Trustees have violated municipal finance laws,

including G.L. c. 44, §§ 53 and 53A;

7)      the De Facto Public Trustees have violated G.L. c. 78, §§ 10 and 12;

8)      the De Facto Public Trustees have violated the public records law;

9)      the De Facto Public Trustees have violated the Anti-Aid Amendment to

the Massachusetts Constitution;

10)     the De Facto Public Trustees have violated the State Ethics Law.

(C)     Further, the Town requests that the Court order that:

1)      the De Facto Public Trustees provide copies of documents evidencing

donations, bequests and gifts to the Public Library since 1980;

2)      the De Facto Public Trustees provide copies of all records requested by the

Town's August 2, 2007 correspondence;

3)      the De Facto Public Trustees, the Wareham Library Foundation and the

Wareham Free Library Incorporated undergo audits to determine what

funds properly belong to the Town's Public Library;

4)    any funds determined to be property of the Public Library be transferred to the Town Treasurer pursuant to G.L. c. 78, §10;

5)    any funds improperly received by the Friends of the Wareham Library or its Subcommittee, that we intended for the use or benefit of the Public Library, be returned to the Town Treasurer pursuant to G.L. c. 78, §10;

6)    any and all defendants cease and desist from transferring public funds belonging to the Town's Public Library and immediately return such funds to the Town Treasurer pursuant to G.L. c. 78, §10.

(D)    Award the Town its costs and attorneys' fees in bringing this action to enforce the public's rights;

(E)    Order such other further relief as the Court deems just and equitable.

## JURY DEMAND

**THE TOWN OF WAREHAM DEFENDANTS DEMAND A TRIAL BY JURY ON ALL COUNTS AND ISSUES SO TRIABLE.**

PLAINTIFF IN
COUNTERCLAIM,
TOWN OF WAREHAM,

By its attorneys,

/s/Elizabeth R. Corbo
Richard Bowen (BBO# 552814)
Elizabeth R. Corbo (BBO# 640131)
Kopelman and Paige, P.C.
 Town Counsel
101 Arch Street
Boston, MA 02110
(617) 556-0007

Date: September  27, 2007

32

326750/ware/0261

CERTIFICATE OF SERVICE

I, Elizabeth R. Corbo, certify that the above document will be served upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically.  /s/Elizabeth R. Corbo