UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 07-CV-11807 RGS

WAREHAM FREE LIBRARY, INC., and
PRISCILLA PORTER, MARY NYMAN, HAZEL TABER,
MICHELLE BAUM, SANDRA WHEELER, JOHN LANCI,
MARTHA MAGUIRE, YELENA FARIOLI-BEAUPRE, and
DIANE LAZARUS, Individually and As Trustees of Wareham
Free Library, Inc.

       Plaintiffs / Defendants in Counterclaim

v.

THE TOWN OF WAREHAM, and BRENDA ECKSTROM,
BRUCE SAUVAGEAU, JOHN CRONAN, JAMES POTTER,
and M. JANE DONAHUE, Individually and As Members of
The Board of Selectmen of Wareham

       Defendants / Plaintiffs in Counterclaim

## **ANSWER TO COUNTERCLAIM**

1.     Admitted, but denied that the Defendant Selectmen (officially) have the right or authority to assert the subject Counterclaim.

2.     Admitted that current Trustees of Wareham Free Library, Inc. are Defendants in Counterclaim. Otherwise, denied.

3.     Defendants in Counterclaim are without sufficient knowledge to admit or deny.

4.     Admitted as to status as Trustee of Wareham Free Library, Inc.

5.     Admitted as to status as Trustee of Wareham Free Library, Inc.

6.     Admitted as to status as Trustee of Wareham Free Library, Inc.

1

7. Admitted as to status as Trustee of Wareham Free Library, Inc.

8. Admitted as to status as Trustee of Wareham Free Library, Inc.

9. Admitted as to status as Trustee of Wareham Free Library, Inc.

10. Admitted as to status as Trustee of Wareham Free Library, Inc.

11. Admitted as to status as Trustee of Wareham Free Library, Inc.

12. Admitted as to status as Trustee of Wareham Free Library, Inc.

13. No response is required because allegations in this paragraph are not directed at Defendants in Counterclaim.

14. No response is required because allegations in this paragraph are not directed at Defendants in Counterclaim.

15. Admitted.

16. Admitted.

17. Denied.

18. Denied.

19. Denied.

20. This paragraph states a legal conclusion to which no response is required.

21. Denied.

22. Admitted.

23. This paragraph states a legal conclusion to which no response is required.

24. Defendants in Counterclaim are without sufficient knowledge to admit or deny.

25. Denied.

26. Admitted, except to the extent that allegations in this paragraph suggest that the Library is funded solely by Town money.

27. Denied.

28. Admitted that Defendants in Counterclaim were the legally appointed Trustees of Wareham Free Library, Inc. Otherwise, denied.

29. The document speaks for itself.

30. Denied.

31. Admitted, except for characterization of Defendants in Counterclaim as "De Facto Public Trustees" and allegation that their method of appointment is derived from the 2005 Bylaws.

32. The document speaks for itself.

33. The document speaks for itself.

34. Admitted that the Board of Selectmen made the alleged statements. Otherwise, denied.

35. Admitted that the Board of Selectmen made the alleged statements. Otherwise, denied.

36. Admitted that the Board of Selectmen made the alleged statements. Otherwise, denied.

37. Admitted, except for characterization of Defendants in Counterclaim as "De Facto Public Trustees."

38. Denied.

39. Denied.

40. Denied.

41. The document speaks for itself.

42. The document speaks for itself.

43. Admitted that Defendants in Counterclaim transferred privately donated funds to The Wareham Library Foundation, Inc. Otherwise, denied.

44. Denied.

45. The document speaks for itself.

46. Admitted, except for characterization of Defendants in Counterclaim as "De Facto Public Trustees."

47. Denied.

48. Denied.

49. Admitted that Defendants in Counterclaim gave funds to Friends of the Wareham Free Library, Inc. to purchase equipment for the Spinney Memorial Branch Library, intended as a branch of Wareham Free Library. Otherwise, denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. The document speaks for itself.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## COUNT I – CONVERSION

64. Defendants in Counterclaim repeat their responses to paragraphs 1 through 63.

65. Denied.

66. Denied.

67. Denied.

## COUNT II – VIOLATION OF THE PUBLIC RECORDS LAW

68. Defendants in Counterclaim repeat their responses to paragraphs 1 through 67.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

## COUNT III – CIVIL CONSPIRACY

74. Defendants in Counterclaim repeat their responses to paragraphs 1 through 73.

75. Denied.

76. Denied.

## **COUNT IV – NEGLIGENCE**

77. Defendants in Counterclaim repeat their responses to paragraphs 1 through 76.

78. Denied.

79. This paragraph states a legal conclusion to which no response is required.

80. Denied.

81. Denied.

## **COUNT V – VIOLATION OF THE CONFLICT OF INTEREST LAW**

82. Defendants in Counterclaim repeat their responses to paragraphs 1 through 81.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

## **COUNT VI – DECLARATORY JUDGMENT VIOLATION OF THE ANTI-AID AMENDMENT**

89. Defendants in Counterclaim repeat their responses to paragraphs 1 through 88.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

## COUNT VII – DECLARATORY JUDGMENT
## VIOLATION OF G.L. c. 44, § 53A

94. Defendants in Counterclaim repeat their responses to paragraphs 1 through 93.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

## COUNT VIII – VIOLATION OF G.L. c. 44, § 53

100. Defendants in Counterclaim repeat their responses to paragraphs 1 through 99.

101. Denied.

102. Admitted that Defendants in Counterclaim did not deposit privately donated funds with the Town Treasurer. Otherwise, denied.

103. Admitted that Defendants in Counterclaim maintained privately donated funds in separate accounts. Otherwise, denied.

104. Denied.

105. Denied.

## COUNT IX – DECLARATORY JUDGMENT

**(The Wareham Free Library is a Department of the Town of Wareham)**

106. Defendants in Counterclaim repeat their responses to paragraphs 1 through 105.

107. Admitted, except that Defendants in Counterclaim contend that the Library is a hybrid public / private entity.

108. Admitted.

109. Admitted.

110. Admitted.

111. Admitted.

112. Denied.

113. This paragraph states a legal conclusion to which no response is required.

114. Denied.

115. Denied.

116. Denied.

**AFFIRMATIVE DEFENSES**

1. Plaintiff in Counterclaim fails to state claims upon which relief can be granted, Fed.R.Civ.P. 12(b)(6).

2. Plaintiff in Counterclaim has not complied with G.L. c. 258 and other applicable statutory requirements.

3. Plaintiff in Counterclaim lacks standing to assert all claims.

4. Defendants in Counterclaim are immune.

4. Plaintiff in Counterclaim's claims are barred by applicable statutes of limitations.

    5.    Plaintiff in Counterclaim's claims are barred by laches.

    6.    Plaintiff in Counterclaim's claims are barred by waiver.

    7.    Plaintiff in Counterclaim's claims are barred by estoppel.

    8.    Plaintiff in Counterclaim is contributory negligent.

    9.    Plaintiff in Counterclaim has not sustained any damages.

    10.    Plaintiff in Counterclaim's damages, if any, were not caused by Defendants in Counterclaim.

**WHEREFORE**, Defendants in Counterclaim respectfully request the following relief:

    1.    Judgment for Defendants in Counterclaim on all counts of the Counterclaim;

    2.    Dismissal of the Counterclaim, with prejudice;

    3.    Indemnification for any personal financial loss and expense, including legal costs and fees, sustained by Defendants in Counterclaim as a result of claims asserted by Plaintiff in Counterclaim, pursuant to M.G.L. c. 258, § 13;

    4.    Award of legal costs and fees for the defense of the Counterclaim, including attorney's fees pursuant to M.G.L. c. 231, § 6F;

    5.    Such other relief as the Court may deem just and proper.

## COUNTERCLAIM FOR INDEMNIFICATION

    1.    Plaintiffs in Counterclaim for Indemnification are the Trustees of Wareham Free Library, Inc., officially and individually.

    2.    Defendant in Counterclaim for Indemnification is the Town of Wareham.

3.      Defendant in Counterclaim for Indemnification has asserted claims in this action against Plaintiffs in Counterclaim for Indemnification.

4.      Plaintiffs in Counterclaim for Indemnification have sustained and continue to sustain personal financial loss and expense, including legal costs and fees, as a result of claims asserted against them by Defendant in Counterclaim for Indemnification.

5.      On information and belief, Defendant in Counterclaim for Indemnification has adopted M.G.L. c. 258, § 13, which provides for indemnity of municipal officials.

## COUNT I – INDEMNIFICATION

6.      Plaintiffs in Counterclaim for Indemnification repeat all allegations stated in paragraphs 1 through 5.

7.      M.G.L. c. 258, § 13 requires Defendant in Counterclaim for Indemnification to indemnify municipal officials for any personal financial loss and expense, including legal costs and fees, arising out of any claim, suit, or judgment by reason of their official actions.

8.      Pursuant to M.G.L. c. 258, § 13, Plaintiffs in Counterclaim for Indemnification are entitled to indemnification by Defendant in Counterclaim for Indemnification for any personal financial loss and expense, including legal costs and fees, sustained by them as a result of claims asserted against them in this action.

**WHEREFORE**, Plaintiffs in Counterclaim for Indemnification request the following relief:

1.      Judgment for Plaintiffs in Counterclaim for Indemnification;

    2.    Indemnification of Plaintiffs in Counterclaim for Indemnification for any personal financial loss and expense, including legal costs and fees, sustained as a result of claims asserted against them in this action, pursuant to M.G.L. c. 258, § 13;

    3.    Award of legal costs and fees;

    4.    Interest;

    5.    Such other relief as the Court may deem just and proper.

Respectfully submitted by

PLAINTIFFS /
DEFENDANTS IN COUNTERCLAIM

By their Attorneys,
BEAUREGARD, BURKE & FRANCO

/ S / Timour Zoubaidoulline
_____
PHILIP N. BEAUREGARD, BBO # 034870
TIMOUR ZOUBAIDOULLINE, BBO # 656212
32 William Street, New Bedford, MA 02740
Tel. No.: 508-993-0333

Dated: October 17, 2007