UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.  07-CV-11807

_____
WAREHAM FREE LIBRARY, INC., and                    )
PRISCILLA PORTER, MARY NYMAN, HAZAL TABER,         )
MICHELLE BAUM, SANDRA WHEELER, JOHN LANCI,         )
MARTHA MAGUIRE, YELENA FARIOLI-BEAUPRE, and        )
DIANE LAZARUS, Individually and As Trustees of     )
Wareham Free Library, Inc.                         )
      Plaintiffs,                                )
                                                   )
v.                                                 )
                                                   )
THE TOWN OF WAREHAM, and BRENDA ECKSTROM,          )
BRUCE SAUVAGEAU, JOHN CRONAN, JAMES POTTER,        )
And M. JANE DONAHUE, Individually and As           )
Members of the Board of Selectmen of Wareham       )
      Defendants.                                )
_____)

**ANSWER OF DEFENDANT TOWN OF WAREHAM TO PLAINTIFFS'
COUNTERCLAIM FOR INDEMNIFICATION**

     The Defendant Town of Wareham, answers the Counterclaim for

Indemnification asserted by the Plaintiffs on counterclaim paragraph by

paragraph as follows:

    1.    Defendant Town of Wareham is without sufficient knowledge to either

admit or deny the Plaintiffs' status as Trustees of a private corporation

known as the Wareham Free Library, Inc..

    2.    Defendant Town of Wareham admits that the Complaint names it as

the sole defendant in Plaintiff's Counterclaim for Indemnification.

3.      Defendant Town of Wareham admits that it has asserted counterclaims against the Plaintiff's relative to Docket C.A. NO. 07-CV-11807. The remainder of the allegations in Paragraph 3 are unclear. To the extent that a response is required, the remainder of the allegations are denied.

4.      Defendant Town of Wareham is without sufficient knowledge to either admit or deny the allegations in Paragraph 4.

5.      After a diligent search, Defendant Town of Wareham has been unable to locate any record that M.G.L. 258, §13 was adopted by the Town. As such, the allegations are denied.

## COUNT I - INDEMNIFICATION

6.      The Defendant, Town of Wareham incorporates by reference its Answers to Paragraphs 1-5 of the Counterclaim for Indemnification.

7.      This paragraph calls for a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

8.      Denied.

Defendant Town of Wareham further denies that the Plaintiffs are entitled to the relief they have requested in the Counterclaim.

## DEFENSES

### First Defense

The Counterclaim fails to state a claim upon which relief may be granted as against the Defendant Town of Wareham.

## Second Defense

The Complaint's allegations are barred in whole or in part by the statute of limitations.

## Third Defense

The Complaint's allegations are barred in whole or in part by the Massachusetts Tort Claims Act, G.L. c. 258.

## Fourth Defense

At the time alleged in the complaint, the defendant Town of Wareham was engaged as a public instrumentality and therefore the plaintiff's recovery is barred or limited in accordance with G.L. c.258 and/or the doctrine of sovereign immunity.

## Fifth Defense

The defendant in counterclaim Town of Wareham says that all or substantially all of the claims made by the plaintiff against said defendant are wholly insubstantial, frivolous and not advanced in good faith and, as a result, the defendant is entitled to reasonable counsel fees as well as other costs and expenses incurred in defending against such claims pursuant to Mass. G.L. c.231, §6F.

## Sixth Defense

Plaintiffs have, by the plaintiffs' actions and/or conduct and actions and/or conduct of the plaintiffs' agents, waived any and all rights the plaintiffs may have had against the Town of Wareham and, therefore, plaintiff cannot recover in this action.

## Seventh Defense

The plaintiffs, by their conduct and actions and/or the conduct and actions of their agents and servants, are estopped to recover any judgment against the Town of Wareham.

<u>Eighth Defense</u>

The plaintiffs, by their own conduct, including but not limited to criminal and intentional statutory violations, have engaged in actions outside the scope of indemnifiable conduct pursuant to G.L. c. 258, §13.

WHEREFORE, the defendant Town of Wareham demands that the plaintiffs' complaint be dismissed, that judgment be entered in favor of said defendant, and that said defendant be awarded its costs and reasonable attorneys' fees.

<u>DEMAND FOR JURY TRIAL</u>

The defendant Town of Wareham requests a trial by jury on all issues so triable.

Respectfully submitted,

DEFENDANT IN COUNTERCLAIM
FOR INDEMNIFICATION
TOWN OF WAREHAM,

By its attorneys,

/s/ Elizabeth R. Corbo
Richard Bowen (BBO# 552814)
Elizabeth R. Corbo (BBO# 640131)
Kopelman and Paige, P.C.
  Town Counsel
101 Arch Street
Boston, MA 02110
(617) 556-0007

Date:  October 26, 2007
329232/ware/0261

4

<u>CERTIFICATE OF SERVICE</u>

       I, Elizabeth R. Corbo, certify that the above document will be served upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically.  <u>/s/Elizabeth R. Corbo</u>

5