UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-11807 RGS

| | |
|---|---|
| WAREHAM FREE LIBRARY, INC., and <br> PRISCILLA PORTER, MARY NYMAN, HAZAL TABER, <br> MICHELLE BAUM, SANDRA WHEELER, JOHN LANCI, <br> MARTHA MAGUIRE, YELENA FARIOLI-BEAUPRE, and <br> DIANE LAZARUS, Individually and As Trustees of <br> Wareham Free Library, Inc. <br>     Plaintiffs, <br><br> v. <br><br> THE TOWN OF WAREHAM, and BRENDA ECKSTROM, <br> BRUCE SAUVAGEAU, JOHN CRONAN, JAMES POTTER, <br> And M. JANE DONAHUE, Individually and As <br> members of the Board of Selectmen of Wareham <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ANSWER AND JURY DEMAND

Defendants, Brenda Eckstrom, Bruce Sauvageau, John Cronan, James Potter and M. Jane Donahue, solely in their individual capacities, (hereinafter "Defendants"), answer the Complaint in their individual capacities paragraph by paragraph as follows:

### INTRODUCTION

The Defendants state this paragraph is an introduction, which calls for conclusions of law and the mental impressions of counsel and fails to comply with Fed.R.Civ.P. 10(b)("All averments of claim or defense shall be made in numbered paragraphs). Therefore, no response is required. To the extent a response is required, the Defendants deny any allegations in this paragraph of the Complaint.

1.      The Defendants deny the allegations contained in this paragraph.

2. The Defendants admit the allegations contained in this paragraph.

3. The Defendants admit the allegations contained in this paragraph.

4. The Defendants admit the allegations contained in this paragraph.

5. The Defendants admit the allegations contained in this paragraph.

6. The Defendants admit the allegations contained in this paragraph.

7. The Defendants admit the allegations contained in this paragraph.

8. The Defendants deny the allegations contained in this paragraph.

9. The Defendants admit on information and belief that the Wareham Free Library Incorporated was established as a private, non-profit corporation in 1891. The Defendants deny the remaining allegations in this paragraph.

10. Paragraph 10 of the Complaint fails to comply with Fed. R. Civ. P. 10(b) in that it is not "limited as far as practicable to statement of a single set of circumstances[.]" The Defendants are thus without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11. Paragraph 11 of the Complaint fails to comply with Fed. R. Civ. P. 10(b) in that it is not "limited as far as practicable to statement of a single set of circumstances[.]" The Defendants are without knowledge or information sufficient to form a belief as to the truth of all of the varied allegations contained in this paragraph.

12. The Defendants deny that the "Library", as averred in Paragraph 12 ever became a legally viable hybrid public/private corporation in accordance with all applicable laws, including the Town of Wareham Charter. As to the remaining allegations, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the those allegations contained in this paragraph.

13. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15. The Defendants deny the allegations contained in this paragraph.

16. Paragraph 11 of the Complaint fails to comply with Fed. R. Civ. P. 10(b) in that it is not "limited as far as practicable to statement of a single set of circumstances[.]" The Defendants specifically deny that they caused Ms. Pillsbury to resign her position or that they interfered in the performance of her duties. The Defendants are without knowledge or information sufficient to form a belief as to the reasons why Ms. Pillsbury chose to resign. The defendants are without sufficient information to form a belief as to the remaining allegations, if any, contained in this paragraph.

17. The Defendants admit that in March of 2007 they appointed Mr. Foster, Town Treasurer, to serve as Acting Town Administrator. The Town of Wareham Defendants admit that on or about March 20, 2007, Mr. Foster submitted a budget to the Board of Selectmen and on or about March 21, 2007, Mr. Foster submitted that same budget to the Finance Committee. The extent to which that budget was prepared by Mr. Foster's predecessor is neither admitted nor denied and these defendants call upon the plaintiff to prove the same. The Defendants admit the remaining allegations.

18. The Defendants admit that the budget for the library funding was the subject of public debate and that the amount of the library's funding in the ensuing proposed budget went up as averred. Defendants deny the remaining allegations in this paragraph.

19. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21. The Defendants deny the allegations contained in this paragraph.

22. The Defendants admit that on June 26, 2007, at a regular meeting of the Board of Selectmen, the Board raised for the first time the issue of the manner of appointment of the plaintiff's as purported Trustees. The defendants deny the remaining allegations of this paragraph.

23. The Defendants admit the allegations contained in this paragraph.

24. The Defendants admit the allegations contained in this paragraph.

25. The Defendants admit that at the July 24, 2007 meeting of the Board of Selectmen, the Board reviewed a written opinion from Town Counsel on the subject of the appointment of the Library Trustees. The Town of Wareham Defendants further admit that a motion was made and allowed to begin the process of selecting new Trustees. The Defendants specifically deny that their decision was motivated by preconceptions or that motions were prepared before that meeting. Further, while the Defendants admit that a vote was taken and that all present voted in favor of the motion, Selectwoman Donohue was not present and took no action on that vote.

26. The Defendants admit that as of July 24, 2007, it is their position that plaintiffs are not legally appointed in any public capacity. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

4

27. The Defendants admit that they have asked the plaintiffs to turn over to the Town Treasurer, but not to them, all monies that belong to the Wareham Public Library and that the plaintiff Trustees also provide a complete and transparent accounting of the Trust's historic assets, donations, expenditures, transfers and bequests, operating expenses, interest and all other pertinent finances.

28. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

29. Because it is unclear which Board of Trustees the plaintiff is referring to in this paragraph, The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

30. The Defendants deny the allegations contained in this paragraph.

31. The Defendants deny the allegations contained in this paragraph.

32. The Defendants deny the allegations contained in this paragraph.

## COUNT I
## DECLARATORY JUDGMENT

33. The Defendants incorporate by reference their answers to paragraphs 1 through 32 of the Complaint.

34. The Defendants deny the allegations contained in this paragraph.

35. The Defendants deny the allegations contained in this paragraph.

36. The Defendants deny the allegations contained in this paragraph.

37. The Defendants deny the allegations contained in this paragraph.

## COUNT II
## INJUNCTIVE RELIEF

38. The Defendants incorporate by reference their answers to paragraphs 1 through 37 of the Complaint.

39. The Defendants deny the allegations contained in this paragraph.

## COUNT III
### 42 U.S.C. §1983 AND M.G.L. CH. 12 §§11H AND 11I
### DAMAGES AND ATTORNEYS' FEES

40. The Defendants incorporate by reference their answers to paragraphs 1 through 39 of the Complaint.

41. The Defendants deny the allegations contained in this paragraph.

## COUNT IV
### 42 U.S.C. §1983 AND M.G.L. 12 §§ 11H AND 11I
### INJUNCTIVE RELIEF

42. The Defendants incorporate by reference their answers to paragraphs 1 through 41 of the Complaint.

43. The Defendants deny the allegations contained in this paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the plaintiffs have failed to state a cause of action in their complaint for which relief can be granted. Federal Rules of Civil Procedure 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendants state that their actions are immune from suit as they were discretionary functions.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have, by the plaintiffs' actions and/or conduct and actions and/or conduct of the plaintiffs' agents, waived any and all rights the plaintiffs may have had against the Defendants and, therefore, plaintiff cannot recover in this action.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiffs, by their conduct and actions and/or the conduct and actions of their agents and servants, are estopped to recover any judgment against the Defendants.

### FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendants state that the plaintiffs have unclean hands and, therefore, are not entitled to equitable relief.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff cannot recover because of the provisions of M.G.L. c. 258.

### SEVENTH AFFIRMATIVE DEFENSE

The actions of the Defendants, in their official capacities, are entitled to qualified good faith immunity.

### EIGHTH AFFIRMATIVE DEFENSE

This action is barred for failure to exhaust administrative remedies.

JURY DEMAND

THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL COUNTS AND ISSUES SO TRIABLE.

    Respectfully submitted,

    BRENDA ECKSTROM, BRUCE SAUVAGEAU, JOHN CRONAN, JAMES POTTER, and M. JANE DONAHUE, Individually,
    By their attorneys,

    Leonard H. Kesten, BBO#542042
    Peter E. Montgomery, BBO#632698
    Brody, Hardoon, Perkins & Kesten, LLP
    One Exeter Plaza
    Boston, MA 02116

Dated: December 26, 2007

CERTIFICATE OF SERVICE

I, Peter E. Montgomery, of the law firm of Brody, Hardoon, Perkins & Kesten, LLP, do hereby certify that on December 26, 2007, I electronically filed the foregoing document with the Clerk of the District Court using the CM/ECF system which would then notify the following CM/ECF participants in this case:

Philip N. Beauregard, Esq.
Timour Zoubaidoulline, Esq.
Beauregard, Burke & Franco
The Andrew Robeson House
P.O. Box 952
32 William Street
New Bedford, MA 02741

Elizabeth R. Corbo, Esq.
George X. Pucci, Esq.
Jonathan M. Silverstein, Esq.
Kopelman & Paige, P.C.
101 Arch Street
Boston, MA 02110

Thomas J. Gallitano, Esq.
Lurleen A. Manning, Esq.
Conn Kavanaugh Rosenthal Peisch & Ford, LLP
Ten Post Office Square
Boston, Massachusetts 02109


    */s/Peter E. Montgomery*
    Peter E. Montgomery, BBO#632698

DATED: December 26, 2007