UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| _____ ) | Civil Action No. 07-CV-11807 RGS |
| WAREHAM FREE LIBRARY, INC. and ) | |
| PRISCILLA PORTER, MARY NYMAN, ) | |
| HAZEL TABER, MICHELLE BAUM, ) | |
| SANDRA WHEELER, JOHN LANCI, ) | |
| MARTHA MAGUIRE, YELENA ) | |
| FARIOLI-BEAUPRE, and DIANE ) | |
| LAZARUS, Individually and As Trustees ) | |
| of Wareham Free Library, Inc., ) | |
| ) | |
| Plaintiffs/Defendants in Counterclaim, ) | |
| ) | |
| v. ) | |
| ) | |
| THE TOWN OF WAREHAM, and ) | |
| BRENDA ECKSTROM, BRUCE ) | |
| SAUVAGEAU, JOHN CRONAN, JAMES ) | |
| PORTER, and M. JANE DONAHUE, ) | |
| Individually and As Members of The Board ) | |
| of Selectmen of Wareham, ) | |
| ) | |
| Defendants/Plaintiffs in Counterclaim. ) | |
| _____) | |

**ANSWER AND AFFIRMATIVE DEFENSES
OF COUNTERCLAIM DEFENDANT
<u>THE FRIENDS OF THE WAREHAM FREE LIBRARY, INC.</u>**

Counterclaim Defendant The Friends of the Wareham Free Library, Inc. ("Wareham Friends") hereby answer the numbered paragraphs of the Counterclaim filed by the Town of Wareham (the "Town") as follows:

1.    Wareham Friends admit the Town has a business address of 54 Marion Road in Wareham, Massachusetts, but is not required to admit or deny the remaining assertions in Paragraph 1 as the Town's right or authority to assert the subject Counterclaim is a legal conclusion to which no response is required.

2. Wareham Friends admit that the current trustees of the Wareham Free Library, Inc. are defendants named in the Counterclaim, and that the Town also has named the Wareham Library Foundation and its officers and Wareham Friends, but denies the remaining factual allegations in Paragraph 2.

3. Wareham Friends is without sufficient knowledge or information to admit or deny the factual allegations in Paragraph 3.

4. Wareham Friends admits the factual allegations in Paragraph 4 but is not required to respond to the legal conclusions set forth therein.

5. Wareham Friends admits the factual allegations in Paragraph 5 but is not required to respond to the legal conclusions set forth therein.

6. Wareham Friends admits the factual allegations in Paragraph 6 but is not required to respond to the legal conclusions set forth therein.

7. Wareham Friends admits Michelle Baum resides in Wareham, Massachusetts and that she is the Clerk of the Wareham Free Library, Inc., denies the remaining factual allegations in Paragraph 7, but is not required to respond to the legal conclusions set forth therein.

8. Wareham Friends admits the factual allegations in Paragraph 8 but is not required to respond to the legal conclusions set forth therein.

9. Wareham Friends admits John Lanci resides in Wareham, Massachusetts and that he is a Trustee of the Wareham Free Library, Inc., denies the remaining factual allegations in Paragraph 9, but is not required to respond to the legal conclusions set forth therein.

10. Wareham Friends admits the factual allegations in Paragraph 10 but is not required to respond to the legal conclusions set forth therein.

11.     Wareham Friends admits the factual allegations in Paragraph 11 but is not required to respond to the legal conclusions set forth therein.

12.     Wareham Friends admits Diane Lazarus resides in Wareham, Massachusetts and that she is a Trustee of the Wareham Free Library, Inc., denies the remaining factual allegations in Paragraph 12, but is not required to respond to the legal conclusions set forth therein.

13.     Wareham Friends is without sufficient knowledge or information to admit or deny the factual allegations in Paragraph 13, and is not required to respond to the legal conclusions set forth therein.

14.     Wareham Friends states that Marsha Markir has passed away.

15.     Wareham Friends admits the factual allegations in Paragraph 15.

16.     Wareham Friends admits the factual allegations in Paragraph 16.

17.     Wareham Friends denies the factual allegations in Paragraph 17 and is not required to respond to the legal conclusions set forth therein.

18.     Wareham Friends denies the factual allegations in Paragraph 18 and is not required to respond to the legal conclusions set forth therein.

19.     Wareham Friends denies the factual allegations in Paragraph 19.

20.     Paragraph 20 of the Counterclaim sets forth legal conclusions, to which no responses are required.

21.     Wareham Friends denies the factual allegations in Paragraph 21 and is not required to respond to the legal conclusions set forth therein.

22.     Wareham Friends is without sufficient knowledge or information to admit or deny the factual allegations in Paragraph 22.

23.     Wareham Friends is without sufficient knowledge or information to admit or deny the factual allegations in Paragraph 23.

24.     Wareham Friends is without sufficient knowledge or information to admit or deny the factual allegations in Paragraph 24.

25.     Wareham Friends denies the factual allegations in Paragraph 25 and is not required to respond to the legal conclusions set forth therein.

26.     Wareham Friends admits that Public Library employees are paid by the Town, that the Town appropriates certain of the monies used to fund annual expenses at the Public Library, and that the Public Library at present is located in a building owned by the Town, but denies all remaining factual allegations in Paragraph 26.

27.     Wareham Friends denies the factual allegations in Paragraph 27.

28.     Wareham Friends admits that the individually named counterclaim defendants were the legally appointed Trustees of Wareham Free Library, Inc., but denies the remaining factual allegations in Paragraph 28 and is not required to respond to the legal conclusions set forth therein.

29.     Paragraph 29 sets forth legal conclusions to which no responses are required. Further answering, the document referenced in said Paragraph 29 speaks for itself.

30.     Wareham Friends denies the factual allegations in Paragraph 30.

31.     Wareham Friends admits the individually named counterclaim defendants were not appointed by the Town's Board of Selectman, but deny the remaining factual allegations in Paragraph 31.

32.     The document referenced in Paragraph 32 speaks for itself.

33.     The document referenced in Paragraph 33 speaks for itself.

34. Wareham Friends admit that the Town's Board of Selectman in words or substance made the statements described in Paragraph 34, but deny the remaining factual allegations in said Paragraph 34.

35. Wareham Friends admit that the Town's Board of Selectman in words or substance made the statements described in Paragraph 35, but deny the remaining factual allegations in said Paragraph 35.

36. Wareham Friends admit that the Town's Board of Selectman in words or substance made the statements described in Paragraph 36, but deny the remaining factual allegations in said Paragraph 36.

37. Wareham Friends admits that none of the individually named counterclaim defendants has completed an application for reappointment, but deny the remaining factual allegations in Paragraph 37.

38. Wareham Friends denies the factual allegations in Paragraph 38.

39. Wareham Friends denies the factual allegations in Paragraph 39.

40. Wareham Friends denies the factual allegations in Paragraph 40.

41. The document referenced in Paragraph 41 speaks for itself.

42. The document referenced in Paragraph 42 speaks for itself.

43. Wareham Friends admits that privately donated funds were transferred to the Wareham Library Foundation, Inc., but deny the remaining factual allegations in Paragraph 43.

44. Wareham Friends denies the factual allegations in Paragraph 44, and is not required to respond to the legal conclusions set forth therein.

45. The document referenced in Paragraph 45 speaks for itself.

46.     Wareham Friends admits that gifts, donations and bequests for the library were transferred into a fund held with Franklin Templeton Investments, but deny the remaining factual allegations in Paragraph 46.

47.     Wareham Friends denies the factual allegations in Paragraph 47, and is not required to respond to the legal conclusions set forth therein.

48.     Wareham Friends denies the factual allegations in Paragraph 48, and is not required to respond to the legal conclusions set forth therein.

49.     Wareham Friends admits funds were received for the stated purpose of purchasing equipment for the Spinney Memorial Branch Library, which was and is intended to be a branch of the Wareham Free Library, but denies the remaining factual allegations in Paragraph 49.

50.     Wareham Friends denies the factual allegations in Paragraph 50.

51.     Wareham Friends denies the factual allegations in Paragraph 51, and is not required to respond to the legal conclusions set forth therein.

52.     Wareham Friends denies the factual allegations in Paragraph 52, and is not required to respond to the legal conclusions set forth therein.

53.     Wareham Friends denies the factual allegations in Paragraph 53.

54.     Wareham Friends denies the factual allegations in Paragraph 54, and is not required to respond to the legal conclusions set forth therein.

55.     Wareham Friends denies the factual allegations in Paragraph 55, and is not required to respond to the legal conclusions set forth therein.

56.     Wareham Friends denies the factual allegations in Paragraph 56.

57.     Wareham Friends denies the factual allegations in Paragraph 57.

58.     The document referenced in Paragraph 58 speaks for itself.

59.     Wareham Friends denies the factual allegations in Paragraph 59.

60.     Wareham Friends denies the factual allegations in Paragraph 60.

61.     Wareham Friends denies the factual allegations in Paragraph 61, and is not required to respond to the legal conclusions set forth therein.

62.     Wareham Friends denies the factual allegations in Paragraph 62.

63.     Wareham Friends denies the factual allegations in Paragraph 63.

## COUNT I – CONVERSION

64-67.  Count I does not reference or pertain to Wareham Friends, and therefore no response is required.  To the extent Count I is deemed to pertain to Wareham Friends, all factual allegations are denied, and no response is required to legal conclusions set forth therein.

## COUNT II – VIOLATIONS OF THE PUBLIC RECORDS LAW

68-73.  Count II does not reference or pertain to Wareham Friends, and therefore no response is required.  To the extent Count II is deemed to pertain to Wareham Friends, all factual allegations are denied, and no response is required to legal conclusions set forth therein.

## COUNT III – CIVIL CONSPIRACY

74-76.  Count III does not reference or pertain to Wareham Friends, and therefore no response is required.  To the extent Count III is deemed to pertain to Wareham Friends, all factual allegations are denied, and no response is required to legal conclusions set forth therein.

## COUNT IV – NEGLIGENCE

77-81.  Count IV does not reference or pertain to Wareham Friends, and therefore no response is required.  To the extent Count IV is deemed to pertain to Wareham Friends, all factual allegations are denied, and no response is required to legal conclusions set forth therein.

## COUNT V – VIOLATION OF THE CONFLICT OF INTEREST LAW

82.     Wareham Friends incorporates by reference its responses to Paragraphs 1 through 81 of the Counterclaim.

83.     Wareham Friends denies the factual allegations in Paragraph 83.

84.     Wareham Friends denies the factual allegations in Paragraph 84.

85.     Wareham Friends denies the factual allegations in Paragraph 85.

86.     Wareham Friends denies the factual allegations in Paragraph 86.

87.     Wareham Friends denies the factual allegations in Paragraph 87.

88.     Wareham Friends denies the factual allegations in Paragraph 88, and is not required to respond to the legal conclusions set forth therein.

## COUNT VI – DECLARATORY JUDGMENT
## (VIOLATION OF ANTI-AID AMENDMENT)

89-93.  Count VI does not reference or pertain to Wareham Friends, and therefore no response is required.  To the extent Count VI is deemed to pertain to Wareham Friends, all factual allegations are denied, and no response is required to legal conclusions set forth therein.

## COUNT VII – DECLARATORY JUDGMENT
## (VIOLATION OF G.L. c. 44, § 53A)

94-99.  Count VII does not reference or pertain to Wareham Friends, and therefore no response is required.  To the extent Count VII is deemed to pertain to Wareham Friends, all factual allegations are denied, and no response is required to legal conclusions set forth therein.

## COUNT VIII – VIOLATION OF G.L. c. 44, § 53A

100-105.  Count VIII does not reference or pertain to Wareham Friends, and therefore no response is required.  To the extent Count VIII is deemed to pertain to Wareham Friends, all factual allegations are denied, and no response is required to legal conclusions set forth therein.

**COUNT IX – DECLARATORY JUDGMENT (LIBRARY AS TOWN DEPARTMENT)**

106-116.  Count IX does not reference or pertain to Wareham Friends, and therefore no response is required.  To the extent Count IX is deemed to pertain to Wareham Friends, all factual allegations are denied, and no response is required to legal conclusions set forth therein.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Counterclaim fails to state a cognizable claim against Wareham Friends upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The claim or claims asserted against Wareham Friends are barred, in whole or in part, by applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

The claim or claims asserted against Wareham Friends are barred, in whole or in part, by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

The claim or claims asserted against Wareham Friends are barred, in whole or in part, by application of the doctrine of estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

The claim or claims asserted against Wareham Friends are barred, in whole or in part, by application of the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

The claim or claims asserted against Wareham Friends are barred, in whole or in part, due to the fact that the counterclaim plaintiff has not sustained any damages.

## SEVENTH AFFIRMATIVE DEFENSE

The claim or claims asserted against Wareham Friends are barred, in whole or in part, due to the fact that the counterclaim plaintiff's damages, if proven, were not caused by Wareham Friends or any of its agents or others acting with authority.

## EIGHTH AFFIRMATIVE DEFENSE

The claim or claims asserted against Wareham Friends are barred, in whole or in part, due to the fact that the funds to which counterclaim plaintiff claims any interest are held by a duly organized and recognized non-profit regulated by the Commonwealth of Massachusetts.

## NINTH AFFIRMATIVE DEFENSE

The claim or claims asserted against Wareham Friends are barred, in whole or in part, due to the contributory negligence of the counterclaim plaintiff.

## TENTH AFFIRMATIVE DEFENSE

The claim or claims asserted against Wareham Friends are barred, in whole or in part, because the counterclaim plaintiff has failed to seek leave of court to add Wareham Friends as a party to this action.

## PRAYERS FOR RELIEF

WHEREFORE, Counterclaim Defendant The Friends of the Wareham Free Library, Inc. respectfully requests the following relief:

1.      Entry of judgment for Wareham Friends on all counts of the Counterclaim;

2.      Dismissal of the Counterclaim, with prejudice;

3. An award of attorney's fees and expenses associated with the defense of this Counterclaim, including such fees and expenses recoverable pursuant to M.G.L. c. 231, §6F; and

4. Such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

Wareham Friends demands a trial by jury on all counts and issues so triable.

Respectfully submitted,

THE FRIENDS OF THE WAREHAM
FREE LIBRARY, INC.,

By its attorney,

/s/ Thomas J. Gallitano
Thomas J. Gallitano (BBO # 550745)
Conn Kavanaugh Rosenthal Peisch & Ford, LLP
Ten Post Office Square
Boston, MA 02109
617-482-8200
tgallitano@ckrpf.com

Dated: January 3, 2008

## Certificate of Service

In accordance with the Electronic Case File ("ECF") Administrative Procedures of the United States District Court for the District of Massachusetts, I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants by U.S. Mail on January 3, 2008.

/s/ Thomas J. Gallitano_____
Thomas J. Gallitano

301988.1