Wareham Free Library et al v. Wareham, Town of et al												Doc. 29 Att. 1

# Exhibit "A"

Dockets.Justia.com

**KOPELMAN AND PAIGE, P.C.**
*The Leader in Municipal Law*

101 Arch Street
Boston, MA 02110
T: 617.556.0007
F: 617.654.1735
www.k-plaw.com

Elizabeth R. Corbo
ecorbo@k-plaw.com

July 16, 2007

[RECEIVED JUL 18 2007 TOWN OF WAREHAM BOARD OF SELECTMEN]

*Board already copied - rec'd a fax 7/16/07*

BY FACSIMILE - (508) 291-3124
AND BY FIRST CLASS MAIL

Hon. Brenda S. Eckstrom and
Members of the Board of Selectmen
Wareham Town Hall
54 Marion Road
Wareham, MA 02571

Re: <u>Appointment of Library Trustees</u>

Dear Members of the Board of Selectmen:

You have requested an opinion regarding the procedure for appointment or election of Library Trustees based upon provisions in the General Laws, as well as the Town Charter. The Board first referred this matter to our office inquiring whether the Library Trustees needed to be elected as provided in G.L. c. 78, §10. As explained in more detail below, I have reviewed the General Laws, the Town Charter and the Town By-Laws and, in my opinion, the Library Trustees are appointees of the Board of Selectmen.

As you are aware, the Town Charter is to be deemed consistent with the provisions of any law relating to the structure of town government. G.L. c. 43B, §20. As specifically provided by that statute, and as recognized by case law, the Town Charter may specify the method of appointment of any local office. <u>Id</u>. As stated by the Massachusetts Appeals Court, "[b]y the Legislature's delegation to municipalities through G.L. c. 43B of greater power in managing their affairs, municipalities could, within certain broad limitations, choose for themselves the forms of local government they found best suited to their own needs, including as part of that choice the manner of creating and filling local offices." <u>Town Council of Agawam</u> v. <u>Town Manager of Agawam</u>, 20 Mass.App.Ct. 100, 103 (1985). Thus, while the General Laws provides for election of library trustees, the Town Charter can modify this method of selection, in my opinion.

In this instance, the Town's Charter specifies what offices and boards are to be elected in Article 3, entitled "Elected Officers." Article 3, §3-1 of the Town Charter specifically states "[t]he offices to be filled by voters shall be a board of selectmen, a school committee, a town moderator, a deputy moderator, a board of assessors, a town clerk, a housing authority and such other members of regional authorities, or districts, as may be established by statute, intergovernmental agreement, or

otherwise." The Library Trustees are notably absent from this section specifying elected officers and boards.

The Charter further provides that the Board of Selectmen "shall appoint the town administrator, the registrars of voters (but not the town clerk and other election officers), the board of health, and the members of all other multiple-member bodies for whom no other method of selection is provided by the charter." Article 3, §3-2(c) (emphasis added). As defined by the Charter, a multiple-member body "shall mean any body consisting of two or more persons, whether elected, appointed or otherwise constituted." Article 7, §7-6. Clearly, the Library Trustees constitute a multiple-member body as defined in the Charter. As such, the inquiry becomes whether there is another method of appointment in the Charter that would apply to the Library Trustees. It is my understanding that some assertions have been raised that Article 2, §2-5 governs the appointment of Library Trustees. Section 2-5 provides that the Town Moderator, absent a vote by the Town, shall appoint members of "a committee or other multiple member body...the primary purpose of which is to perform a legislative function" unless otherwise provided by the Charter. This section, however, does not apply to the Library Trustees, as the Trustees do not perform a "legislative function" but perform an "executive function," in my opinion. As there is no other method of appointment in the Charter for a multiple member body such as the Library Trustees, it is my opinion that the appointment of Library Trustees is governed by Article 3, §3-2(c), and therefore Library Trustees are appointed by the Board of Selectmen.

I have also had the opportunity to review the Library's By-laws, which I understand have been adopted by the Library Trustees. These By-laws state that there shall be a Treasurer and Assistant Treasurer of the Library. Please note that the General Laws, G.L. c. 78, §10, specifically provides that the Library Trustees may elect a Treasurer if so voted by the Town and that such Treasurer must post a bond "similar to that given by the town treasurer, in an amount and with sureties to the satisfaction of the selectmen." G.L. c. 78, §10. The statue further provides "[u]ntil the town otherwise directs the town treasurer shall act as treasurer of the board of trustees." Id. As such, I recommend that relevant Town Meeting records be reviewed to ensure that the Town has actually voted to direct the Library Trustees to elect a treasurer. If such action has been taken, further review should be undertaken to ensure that a bond has been posted as required by statute. It should be further noted that the Library's Bylaws provide a method of appointment for Library Trustees that is inconsistent with the Charter. Because the Charter has the force of law, and its provisions cannot be altered or amended by By-laws adopted by the Library Trustees, the method of appointment in the Charter controls.

Please note that my opinion that that Board of Selectmen appoints the Library Trustees is based upon the assumption that no other method of appointment for Library Trustees is provided in any trust document or bequest, as provided in G.L. c. 78, §10. If such a document exists, the opinion stated in this letter would need to be revisited.

Please do not hesitate to contact me if you have any questions regarding this opinion.

Very truly yours,

Elizabeth R. Corbo

ERC/rbh
cc:   Town Administrator

320307/WARH/0002