UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 07-CV-11807

| | |
|---|---|
| WAREHAM FREE LIBRARY, INC., and PRISCILLA PORTER, MARY NYMAN, HAZAL TABER, MICHELLE BAUM, SANDRA WHEELER, JOHN LANCI, MARTHA MAGUIRE, YELENA FARIOLI-BEAUPRE, and DIANE LAZARUS, Individually and As Trustees of Wareham Free Library, Inc.<br><br>  Plaintiffs<br><br>v.<br><br>THE TOWN OF WAREHAM, and BRENDA ECKSTROM, BRUCE SAUVAGEAU, JOHN CRONAN, JAMES POTTER, and M. JANE DONAHUE, Individually and As Members of the Board of Selectmen of Wareham.<br><br>  Defendants | DEFENDANTS' MOTION FOR COSTS AND FEES PURSUANT TO FEDERAL RULE 4 (d) |

  Now come the defendants, Town of Wareham et al.(hereinafter collectively referred to as the "Town"), and hereby applies for costs and fees associated with service of process on defendants in counterclaim, Wareham Library Foundation, for the reasons stated more fully below:

1.  On or about September 27, 2007, the Town filed its Answer to the Complaint, which included counterclaims against third-party defendants, Friends of the Wareham Free Library and the Wareham Library Foundation, Inc.

2. The basis for the counterclaims were the allegations that the plaintiffs transferred public monies donated for the benefit of the Wareham Public Library to the Wareham Library Foundation, Inc., a private corporation, which then donated $75,000 of such monies to the Friends of the Wareham Free Library.

3. Pursuant to Federal Rule of Procedure, Rule 4(d), by Certified letter dated October 30, 2007, counsel for the Town sent two copies of a Notice of Lawsuit and Request for Waiver, as well as a copy of the Counterclaims to the following individuals:[1]

   a. Attorney Phillip Beauregard, as suspected counsel for the Wareham Library Foundation, Inc.;

   b. John Lanci, then President of the Wareham Library Foundation.

   As required by Rule 4(d)(1)(D), the letter did inform the recipients of the consequences of not waiving service.

4. Copies of the Letters and the Return Receipts are attached hereto as Exhibit 1.

5. In response to the Town's request for waiver, Attorney Beauregard sent a hostile and wholly inappropriate letter to Attorney Leonard Kopelman. Such letter contained derogatory statements regarding the Town's attorney, Elizabeth Corbo, including accusing Attorney Corbo of "highly unusual and aggressive action" by sending the requests for waiver of service. (Exhibit 2, Letter of Phillip Beauregard dated November 9, 2007)

---

[1] In addition, the same materials were sent to the defendant in counterclaim, Friends of the Wareham Library (the "Friends"). The Friends returned the completed waiver of service without issue and as such, the Town does not seek costs or fees against the Friends.

6. Attorney Corbo responded to Attorney Beauregard by e-mail dated November 9, 2007. The e-mail informed Attorney Beauregard that the letter requesting waiver of service, along with the penalties for failing to accept waiver are prescribed by Federal Rule 4 and further that such penalties were not created by Attorney Corbo. (Exhibit 3, E-mail from Attorney Corbo dated November 9, 2007).

7. Attorney Corbo gave birth to her second child the following day, November 10, 2007.

8. Neither Attorney Beauregard, nor John Lanci returned the completed waiver of service.

9. Due to the failure of Attorney Beauregard and Mr. Lanci to return the completed waiver of service, the Town was forced to obtain summons from the Court and serve the officers of the Wareham Library Foundation.

10. The original subpoenas from the Federal District Court were sent via Federal Express to the Process Server, Quickserv. The charge for the Federal Express Service was $40.11. A copy of the Federal Express Invoice is attached hereto as Exhibit 4 and a copy of the invoice from Quickserv is attached hereto as Exhibit 5.

11. Copies of the invoices from the process servers are attached hereto as Exhibit 5.

12. In addition to the costs of service, attorneys at the law office of Kopelman and Paige spent 3.1 hours effectuating service of process as detailed in the accompanying affidavit of Elizabeth R. Corbo. These fees included time spent researching the officers and addresses of the Wareham Library Foundation, Inc., obtaining and completing the summons, assembling the materials for the process server, transmitting materials to the process server and verifying service with the process server.

13. Despite representations in his November 2007 letter that his office did not represent the Wareham Library Foundation, on or about March 7, 2008, Attorney Beauregard's law firm filed an Answer on behalf of the Wareham Library Foundation, Inc. to the counterclaims, apparently representing both the plaintiffs, Wareham Free Library, Incorporated, and the defendants in counterclaim, Wareham Library Foundation, Inc.

14. As provided in Federal Rule 4(d)(2), if a defendant located in the United States without good cause fails to return a waiver of service, "the court <u>must</u> impose on the defendant (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." (Emphasis Added). See also, <u>Spivey</u> v. <u>Board of Church Extension & Home Mission of the Church of God</u>, 160 F.R.D. 660, 662 (M.D.Fla.1995) ("If the plaintiff properly complies with all of the requirements of Rule 4(d)(2), then costs are awarded.").

15. Upon returning from leave and learning that the Wareham Library Foundation had not returned the waivers, and further that the Town had incurred costs of service, Attorney Corbo prepared and filed this motion seeking to recover costs to the Town pursuant to Rule 4(d). As detailed in the accompanying affidavit, attorneys' fees for this Motion and the accompanying affidavit total 6.1 hours for a total charge of $976.00 in attorneys' fees.

16. Attached hereto is an affidavit of counsel regarding the costs and fees associated with service and this motion.

Whereby the Town of Wareham requests that this Honorable Court impose against the Wareham Library Foundation the costs of service ($40.11 and $140.00), legal fees associated with service of process ($496.00) and legal fees incurred by the necessity of this motion ($976.00), for a total award of **$1,652.11**.

THE TOWN OF WAREHAM,<br>
By its Attorney,<br><br>
/s/ Elizabeth R. Corbo<br>
Elizabeth R. Corbo (BBO# 640131)<br>
Kopelman and Paige, P.C.<br>
101 Arch Street<br>
12th Floor<br>
Boston, MA  02110-1109<br>
(617) 556-0007<br>
(617) 654-1735 (facsimile)

CERTIFICATE OF SERVICE

I, Elizabeth R. Corbo, certify that the above document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be served upon any party or counsel of record who is not a registered participant of the Court's ECF system upon notification by the Court of those individuals who will not be served electronically.

/s/ *Elizabeth R. Corbo*

345020/ware/0261