UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 07-CV-11807

| | |
|---|---|
| WAREHAM FREE LIBRARY, INC., and PRISCILLA PORTER, MARY NYMAN, HAZAL TABER, MICHELLE BAUM, SANDRA WHEELER, JOHN LANCI, MARTHA MAGUIRE, YELENA FARIOLI-BEAUPRE, and DIANE LAZARUS, Individually and As Trustees of Wareham Free Library, Inc.<br><br>    Plaintiffs<br><br>v.<br><br>THE TOWN OF WAREHAM, and BRENDA ECKSTROM, BRUCE SAUVAGEAU, JOHN CRONAN, JAMES POTTER, and M. JANE DONAHUE, Individually and As Members of the Board of Selectmen of Wareham.<br><br>    Defendants | AFFIDAVIT OF ELIZABETH R. CORBO |

I, Elizabeth R. Corbo, hereby state and affirm as follows:

1. My name is Elizabeth R. Corbo. I am an attorney duly licensed to practice law in the Commonwealth of Massachusetts and am in good standing with the Massachusetts Bar.

2. I am also admitted to practice in the United States District Court of Massachusetts and am in good standing.

3. I am employed by Kopelman and Paige, which is Town Counsel for the Town of Wareham and represents the Defendants in the above-captioned matter. I, in addition to Peter Montgomery, am counsel of record for the Defendants in the above-captioned matter.

4. On or about September 27, 2007, the Defendants filed its Answer to the Plaintiff's Complaint.

1

5. As part of their Answer, the Defendants asserted counter-claims against the Plaintiffs and against third-parties, Friends of the Wareham Free Library and the Wareham Library Foundation, Inc.

6. I requested a waiver of service pursuant to Federal Rule of Civil Procedure, Rule 4(d). This was done by Certified Mail and included two copies of a Notice of Lawsuit and a Request for Waiver, as well as a copy of the counterclaims. Copies of these letters and the return service are attached as Exhibit 1 to the Motion.

7. For the Wareham Library Foundation, the certified letter and enclosures were sent to the following individuals:

   a. Phillip Beauregard, as suspected counsel for the Wareham Library Foundation; and

   b. John Lanci, then President of the Wareham Library Foundation.

8. As required by Rule 4(d)(1)(D), the letter did inform the recipients of the consequences of not waiving service, specifically that fees and costs may be imposed. (Exhibit 1)

9. The only response to the request for waiver of service received from the Wareham Library Foundation was a letter to Leonard Kopelman from Attorney Phillip Beauregard dated November 9, 2007. In such letter, Attorney Beauregard accused me of "highly unusual and aggressive action," in that a request for waiver of service was made. This letter is attached as Exhibit 2 to the Motion.

10. I respond to Attorney Beauregard by electronic mail, informing him that the request for waiver was provided in the Federal Rules of Civil Procedure. This e-mail is attached as Exhibit 3 to the Motion.

11. My last day of work was November 9, 2007 as I began my maternity leave the following day when my second child was born.

12. While I was on maternity leave, attorneys in the office were forced to serve the counterclaims on the Wareham Library Foundation by process server as the Wareham Library Foundation never responded to the request for waiver. This is despite Attorney Beauregard's assertions in his letter of November 9, 2007, that he would respond within the 30-day time frame.

13. I have personally reviewed the billing statements regarding this matter. Attorneys in our office spent 3.1 hours effectuating service of process. This included obtaining summonses from the Federal District Court, preparing the materials for the process server and confirming service of process with the process server. Not included in this calculation is time spent speaking with the client regarding the necessity for using

a process server. Additionally, the time spent e-filing the summons is not included, as such time would have been incurred in e-filing a waiver of service.

14. Our firm rate for the Town of Wareham is $160 / hour. The resulting attorneys' fees for effectuating service of process are $496.00.

15. The charge to Federal Express the original subpoenas was $40.11. The Federal Express invoice is attached as Exhibit 4 to the Motion. The Process Server charged $140.00 to serve the subpoenas. The invoice is attached as Exhibit 5 to the Motion.

16. I spent 6.1 hours drafting the Defendants' Motion for Costs and Attorneys' Fees and this affidavit. This includes time spent reviewing billing statements and gathering the necessary exhibits and invoices. At $160 per hour, the attorneys' fees associated with this Motion and Affidavit are $976.00.

17. I am not aware of any circumstances that would constitute good cause for either of the individuals to deny the request for waiver of service of process. Indeed, the November 9, 2007 letter from Attorney Beauregard strongly supports ill will and hostility as the reasons service was not waived.

18. The total amount of costs and fees associated with the service of process and drafting of the Defendants' Motion for Costs and Fees are **$1,652.11**.

Signed this 21st day of May under the pains and penalties of perjury:

/s/Elizabeth R. Corbo
Elizabeth R. Corbo

CERTIFICATE OF SERVICE

I, Elizabeth R. Corbo, certify that the above document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be served upon any party or counsel of record who is not a registered participant of the Court's ECF system upon notification by the Court of those individuals who will not be served electronically.

/s/ *Elizabeth R. Corbo*

346181/ware/0268