UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 07-CV-11807 RGS

WAREHAM FREE LIBRARY, INC. and
PRISCILLA PORTER, MARY NYMAN, HAZEL TABER,
MICHELLE BAUM, SANDRA WHEELER, JOHN LANCI,
MARTHA MAGUIRE, YELENA FARIOLI-BEAUPRE, and
DIANE LAZARUS, Individually and As Trustees of Wareham
Free Library, Inc.

        Plaintiffs / Defendants in Counterclaim /
        Third Party Plaintiffs

v.

THE TOWN OF WAREHAM

        Defendant / Plaintiff in Counterclaim

and

BRENDA ECKSTROM, BRUCE SAUVAGEAU, JOHN
CRONAN, JAMES POTTER, and M. JANE DONAHUE,
Individually and As Members of The Board of Selectmen of
Wareham

        Defendants

v.

FRIENDS OF THE WAREHAM FREE LIBRARY, INC.,
and THE WAREHAM LIBRARY FOUNDATION, INC.

        Defendants in Counterclaim

v.

MASSACHUSETTS INTERLOCAL INSURANCE
ASSOCIATION

        Third Party Defendant

### THE WAREHAM LIBRARY FOUNDATION, INC.'S
### OPPOSITION TO DEFENDANTS' MOTION FOR COSTS AND FEES
### PURSUANT TO FEDERAL RULE 4(d)

1

Defendant in Counterclaim The Wareham Library Foundation, Inc. (Foundation) opposes Defendants' Motion for Costs and Fees Pursuant to Federal Rule 4(d). In support, the Foundation states that (1) Defendants' request for waiver of service was fatally defective, (2) the Foundation had good cause for refusing to waive service, and (3) Defendants are not entitled to recover their attorneys' fees associated with arranging for formal service after the Foundation refused to waive service of process.

Federal Rule 4(d)(1) provides that a plaintiff may seek a waiver of formal service from the defendant, and the defendant becomes duty-bound to avoid unnecessary expenses of formal personal service of process. "The waiver-of-service procedure is triggered when (but only when) a plaintiff formally requests a defendant to waive formal service of process. A failure to meet—literally—each of these prerequisites may result in defective service and/or a refusal by the court to impose the penalties for a refusal to waive service." See Baicker-McKee, *Federal Civil Rules Handbook 2008*, at 197, citing cases.

Pursuant to Rule 4(d)(1)(A)(ii), where the intended defendant is a corporation, subject to service under Rule 4(h), plaintiff's notice and request for waiver of service must be addressed to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Here, the intended defendant in counterclaim was the Foundation, which is a validly existing Massachusetts non-profit corporation, subject to service under Rule 4(h). Defendants sent copies of a notice of lawsuit and a request for waiver to (1) Attorney Philip N. Beauregard, "as suspected counsel for the Foundation" and (2) John Lanci, "then President of the Foundation." Defendants' Motion, ¶ 3, and Defendants' Exhibit 1. However, neither Attorney Beauregard nor John Lanci were at the time officers, or managing or general agents, or any other agents of the Foundation authorized to receive service.

As to Attorney Philip N. Beauregard, Defendants' characterizing him as the Foundation's "suspected counsel" is entirely off-base and misleading. At the time of Defendants' request for waiver of service, neither Attorney Beauregard nor the law firm of Beauregard, Burke & Franco were representing the Foundation, of which Attorney Beauregard expressly advised Defendants' counsel after receiving the request. See Defendants' Exhibit 2, at p. 2. Attorney Beauregard and the firm of Beauregard, Burke & Franco were ultimately retained by the Foundation to represent it in this litigation in the end of February 2008. See Affidavit of Attorney Timour Zoubaidoulline, submitted herewith. Before then, Attorney Beauregard was simply not an agent or representative of the Foundation and had no authority to receive service.

As to John Lanci, he was not "then President" of the Foundation, as Defendants assert. Mr. Lanci received Defendants' notice and request for waiver of service on November 2, 2007. See Defendants' Exhibit 1, at 2. However, he had resigned as the President of the Foundation in August 2007 and from the Foundation in October 2007. On August 3, 2007, the new President of the Foundation became Patricia Wylde, who later also resigned. Effective October 17, 2007, the next President of the Foundation became Kerry Mello, which was reflected in the Foundation's annual report filed in November 2007. See Exhibit 1, attached. See also Affidavit of Attorney Timour Zoubaidoulline. Accordingly, when John Lanci received Defendants' request for waiver of service, he was neither an officer nor an agent of the Foundation and was not authorized to receive service for the Foundation.

Defendants' request for waiver was defective because it did not comply with the strict requirements of Rule 4(d)(1), as those to whom it was addressed were not authorized to receive service, and no penalties should be imposed for the Foundation's refusal to waive service. See Baicker-McKee, *Federal Civil Rules Handbook 2008*, supra, at 199.

3

Further, even if Defendants' request for waiver of service had been properly addressed, the Foundation had good cause for refusing to waive service. Defendants' Answer to Plaintiffs' Complaint, filed on September 27, 2007, alleged to assert counterclaims against various third-party defendants, including "the Wareham Library Foundation and its officers, who are sued in their official and individual capacities, and the Wareham Friends of the Library, Incorporated." See Counterclaim, ¶ 2. Defendants, however, did not seek to obtain leave of court to add new parties to the lawsuit, which is the general practice under Rule 13(h).

Presently, the law is not entirely settled as to whether a motion requesting leave of court is required to join additional parties under Rule 13(h). See Baicker-McKee, *Federal Civil Rules Handbook 2008*, supra, at 435, citing cases. "The 1966 amendments to Rule 13(h) dropped, without comment, language stating that leave of court is required. Consequently, district courts have become divided as to whether leave is required." 6 Matthews, Annotated Patent Digest § 39:72 (current through October 2007 update), collecting cases. "Although not required by Rule 13(h), the general practice is to obtain a court order to join an additional party. Thus one court has held that when defendants filed a counterclaim naming an additional party without leave of court, service on that party should be quashed and the counterclaim dismissed, but defendant should be given an opportunity to seek leave of court to bring in the party." 6 Wright, Miller, Kane, Federal Practice & Procedure 2d § 1434 (current through 2008 update).

Defendants here did not seek leave of court to join additional parties in their Counterclaim. The Foundation correctly concluded that Defendants failed to follow the proper procedure to bring additional parties into the lawsuit through its third-party counterclaim, and for that reason refused to return and sign a waiver of service. Subsequently, after it was served with the Counterclaim under Rule 4(h), the Foundation chose not to seek dismissal of the Counterclaim for Defendants'

failure to follow the appropriate procedure, simply in order to avoid unnecessary legal expenses because the Court would have likely allowed Defendants leave of court to bring in third parties. Nonetheless, where the Counterclaim was not brought properly against third-party defendants in counterclaim in the first place, the Foundation had good cause for refusing to waive service under Rule 4(d).[1]

Finally, while Rule 4(d)(2)(a) allows a plaintiff to recover "the expenses later incurred in making service" where a defendant fails to sign and return a requested waiver of service without good cause, such expenses "may *not* include any attorney's fees associated with arranging for formal service after the defendant's refusal to waive." See Baicker-McKee, *Federal Civil Rules Handbook 2008*, supra, at 200, citing cases. Here, Defendants are inappropriately attempting to collect attorneys' fees incurred in "effectuating service of process," in the amount of $496.00, representing alleged 3.1 hours of legal work. See Defendants' Motion, ¶ 12, and Affidavit of Elizabeth R. Corbo, ¶¶ 13, 14. Such fees are not recoverable under Rule 4(d), and the undersigned counsel for the Foundation appropriately refused to agree to pay them. See Affidavit of Attorney Timour Zoubaidoulline.

For all these reasons, Defendant in Counterclaim The Wareham Library Foundation, Inc. requests that Defendants' instant motion be denied.

---

[1] Defendants' Answer and Counterclaim also appeared irregular on its face. Thus, the Counterclaim stated thirteen counts, but failed to specify which of them were directed at the third-party counterclaim defendants. The third party counterclaim defendants, including the Foundation, were also not identified in the case caption of the Counterclaim. See Defendants' Counterclaim.

Respectfully submitted,

DEFENDANT IN COUNTERCLAIM,
THE WAREHAM LIBRARY FOUNDATION, INC.

By Its Attorneys,

BEAUREGARD, BURKE & FRANCO


/ S /  Timour Zoubaidoulline
_____
TIMOUR ZOUBAIDOULLINE, BBO # 656212
32 William Street, New Bedford, MA 02740
Tel. 508-993-0333
bbf.robeson@verizon.net
bbf.tzoubaidoulline@verizon.net

Dated:  June 4, 2008


**CERTIFICATE OF SERVICE**


In accordance with the Electronic Case Filing ("ECF") Administrative Procedures of the United States District Court for the District of Massachusetts, I, Timour Zoubaidoulline, hereby certify that the foregoing document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and that paper copies will be sent to those indicated as non-registered participants by first class mail on June 4, 2008.


/ S /  Timour Zoubaidoulline
_____
TIMOUR ZOUBAIDOULLINE, BBO # 656212