UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 07-CV-11807 RGS

WAREHAM FREE LIBRARY, INC. and
PRISCILLA PORTER, MARY NYMAN, HAZEL TABER,
MICHELLE BAUM, SANDRA WHEELER, JOHN LANCI,
MARTHA MAGUIRE, YELENA FARIOLI-BEAUPRE, and
DIANE LAZARUS, Individually and As Trustees of Wareham
Free Library, Inc.

        Plaintiffs / Defendants in Counterclaim /
        Third Party Plaintiffs

v.

THE TOWN OF WAREHAM

        Defendant / Plaintiff in Counterclaim

and

BRENDA ECKSTROM, BRUCE SAUVAGEAU, JOHN
CRONAN, JAMES POTTER, and M. JANE DONAHUE,
Individually and As Members of The Board of Selectmen of
Wareham

        Defendants

v.

FRIENDS OF THE WAREHAM FREE LIBRARY, INC.,
and THE WAREHAM LIBRARY FOUNDATION, INC.

        Defendants in Counterclaim

v.

MASSACHUSETTS INTERLOCAL INSURANCE
ASSOCIATION

        Third Party Defendant

**THIRD PARTY PLAINTIFFS' MOTION FOR LEAVE OF COURT
TO FILE AMENDED THIRD PARTY COMPLAINT**

1

Pursuant to F.R.C.P. 15(a) and this Court's scheduling order of June 18, 2008, third party plaintiffs Wareham Free Library, Inc. and its individually named Trustees, in their individual and official capacities, seek leave of Court to file Amended Third Party Complaint against third party defendant Massachusetts Interlocal Insurance Association (MIIA).

The Amended Third Party Complaint would change the name of third party defendant to its formal corporate name, MIIA Property and Casualty Croup, Inc., and include additional count for violation of Massachusetts General Law c. 93A and c. 176D, prohibiting unfair or deceptive acts or practices in the business of insurance.

Plaintiffs anticipate that MIIA will oppose this motion with respect to adding a count for violation of M.G.L. c. 93A/176D, on the grounds that MIIA is a public employer self-insurance group created under the provisions of M.G.L. c. 40M, and that, pursuant to M.G.L. c. 40M, § 1, second paragraph, MIIA is not an insurance company and is not subject to the provisions of the Massachusetts insurance laws and regulations.  However, under relevant Massachusetts case law precedent, resolution of the issue as to whether an insurance-related entity such as MIIA (whether created by legislative mandate or otherwise) is subject to suit under M.G.L. c. 93A/176D turns on a determination of whether such entity has "thrust itself into the 'business of insurance'" and/or engaged in "trade or commerce" within the meaning of M.G.L. c. 93A, § 2. Liquor Liability Joint Underwriting Ass'n of Massachusetts v. Great American Ins. Co., 16 Mass.L.Rptr. 268, 2003 WL 21048793, *22-29 (Mass. Super. 2003) ("LLJUA") (attached).  See also *Chapter 93A Rights and Remedies*, § 14.2.4 (MCLE 2007) (reviewing development of relevant case law), citing inter alia Anzallone v. MBTA, 403 Mass. 119, 526 N.E.2d 246 (1988); Barrett v. Mass. Insurers Insolvency Fund, 412 Mass. 774, 592 N.E.2d 1317 (1992); and Poznik v. Mass. Medical Prof'l Ins. Ass'n, 417 Mass. 48, 628 N.E.2d 1 (1994).

In LLJUA, supra, the Massachusetts Superior Court (Geraldine S. Hines, J.) ruled that a legislatively created underwriting association, Liquor Liability Joint Underwriting Association (LLJUA), was subject to suit under M.G.L. c. 93A, § 9 and M.G.L. c. 176D because it had thrust itself into the "business of insurance" and engaged in "trade or commerce" within the meaning of M.G.L. c. 93A, § 2. Id.[1] In reaching that conclusion, the Court relied on the statutory language and purpose of the subject statutes. Persons subject to M.G.L. c. 176D are defined in M.G.L. c. 176D, § 1(a) as "any individual, corporation, association, partnership…, <u>any other legal entity or self insurer which is engaged in the business of insurance</u>…." (emphasis added). Relying on the Supreme Judicial Court's ruling in Poznik, supra, LLJUA argued that it could not be subject to claims under M.G.L. c. 93A and M.G.L. c. 176D because it was a legislatively created entity, not engaged in the "business of insurance." Id., at *24. The Court disagreed: "Poznik did not hold that a legislatively created underwriting association could *never* be subject to G.L. c. 176D or G.L. c. 93A. It simply held that MMPIA [the Massachusetts Medical Professional Insurers Association], holding true to its legislative mandate, was not engaged in the 'business of insurance' and, therefore, was not subject to G.L. c. 176D." Ibid. The Court went on to state: "[T]he cases addressing this issue in similar contexts make clear that status of a legislatively created entity such as LLJUA is not fixed for all time at its genesis. The courts routinely look beyond form to substance where a party seeks a remedy under G.L. c. 93A for injury caused by the alleged unfair or deceptive acts or practices of another party not generally assumed to operate in a business context. And when such an entity steps outside of its traditional non-business role and engages

---

[1] In LLJUA, this law firm, Beauregard, Burke & Franco, represented the Estate of John Silva, which was a claimant under a policy of insurance issued by LLJUA. LLJUA argued that, as a legislatively created entity, it was not subject to the provisions of M.G.L. c. 93A and M.G.L. c. 176D. The Court agreed with the Estate, finding that LLJUA was subject to unfair settlement claims and in fact engaged in unfair settlement practices, and awarded multiple damages and attorney fees and costs to the Estate.

3

in trade or commerce, the court has permitted the claim to be brought under G.L. c. 93A." Ibid., citing cases. The Court concluded: "Therefore, to resolve the issue before me, <u>I look not to what LLJUA says it was created to do but to how LLJUA operates in fact</u>. I conclude that LLJUA is subject to G.L. c. 93A on two separate and independent grounds: 1) LLJUA operates outside of its legislative mandate as a profit making enterprise engaged in the 'business of insurance;' and 2) LLJUA thrust itself into the 'business of insurance' with respect to the particular transaction involving the settlement of the Estate's claim." Id.

Similarly, MIIA may be subject to suit under M.G.L. c. 93A and M.G.L. c. 176D if it either (1) *generally* operates outside of its legislative mandate as a profit making enterprise, or (2) has thrust itself into the business of insurance with respect to handling Third Party Plaintiffs' *particular* request for coverage. These issues, however, can only be resolved after all discovery in this action is completed. Determination of these issues at this preliminary stage of litigation would be premature.

WHEREFORE, for all the above reasons, third party plaintiffs respectfully request that their instant motion be allowed.

> PLAINTIFFS /
> DEFENDANTS IN COUNTERCLAIM /
> THIRD PARTY PLAINTIFFS
>
> By their Attorneys,
> BEAUREGARD, BURKE & FRANCO
>
>
> / S / Timour Zoubaidoulline
> _____
> TIMOUR ZOUBAIDOULLINE, BBO # 656212
> 32 William Street, New Bedford, MA 02740
> Tel. 508-993-0333
> bbf.tzoubaidoulline@verizon.net

Dated: July 22, 2008

## **CERTIFICATE OF SERVICE**

In accordance with the Electronic Case Filing ("ECF") Administrative Procedures of the United States District Court for the District of Massachusetts, I, Timour Zoubaidoulline, hereby certify that the foregoing document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and that paper copies will be sent to those indicated as non-registered participants by first class mail on July 22, 2008.

/ S / Timour Zoubaidoulline
_____
TIMOUR ZOUBAIDOULLINE, BBO # 656212