UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 07-CV-11807 RGS

WAREHAM FREE LIBRARY, INC. and
PRISCILLA PORTER, MARY NYMAN, HAZEL TABER,
MICHELLE BAUM, SANDRA WHEELER, JOHN LANCI,
MARTHA MAGUIRE, YELENA FARIOLI-BEAUPRE, and
DIANE LAZARUS, Individually and As Trustees of Wareham
Free Library, Inc.

       Plaintiffs / Defendants in Counterclaim /
       Third Party Plaintiffs

v.

THE TOWN OF WAREHAM

       Defendant / Plaintiff in Counterclaim

and

BRENDA ECKSTROM, BRUCE SAUVAGEAU, JOHN
CRONAN, JAMES POTTER, and M. JANE DONAHUE,
Individually and As Members of The Board of Selectmen of
Wareham

       Defendants

v.

FRIENDS OF THE WAREHAM FREE LIBRARY, INC.,
and THE WAREHAM LIBRARY FOUNDATION, INC.

       Defendants in Counterclaim

v.

MIIA PROPERTY AND CASUALTY GROUP, INC.

       Third Party Defendant

## **(PROPOSED)**
## **AMENDED THIRD PARTY COMPLAINT**

1.      Third Party Plaintiffs are Wareham Free Library, Inc. and Priscilla Porter, Mary

Nyman, Hazel Taber, Michelle Baum, Sandra Wheeler, John Lanci, Martha Maguire, Yelena

1

Farioli-Beaupre, and Diane Lazarus, Individually and as Trustees of the Wareham Free Public Library, Inc.

2. Third Party Defendant is MIIA Property and Casualty Group, Inc. (MIIA), an entity that issues insurance policies in Massachusetts, with a principal office in Boston, MA.

3. MIIA has issued a general liability insurance policy to the Town of Wareham.

4. This policy extends to elected, appointed, or employed officials of the Town; appointed members of commissions, committees, agencies, boards, and other units of the Town; persons providing volunteer services for the Town; and others.

5. The Town of Wareham has brought a Counterclaim in this action against Third Party Plaintiffs, alleging negligence by Third Party Plaintiffs among other claims. The Counterclaim alleges that Third Party Plaintiffs are "'de facto' trustees for the Public Library… entrusted with the public responsibilities of such position."

6. Based on the Town's allegation that Third Party Plaintiffs are "'de facto' trustees," MIIA is obligated to provide a defense for Third Party Plaintiffs with respect to the Counterclaim. If Third Party Plaintiffs are found to be "'de facto' trustees," MIIA is also obligated to indemnify Third Party Plaintiffs with respect to any judgment or settlement arising from the Counterclaim.

7. Third Party Plaintiffs have made demand upon MIIA to acknowledge coverage and to provide a defense and indemnification.

8. MIIA has refused to acknowledge coverage or to provide a defense or indemnification. MIIA purports to basis its refusal on the premise that Third Party Plaintiffs are private parties.

9. As a result of MIIA's said refusal, Third Party Plaintiffs have incurred and will continue to incur substantial legal fees and expenses relating to the Counterclaim.

## COUNT I
## Breach of Contract

10. Third Party Plaintiffs repeat and incorporate the allegations above.

11. Third Party Plaintiffs are insured under the liability policy issued by MIIA to the Town, based on the allegations of the Counterclaim.

12. MIIA's refusal to acknowledge coverage with respect to the Counterclaim or to provide a defense or indemnification is a breach of contract, which has damaged Third Party Plaintiffs.

## COUNT II
## Declaratory Judgment/Injunctive Relief

13. Third Party Plaintiffs repeat and incorporate the allegations above.

14. There is an actual case or controversy between the parties.

15. Third Party Plaintiffs are entitled to a declaration that they are entitled to coverage with respect to the Counterclaim, including defense and indemnification, under the liability policy issued by MIIA to the Town.

16. Third Party Plaintiffs are entitled to an injunction ordering MIIA to defend and indemnify them with respect to the Counterclaim.

## COUNT III
## Violation of M.G.L. c. 93A, § 9 / M.G.L. c. 176D

17. Third Party Plaintiffs repeat and incorporate the allegations above.

18. MIIA is an entity engaged in the business of insurance. At all relevant times, MIIA was acting in "trade or commerce," within the meaning of M.G.L. c. 93A.

19. On October 24, 2007, Third Party Plaintiffs sent a written demand to MIAA, requesting it to acknowledge coverage and to provide a defense and indemnification. The demand also asserted a claim under M.G.L. c. 93A, § 9 and M.G.L. c. 176D. <u>Exhibit 1</u>, attached. The contents of <u>Exhibit 1</u> are incorporated by reference.

20. On November 20, 2007, MIIA issued a written response, denying coverage and refusing to provide a defense and indemnification. MIIA's response failed to provide a reasonable explanation of the basis for its denial of coverage. MIIA also denied that its conduct in handling Third Party Plaintiffs' request violated M.G.L. c. 93A, § 9 and M.G.L. c. 176D. <u>Exhibit 2</u>, attached.

21. MIIA's denial of coverage and refusal to provide a defense and indemnification, without providing a reasonable explanation of the basis for such denial, constitute "unfair or deceptive acts or practices" in violation of M.G.L. c. 93A, § 9 and M.G.L. c. 176D.

22. MIIA's unfair or deceptive acts or practices were "willful and/or knowing."

23. MIIA's unfair or deceptive acts or practices have caused damage to Third Party Plaintiffs.

**WHEREFORE**, Third Party Plaintiffs demand the following relief:

1. Judgment against MIIA on all counts;

2. Compensatory damages;

3. Declaration that Third Party Plaintiffs are entitled to coverage with respect to the Counterclaim, including defense and indemnification, under the liability policy issued by MIIA to the Town;

4. Injunction ordering MIIA to defend and indemnify Third Party Plaintiffs with respect to the Counterclaim;

5. Costs and attorney's fees;

6. Multiple damages;

7. Interest; and

8. Such other relief as may be just and appropriate.

**THIRD PARTY PLAINTIFFS DEMAND TRIAL
BY JURY ON ALL CLAIMS SO TRIABLE**

        PLAINTIFFS /
        DEFENDANTS IN COUNTERCLAIM /
        THIRD PARTY PLAINTIFFS

        By their Attorneys,
        BEAUREGARD, BURKE & FRANCO

        / S / Timour Zoubaidoulline
        _____
        TIMOUR ZOUBAIDOULLINE, BBO # 656212
        32 William Street, New Bedford, MA 02740
        Tel. 508-993-0333
        bbf.tzoubaidoulline@verizon.net

Dated: July 22, 2008

**CERTIFICATE OF SERVICE**

In accordance with the Electronic Case Filing ("ECF") Administrative Procedures of the United States District Court for the District of Massachusetts, I, Timour Zoubaidoulline, hereby certify that the foregoing document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and that paper copies will be sent to those indicated as non-registered participants by first class mail on July 22, 2008.

        / S / Timour Zoubaidoulline
        _____
        TIMOUR ZOUBAIDOULLINE, BBO # 656212

# EXHIBIT 1

LAW OFFICES OF

# BEAUREGARD, BURKE & FRANCO

THE ANDREW ROBESON HOUSE
P.O. BOX 952
32 WILLIAM STREET
NEW BEDFORD, MA 02740

PHILIP N. BEAUREGARD
RICHARD E. BURKE, JR.
MICHAEL FRANCO
JAMES HODGSON
TIMOUR ZOUBAIDOULLINE
JASON PARENT*
*(Admitted in MA, RI & FL)

CHRISTOPHER J. CAREY
HON. WILLIAM H. CAREY
Of Counsel

October 24, 2007

TEL.: (508) 993-0333
FAX: (508) 990-2045
FAX: (508) 990-2002
E-Mail. Beauregard.Burke.Franco@verizon.net

Arthur E. Maravelis, Esquire
Gibson & Behman, P.C.
Counselors At Law
One Mountain Road
Burlington, MA 01803

Re: Counterclaim of Town of Wareham v. the Trustees of the Wareham Free Library Incorporated, the Wareham Library Foundation, and the Wareham Friends of the Library, Incorporated

Dear Mr. Maravelis:

This letter responds to your certified mail correspondence dated October 17, 2007 regarding the Wareham Free Library Trustees' claims for coverage under the applicable MIIA insurance policy.

Please note that this letter includes a claim of rights under G. L. c. 176D. If for some reason you do not represent MIIA in regard to this additional claim, please let me know and I will forward the letter directly to your client, Attention Michael Cusack.

First, your letter mistakenly characterizes my earlier request for coverage as being "on behalf of" The Wareham Library Foundation and its Members, and Wareham Friends of the Library, Inc. and its members. I have not stated any such claim for coverage as of this date. In fact, you are also in error in your assertion that there are counterclaims pending in the Federal lawsuit against the Foundation and the Friends. In this regard, as representative of the insurer, I trust that you will not share this letter with the Town's attorneys on the counterclaim, Kopelman & Paige, as this would be a clear conflict on the part of the insurer.

In addition, you have mistakenly referred to my clients' original complaint, and you have in fact disregarded the counterclaim filed against my clients, in positing the insurer's grounds for disclaiming coverage in the case. While it is true that my clients do not agree that they are members of a "multi member body" and therefore, municipal officials, yet the counterclaim specifically characterizes and alleges such official and public function and capacity to each of the trustees whom I represent. The counterclaim refers to them as "de facto public trustees." Accordingly, particularly in light of the insurer's duty to look at the breadth of claims filed against insured, the insurer here has a clear obligation to defend the "de facto public trustees" with respect to the counterclaims asserted against them by the Town of Wareham.

The provisions of the MIIA policy that you cite, in particular "SECTION II - WHO IS AN INSURED," provides that appointed members of boards operating within the scope of their duties are entitled to coverage. There appears to be no reasonable basis for avoiding the eminently direct allegation stated in the Town's counterclaim that states that my clients are exactly that, "de facto public trustees" of the Library Board.

With regards to the reasons stated for this claim and coverage against the Friends and the Foundation, your explanation is irrelevant because those entities are not parties to the case and no claims for coverage have been asserted in their behalf.

I further note that your October 17th letter arrived quite late in the day given our request for quick consideration of the requested dissent and coverage communicated to MIIA. Given the Town of Wareham's attitude toward this lawsuit and its abrasive allegations against the individual trustees, there was little chance that an extension of time would have been given for response to the counterclaim. Please be advised that this office is keeping track of all time and effort and expense in defending the counterclaim and the trustees will look to MIIA for full reimbursement and/or payment of its fees as the case progresses, and/or in due time.

Please note that because the claim for coverage has a wholly legitimate basis in the pleadings, we have filed a third party action against MIIA in order to secure the benefits of the Town's insurance policy favoring the trustees.

My clients would welcome reconsideration of their claim for defense and/or indemnification if MIIA is willing to reconsider. If MIIA does not respond to its obligation, additional Chapter 93A claims will be considered at the appropriate time. In this regard, we would specifically point to G.L. c. 176D and the insurer's obligation to set forth a reason and clear statement for denial of coverage based on provisions in the insurance policy and the pleadings involved. So far, MIIA has not done so.

If you have any questions concerning this, I would be happy to discuss these problems with you.

Very truly yours,


PHILIP N. BEAUREGARD

PNB/aih

# EXHIBIT 2

# TANG & MARAVELIS, P.C.

50 Mall Road, Suite 111
Burlington, MA 01803
phone: 781-221-1400   fax: 781-221-1404

November 20, 2007

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Philip Beauregard, Esq.
Beauregard, Burke & Franco
The Andrew Robeson House
P.O. Box 952
New Bedford, MA 02740

Re: Counterclaim of Town of Wareham v. the Trustees of the Wareham Free Library Incorporated, the Wareham Library Foundation and the Wareham Friends of the Library, Incorporated.

Dear Mr. Beauregard:

This letter is in response to your letter dated October 24, 2007. Your letter purports to make a demand under G.L. c. 93A and c. 176D on behalf Wareham Friends of the Library, Inc. and its trustees. For the reasons set forth herein, the Massachusetts Interlocal Insurance Association (MIIA) denies that your letter constitutes a valid demand under the aforementioned statutes.

Preliminarily, while you appear to state that your letter is a demand for relief under G.L. c. 93A, your letter does not constitute a proper demand under G.L. c. 93A as it fails to describe in any reasonable way any unfair or deceptive acts or practices allegedly committed by the MIIA. *See Spring v. Geriatric Authority of Holyoke*, 394 Mass. 274, 287-89 (1985) (describing the jurisdictional prerequisites to a suit under G.L. c. 93A). Accordingly, this letter should not be construed in any way as an admission that your letter complies with the statutory requirements for such a demand. In any event, MIIA denies that it, or its agents, has or have committed any unfair, deceptive and/or unreasonable business practice under G.L. c.93A or that it has violated any statutory obligation under G.L. c. 176D which might form the basis of a claim under G.L. c. 93A.

It is our understanding that based on your letter, you are only representing the Wareham Free Library Inc. and its trustees. However, you are in error in your assertion that there are no counterclaims pending in the federal lawsuit against the Wareham Library Foundation and its officers and the Wareham Friends of the Library, Incorporated. In fact, in paragraph 2 of the counterclaim, all three entities are named as defendants in counterclaim. Since you are only representing the Wareham Free Library Inc. and its trustees, this letter will focus on them.

The Complaint drafted by you on behalf of the Wareham Free Library, Inc. and its trustees is instructive for our coverage analysis. In fact, you have pled in the Complaint that Wareham Free Library, Inc. is a private library corporation and that the trustees continue to serve in their private capacities, as trustees of the private library corporation. (Complaint, para. 14). Accordingly, by your own admission, the Wareham Free Library, Inc. is a private corporation. Under established Massachusetts law, pleadings are binding on the party making them. *Adiletto v. Brockton Cut Sole Corp.*, 322 Mass 110 (1947). Additionally, the counterclaim also alleges that the Wareham Free Library, Inc. is a private corporation with a business address at 59 Marion Road, Wareham, MA and that it is separate and distinct from the Wareham Free Library and not affiliated with the Wareham Free Library. (Counterclaim, para. 16, 17, and 18). Hence your complaint, and the counterclaim are in fact consistent.

In determining MIIA's coverage obligations MIIA is entitled to consider all facts known to it or readily knowable to it, including the counterclaim and Wareham Free Library, Inc.'s own complaint. *Hingham Mut. Fire Ins. Co. v. Niagara Fire Ins. Co.*, 46 Mass.App.Ct. 500, 502 (1999). Hence, it is clearly within MIIA's right to rely on the complaint drafted by your office on behalf of the Wareham Free Library, Inc. and the trustees. Additionally, you have misinterpreted Massachusetts case law as it pertains to an insurer's obligation to defend. Under the Massachusetts case law, the standard is "if the allegations in the Complaint are "reasonably susceptible" of an interpretation that they state or adumbrate a **claim** covered by the policy terms, the insurer must undertake the defense. *Sterilite Corp. v. Continental Cas. Co.*, 17 Mass.App.Ct. 316, 318 (1984). The allegation in the counterclaim that the Wareham Free Library Inc., and its trustees are "defacto public trustees" **is not a claim.** The only claims in the counterclaim are those causes of actions alleged in Counts I- IX.

Additionally, the term defacto trustee on its face also does not qualify as an insured. The Public Officials Policy provides coverage for **officially appointed** members of boards by the Town. The term defacto is defined as existing, but not officially approved. (Webster's New World Dictionary, 1996). For this reason as well, the Wareham Free Library, Inc., and its trustees are not insureds under the policy. They are also not insureds under the General Liability Policy definition of insured as they were not Town appointed. Furthermore there is no coverage under the General Liability Policy as there has been no claim for bodily injury, property damage, advertising injury, or personal injury.,

In summary, this office is again advising you that it is MIIA's position that the Wareham Free Library Inc. and its trustees are not insureds under the Public Officials Liability and General Liability Policy and that they are not entitled to coverage. As such, MIIA is again denying your

request for coverage. In denying your request, MIIA does not waive, but expressly reserves all rights it has under the policies and Massachusetts law whether enumerated herein or not. Additionally, neither this letter, nor any action or inaction by MIIA or this office should be construed as a waiver of any known or unknown further defenses to coverage. This letter in no way restricts MIIA from relying on or asserting any other grounds which are now available or which may become available to it in the future.

    Should you have further information that you would like MIIA to consider, please do not hesitate to forward it to this office.

                          Very truly yours,

                          TANG & MARAVELIS, P.C.

                          Arthur E. Maravelis

MIIA274ltrbeuregard