UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WAREHAM FREE LIBRARY, INC. and PRISCILLA PORTER, MARY NYMAN, HAZEL TABER, MICHELLE BAUM, SANDRA WHEELER, JOHN LANCI, MARTHA MAGUIRE, YELENA FARIOLI-BEAUPRE, and DIANE LAZARUS, Individually and as Trustees of the Wareham Free Public Library, Inc.,<br>    Plaintiffs/Defendants-in-Counterclaim/<br>    Third-Party Plaintiffs,<br><br>v.<br><br>THE TOWN OF WAREHAM and BRENDA ECKSTROM, BRUCE SAUVAGEAU, JOHN CRONAN, JAMES POTTER, and M. JANE DONAHUE, Individually and as Members of The Board of Selectmen of Wareham,<br>    Defendants/Plaintiffs-in-Counterclaim,<br><br>v.<br><br>MASSACHUSETTS INTERLOCAL INSURANCE ASSOCIATION,<br>    Third-Party Defendant. | CIVIL ACTION<br>NO.: 1:07-cv-11807-RGS |

**THIRD PARTY DEFENDANT, MASSACHUSETTS INTERLOCAL INSURANCE ASSOCIATION'S, OPPOSITION TO THE THIRD PARTY PLAINTIFFS' MOTION FOR LEAVE OF COURT TO FILE AMENDED THIRD PARTY COMPLAINT**

Now comes the Third Party Defendant, incorrectly named as the Massachusetts Interlocal Insurance Association and more properly named as MIIA Property and Casualty Group, Inc. (hereinafter "MIIA") and hereby opposes the Third Party Plaintiffs', Wareham Free Library, Inc. and its individually named Trustees, individually and as trustees ("Plaintiffs"), Motion for Leave of Court to File an Amended Third Party Complaint. As grounds therefore, MIIA states that the proposed amendments will be futile for the following reason: 1) MIIA is an entity formed under Massachusetts General

Laws Chapter 40M ("Chapter 40M") and, as such, is not subject to Massachusetts General Laws Chapter 176D ("Chapter 176D"); and accordingly cannot be held liable under Massachusetts General Laws Chapter 93A ("Chapter 93A") for alleged violations of M.G.L. c. 176D. For the above reasons stated below, MIIA respectfully requests that the Third Party Plaintiffs' motion be denied.

## FACTUAL BACKGROUND

MIIA is a governmental units pooled insurance entity of which the Town of Wareham ("Town") is a member. See Exhibit A, Affidavit of Michael E. Cusack and Chapter 40M, Certificate of Approval. MIIA was incorporated by the Massachusetts Municipal Association ("MMA") in 1982 as a nonprofit organization and is an entity formed under Chapter 40M, entitled "Governmental Units Pooled Insurance." Id. MIIA is a public employers self-insurance group formed for the purpose of pooling liabilities for property and casualty benefits for municipalities and public entities located in the Commonwealth of Massachusetts that are members in good standing of the MMA. The MMA is a nonprofit, nonpartisan association of Massachusetts cities and towns. Id. MIIA was issued a certificate of approval by the Commissioner of Insurance pursuant to Chapter 40M, §1. Id.

The Third Party Plaintiffs filed a complaint against MIIA alleging breach of contract (Count I), and seeking a declaratory judgment or injunctive relief (Count II). They now seek to amend their Third Party Complaint to add Count III – Violation of M.G.L. c. 93A, § 9/M.G.L. c. 176D.

## LEGAL ARGUMENTS

### I. The Third Party Plaintiffs' Proposed Amended Count III would be Futile and should therefore their motion should be denied

The Third Party Plaintiffs seek to add a new count against MIIA for alleged violations of Chapter 176D and Chapter 93A. "Although leave to amend 'shall be freely given when justice so requires,' plaintiffs do not have an absolute or automatic right to amend." United States ex rel. Lee v. Fairview Health Sys., 413 F.3d 748, 749 (8th Cir. 2005); see also Layfield v Bill Heard Chevrolet Co., 607 F2d 1097 (5th Cir. 1979). Leave to amend is freely given "absent an adequate basis to deny amendment such as futility, bad faith, undue delay or a dilatory motive." One Beacon Ins. Co. v. Electrolux & Sears Roebuck & Co., 223 F.R.D. 21, 24 (D. Mass. 2004); Emory v. Texas State Bd. of Medical Examiners, 748 F.2d 1023, 1027 (1984) (stating "[i]f the amendment would be futile, it may be disallowed."). Denying leave to amend is proper if to allow amendment would not avail the moving party or if the amended complaint is subject to summary dismissal, it being "mere matter of form whether [amended complaint] was accepted and then dismissed, or refused at the outset." United States ex rel. Brensilber v. Bausch & Lomb Optical Co., 131 F.2d 545, 547 (2nd Cir. 1942); see also Stephens v. Reed, 121 F.2d 696 (3rd Cir. 1941); Valdan Sportswear v Montgomery Ward & Co., 591 F. Supp. 1188 (S.D.N.Y. 1984) (concluding leave need not be granted to permit amendment embodying plainly defective claims.). For the reasons detailed below, Count III of the proposed Amended Third Party Complaint fails to state a valid legal claim against MIIA and must therefore be disallowed.[1]

---

[1] Furthermore, the "[f]unction of Rule 15 is to provide parties opportunity to assert new matters that may not have been known to them at time they filed their original pleadings." Johnson v Helicopter & Airplane Services Corp., 389 F. Supp. 509 (D. Md. 1974).

3

### A. MIIA is an entity formed under M.G.L. c. 40M and, as such, is not subject to M.G.L. c. 176D and, as a matter of law, cannot be held liable under M.G.L. c. 93A for alleged violations of M.G.L. c. 176D.

MIIA is a public employers self-insurance group formed pursuant to Chapter 40M, which is entitled "Governmental Units Pooled Insurance." As Chapter 40M expressly states: "a self-insurance group that is issued a certificate of approval by the commissioner **shall not be deemed to be insurers or insurance companies and shall not be subject to the provisions of the insurance laws and regulations of this commonwealth** except as otherwise provided herein." M.G.L. c. 40M, §1 (emphasis added). Such a self-insurance group consists of a minimum five (5) public entities "in which the governmental units are members, and [which] agree to effect such property and casualty insurance coverage as the governmental unit may otherwise purchase by itself." Id.

The Town of Wareham is a member of MIIA, which was established as a nonprofit, nonpartisan organization. Further, the Commissioner of Insurance issued a certificate of approval in accordance with Chapter 40M to MIIA. Therefore, MIIA is regarded as neither an insurer nor an insurance company, and MIIA is not subject to the insurance laws and regulations of the Commonwealth of Massachusetts. Accordingly, Chapter 176D does not apply to MIIA. Specifically, Chapter 176D proscribes "any trade practice which is defined in [Chapter 176D] or determined pursuant to section six of [Chapter 176D] to be an unfair method of competition of an unfair or deceptive act or practice **in the business of insurance**." M.G.L. c. 176D, §2 (emphasis added). Section 3(9) of Chapter 176D defines and proscribes unfair methods of competition and unfair or

deceptive acts or practices in the business of insurance, including unfair claim settlement practices.

The Third Party Plaintiffs seek to amend the Third Party Complaint for the purpose of adding Count III covering alleged violations of Chapter 176D and, as a result, Chapter 93A. Yet, MIIA is not subject to Chapter 176D because it is not an insurer or insurance company and is otherwise not subject to the insurance laws and regulations of the Commonwealth of Massachusetts. Nor is MIIA engaged "in the business of insurance," which is a prerequisite for Chapter 176D to apply.

The Third Party Plaintiffs rely on <u>Liquor Liability Joint Underwriting Ass'n of Massachusetts v. Great American Ins. Co. et al.</u>, 16 Mass. L. Rptr. 268 (2003), wherein the Liquor Liability Joint Underwriting Association of Massachusetts ("LLJUA") was found to be engaged in the business of insurance and therefore liable under Chapter 176D. However, the LLJUA was not formed pursuant to Chapter 40M as was MIIA. Therefore, the strict exclusion found in Chapter 40M excluding such entities from the Commonwealth's insurance laws and regulations was not considered in that case. The <u>LLJUA</u> court determined that an entity only falls within Chapter 176D and Chapter 93A "*if* and only if it engages in the 'business of insurance.'" <u>Id</u>. at *23 (emphasis in original). Citing the <u>Poznik</u> case, the court went on to define the "business of insurance" as "'profit driven business decisions about premiums, commissions, marketing, reserves and settlement policies and practices." <u>Id</u>. at *24.

As with the MMPIA in the <u>Poznik</u> case, pursuant to Chapter 40M, §12, MIIA is obligated to refund excess funds and can have no private profit. Unlike the LLJUA, MIIA has not exceeded its legislative mandate or commenced any profit making activity

5

which would qualify as engaged in the "business of insurance." The LLJUA court specifically distinguished the LLJUA from the MMPIA based on the fact that the former was "not constrained by an enabling statue expressly prohibiting profits or requiring that profits be returned to policyholders", a vital consideration in Poznik. Id. at *25.[2] Rather, it found the LLJUA to be "radically different" from the MMPIA. Id. MIIA, on the other hand, similar to the MMPIA, is statutorily required to return all profits thereby preventing it from realizing a profit. Thus, the Poznik ruling is controlling as to this matter.

Chapter 176D does not contain a private cause of action. Mahaney v. John Hancock Mut. Life Ins. Co., 6 Mass. App. Ct. 919, 921 (1978) ("G.L. c. 176D provides no remedy for private parties injured by deceptive insurance practices."); M. DeMatteo Cosntru. Co. v. Century Indemn. Co., 182 F. Supp. 2d 146, 159-60 (D. Mass. 2001). By comparison, an unfair claim settlement practice prohibited by §3(9) of Chapter 176D amounts to a cause of action enforceable under §9 of Chapter 93A. M.G.L. c. 93A, §9(1). A Chapter 93A claim founded upon unfair claim settlement practices fails where the defendant is not subject to Chapter 176D, which proscribes such practices. See, *e.g.*, Morrison v. Toys "R" Us, Inc., 441 Mass. 451, 458 (2004); Poznik v. Mass. Med. Prof. Ins. Ass'n, 417 Mass. 48 (1994); Barrett v. Mass. Insurers Insolvency Funds, 412 Mass. 774 (1992); see also Anzalone v. Mass. Bay Transp. Auth., 403 Mass. 119 (1988). In Morrison, for example, the Supreme Judicial Court observed that "[t]he concerns underlying the enactment of G.L. c. 176D and G.L. c. 93A cannot legitimately be extended to a self-insurer such as Toys, which had no contractual obligation to settle the plaintiff's claim and is not otherwise regulated by the Commonwealth for insurance

---

[2] The LLJUA court further relied on the fact that LLJUA had "identified itself with the 'business of insurance' when it filed its [93A] suit against Smola." 16 Mass. L. Rptr. at *27.

activities." 441 Mass. at 455. Accordingly, the Supreme Judicial Court, in Morrison, held that because Toys "R" Us "is not an insuring entity subject to standards imposed by G.L. c. 176D, §3(9), it cannot, as matter of law, be held liable under G.L. c. 93A for bad faith settlement practices." Id.

Similarly, in Poznik, the Massachusetts Medical Professional Insurance Association ("MMPIA") was not subject to Chapter 176D or Chapter 93A liability because it was not in the business of insurance. 417 Mass. at 50-51. The Supreme Judicial Court reasoned that the MMPIA "can have no private profit, assumes no risk of loss, and has no discretion on whom it insures or on rates." Id.. In Poznik, the Supreme Judicial Court observed that revenue in excess of the MMPIA's liabilities and expenses was returned to policyholders or kept as reserves for future liabilities. 417 Mass. at 51. Whereas the business of insurance implicates "profit driven business decisions about premiums, commissions, marketing, reserves and settlement policies and practices." Id. at 52.

The MMPIA was not subject to Chapter 93A as it lacked "the business context or business motive characteristics considered important in the case law" and operated as a government created and controlled entity. Id. Indeed, the purposes of Chapter 93A, which consist of deterring persons seeking to gain from unfair practices, are not served in non-business circumstances. Id. Therefore, the MMPIA did not operate in "trade or commerce," a prerequisite to liability under Chapter 93A. Id.; see also M.G.L. c. 93A, §2.

As is evident from the Proposed Amended Third Party Complaint, the sole basis for the Third Party Plaintiffs' new allegations is that MIIA violated Chapter 176D which, in turn, purportedly amounts to a violation of Chapter 93A. As in Morrison, and Poznik,

7

the Third Party Plaintiffs' allegations are fatally flawed because MIIA is exempt from the provisions of Chapter 176D. See Morrison, 441 Mass. at 455 (quoting M.G.L. c. 176D, §1(a)) ("The difficulty with the plaintiff's argument is that the conduct of which she complains, by the statute's own terms, is unlawful only when committed by entities 'engaged in the business of insurance.'"). In that regard, MIIA is not engaged in the business of insurance and is expressly exempt from liability for conduct proscribed by Chapter 176D as it is a Chapter 40M entity.[3]

In fact, MIIA shares similar characteristics as the MMPIA which was an entity found not to be subject to Chapter 93A liability as it does not engage in trade or commerce. MIIA is a non-profit association. Moreover, Section 12 of Chapter 40M obligates MIIA to return excess funds.

Since MIIA is a public employers self-insurance group formed pursuant to Chapter 40M, it is not subject to Chapter 176D. Significantly, MIIA cannot be held liable for unfair claim settlement practices in contravention of Chapter 176D. In turn, MIIA cannot be held liable for a Chapter 93A claim predicated upon Chapter 176D. Nor can MIIA be regarded as engaging in "trade or commerce" as required for Chapter 93A to apply. See M.G.L. c. 93A, §§2 and 9. Accordingly, the Third Party Plaintiff's

---

[3] Under Chapter 176D, a "person" consists of:

> any individual, corporation, association, partnership, reciprocal exchange, inter-insurer, Lloyds insurer, fraternal benefit society, operators of any medical service plan and hospital service plan as defined in chapters 176B, 176C, 176E and 176F, carriers and health maintenance organizations as defined in chapter 176G, insurers and sponsors of a legal services plan as defined in chapter 176H, any other legal entity or self insurer which is engaged in the business of insurance, including agents, brokers, and adjusters, the Massachusetts Insurers Insolvency Fund and any joint underwriting association established pursuant to law...

M.G.L. c. 176D, §1(a). The aforementioned definition of "person" fails to expressly include a Chapter 40M entity. Moreover, a Chapter 40M entity, such as MIIA, is clearly excluded from the aforementioned definition of a "person" because it is not "engaged in the business of insurance" under the aegis of Section 1 of Chapter 40M.

allegations against MIIA under the proposed Count III are insufficient as a matter of law thereby making the purposed amendment futile.

## CONCLUSION

For all the foregoing reasons, the Third Party Defendant, MIIA, respectfully requests that the Court deny the Third Party Plaintiffs' Motion for Leave of Court to File Amended Third Party Complaint.

Dated: 7/28/08

Respectfully submitted,
The Third Party Defendant,
By its attorneys,

TANG & MARAVELIS, P.C.

/s/ Arthur E. Maravelis

Arthur E. Maravelis (564673)
50 Mall Road, Suite 111
Burlington, MA 01803
781-221-1400
amaravelis@tangamaravelis.com

### Certificate of Service

In accordance with the Electronic Case Filing ("ECF") Administrative Procedures of the United States District Court for the District of Massachusetts, I, Arthur E. Maravelis, hereby certify that a true copy of the above document was filed through the ECF system and will be sent electronically to registered participants as identified on the Notice of Electronics Filing ("NEF") and that paper copies will be served upon those indicated as non-registered participants by first class mail on July 28, 2008

/s/ Arthur E. Maravelis

Arthur E. Maravelis

MIIA274 Opp to Mtn to Amend

9

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WAREHAM FREE LIBRARY, INC. and PRISCILLA PORTER, MARY NYMAN, HAZEL TABER, MICHELLE BAUM, SANDRA WHEELER, JOHN LANCI, MARTHA MAGUIRE, YELENA FARIOLI-BEAUPRE, and DIANE LAZARUS, Individually and as Trustees of the Wareham Free Public Library, Inc., <br> Plaintiffs/Defendants-in-Counterclaim/ Third-Party Plaintiffs, <br> v. <br> THE TOWN OF WAREHAM and BRENDA ECKSTROM, BRUCE SAUVAGEAU, JOHN CRONAN, JAMES POTTER, and M. JANE DONAHUE, Individually and as Members of The Board of Selectmen of Wareham, <br> Defendants/Plaintiffs-in-Counterclaim, <br> v. <br> MASSACHUSETTS INTERLOCAL INSURANCE ASSOCIATION, <br> Third-Party Defendant. | CIVIL ACTION NO: 1:07-CV-11807-RGS |

## AFFIDAVIT OF MICHAEL E. CUSACK

I, Michael E. Cusack, under oath, depose and state the following:

1. The following affidavit is based on my own personal knowledge.

2. I am currently the Vice-President of Claims Operations for the MIIA Property and Casualty Group, Inc. ("MIIA").

3. MIIA is a governmental units pooled insurance entity in which the Town of Wareham is a member.

4. MIIA was incorporated by the Massachusetts Municipal Association ("MMA") in 1982 as a non-profit organization and an entity formed under M.G.L. c. 40M, entitled "Governmental Units Pooled Insurance".

5. MIIA is a public employer self insurance group formed for the purpose of pooling liabilities for property and casualty benefits for municipalities and public entities located within the Commonwealth of Massachusetts that are members in good standing of the MMA.

6. MMA is a non-profit, non-partisan association of Massachusetts cities and towns.

7. MIIA has been issued a certificate of approval by the Commissioner of Insurance pursuant to M.G.L. c. 40M, §1. Said certificate is attached hereto as Exhibit "A".

Signed under the pains and penalties of perjury this 28th day of July, 2008.

Michael E. Cusack
Vice-President Claims Operations
MIIA Property and Casualty Group, Inc.

MIIA274 AFF CUSACK

2





# THE COMMONWEALTH OF MASSACHUSETTS
EXECUTIVE OFFICE OF CONSUMER AFFAIRS AND BUSINESS REGULATION
## DIVISION OF INSURANCE
100 CAMBRIDGE STREET, BOSTON 02202
(617) 727-7189

PETER HIAM
COMMISSIONER OF INSURANCE

## CERTIFICATE OF APPROVAL

Date: May 26, 1987

I, Peter Hiam, Commissioner of Insurance for the Commonwealth of Massachusetts hereby certify that the

MIIA Property and Casualty Group, Inc.

has complied with the laws of this Commonwealth relating to public employers self-insurance groups as defined in Massachusetts General Law, Chapter 40 M, Section 4 for the purpose of pooling the liabilities for property and casualty benefits for municipalities and public entities located in the Commonwealth of Massachusetts.

This certificate shall remain in effect until terminated or revoked in accordance with law.



In witness whereof, I have affixed the official seal of this Division at the City of Boston, the date appearing above.

_____
Commissioner of Insurance