UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-11807-RGS

WAREHAM FREE LIBRARY, INC. and
PRISCILLA PORTER, MARY NYMAN, HAZEL TABER,
MICHELLE BAUM, SANDRA WHEELER, JOHN LANCI,
MARTHA MAGUIRE, YELENA FARIOLI-BEAUPRE, and
DIANE LAZARUS, Individually and As Trustees of Wareham
Free Library, Inc.

v.

THE TOWN OF WAREHAM

and

BRENDA ECKSTROM, BRUCE SAUVAGEAU, JOHN
CRONAN, JAMES POTTER, and M. JANE DONAHUE,
Individually and As Members of The Board of Selectmen of
Wareham

v.

FRIENDS OF THE WAREHAM FREE LIBRARY, INC.,
and THE WAREHAM LIBRARY FOUNDATION, INC.

v.

MASSACHUSETTS INTERLOCAL
INSURANCE ASSOCIATION

ORDER ON THIRD PARTY PLAINTIFFS'
MOTION FOR LEAVE TO FILE AMENDED
THIRD PARTY COMPLAINT

August 14, 2008

STEARNS, D.J.

Plaintiff Wareham Free Library, Inc. (Wareham) and its Trustees seek leave to file

an Amended Third Party Complaint against third party defendant Massachusetts Interlocal

Insurance Association (MIIA). Wareham's amended pleading would correct the name of the third party defendant by substituting its proper corporate name, MIIA Property and Casualty Group, Inc., and asserting an additional claim against MIIA under Mass. Gen. Laws chs. 93A and 176D.

MIIA is a non-profit self-insurance group created under Mass. Gen. Laws ch. 40M (Governmental Units Pooled Insurance) for the purpose of pooling liability for property and casualty claims against Massachusetts municipalities and public entities. Chapter 40M provides that "[a] self-insurance group that is issued a certificate of approval by the commissioner shall not be deemed to be [an insurer] or insurance [company] and shall not be subject to the provisions of the insurance laws and regulations of this commonwealth." Mass. Gen. Laws ch. 40M, § 1. In order for ch. 93A or ch. 176D to apply to MIAA, it must be engaged in "trade or commerce" and "have the business context or business motive characteristics considered important in the case law." Poznick v. Massachusetts Med. Prof'l Ins. Ass'n, 417 Mass. 48, 52 (1994) ("[W]hether a transaction occurs in a business context [under ch. 93A] must be determined by the facts of each case. The factors we consider include 'the nature of the transaction, the character of the parties and their activities, and whether the transaction was motivated by business or personal reasons.'"), quoting All Seasons Servs., Inc. v. Comm'r of Health & Hosps. of Boston, 416 Mass. 269, 271 (1993).

While Wareham asserts that MIAA's "denial of coverage and refusal to provide a defense and indemnification" violates ch. 176D and ch. 93A, the third party plaintiffs plead no facts to support its assertion that MIIA operates in "trade or commerce," a prerequisite to liability under those statutes. See Barrett v. Massachusetts Insurers Insolvency Fund,

2

412 Mass. 774, 777 (1992) (finding that the Massachusetts Medical Professional Insurance Association was not subject to suit under ch. 93A or ch. 176D because it was "motived by legislative mandate, and not business or personal reasons."). Nor does the amended complaint contain allegations that MIAA has acted in a business context so as "to obliterate the necessary distinction between it and insurance businesses in the voluntary market." See Liquor Liab. Joint Underwriting Ass'n of Massachusetts v. Great Am. Ins. Co., 16 Mass. L. Rptr. 268, 2003 WL 21048793, *26 (Mass. Super. 2003). Consequently, the Motion to Amend the Complaint to add Count III is DENIED. So much of the motion as seeks to correct the name of the third party defendant to MIIA Property and Casualty Group, Inc. is ALLOWED.

        SO ORDERED.

        /s/ Richard G. Stearns

        _____
        UNITED STATES DISTRICT JUDGE