UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 07-CV-11807 RGS

WAREHAM FREE LIBRARY, INC. and
PRISCILLA PORTER, MARY NYMAN, HAZEL TABER,
MICHELLE BAUM, SANDRA WHEELER, JOHN LANCI,
MARTHA MAGUIRE, YELENA FARIOLI-BEAUPRE, and
DIANE LAZARUS, Individually and As Trustees of Wareham
Free Library, Inc.

       Plaintiffs / Defendants in Counterclaim /
       Plaintiffs in Counterclaim for Indemnification /
       Third Party Plaintiffs

v.

THE TOWN OF WAREHAM

       Defendant / Plaintiff in Counterclaim /
       Defendant in Counterclaim for Indemnification

and

BRENDA ECKSTROM, BRUCE SAUVAGEAU, JOHN
CRONAN, JAMES POTTER, and M. JANE DONAHUE,
Individually and As Members of The Board of Selectmen of
Wareham
       Defendants

v.

FRIENDS OF THE WAREHAM FREE LIBRARY, INC.,
and THE WAREHAM LIBRARY FOUNDATION, INC.

       Defendants in Counterclaim

v.

MIIA PROPERTY AND CASUALTY GROUP, INC.

       Third Party Defendant

**AMENDED ANSWER TO COUNTERCLAIM BY
THE WAREHAM LIBRARY FOUNDATION, INC. AND
ITS INDIVIDUALLY NAMED OFFICERS AND DIRECTORS
(Leave to File Granted on August 20, 2008)**

1

1. Admitted, but denied that the Defendant Selectmen (officially) have the right or authority to assert the subject Counterclaim.

2. Admitted that the current Trustees of the Wareham Free Library, Inc., Friends of the Wareham Free Library, Inc., and The Wareham Library Foundation, Inc. and some of its officers and directors are named as defendants in counterclaim. All other factual allegations are denied. No response is required to legal conclusions.

3. Defendants in Counterclaim are without sufficient knowledge to admit or deny.

4. All factual allegations are admitted. No response is required to legal conclusions.

5. All factual allegations are admitted. No response is required to legal conclusions.

6. All factual allegations are admitted. No response is required to legal conclusions.

7. Denied that Michelle Baum is the Clerk of The Wareham Library Foundation, Inc. Otherwise, admitted. No response is required to legal conclusions.

8. All factual allegations are admitted. No response is required to legal conclusions.

9. Denied that John Lanci is the President of The Wareham Library Foundation, Inc. Otherwise, admitted. No response is required to legal conclusions.

10. Denied that Martha Maguire is a director of The Wareham Library Foundation, Inc. Otherwise, admitted. No response is required to legal conclusions.

11. Denied that Yelena Farioli-Beaupre is a director of The Wareham Library Foundation, Inc. Otherwise, admitted. No response is required to legal conclusions.

12. All factual allegations are admitted. No response is required to legal conclusions.

13. Denied that Ann Bower is a director of The Wareham Library Foundation, Inc. Defendants in Counterclaim are without sufficient knowledge to admit or deny the remaining factual allegations. No response is required to legal conclusions.

14. Defendants in counterclaim state that Marsha Markir has passed away.

15. Admitted.

16. Admitted.

17. Denied.

18. Denied.

19. Denied.

20. This paragraph states a legal conclusion to which no response is required.

21. Denied.

22. Admitted.

23. This paragraph states a legal conclusion to which no response is required.

24. Defendants in counterclaim are without sufficient knowledge to admit or deny.

25. Denied.

26. Admitted, except to the extent that allegations in this paragraph suggest that the Library is funded solely by Town money.

27. Denied.

28. Admitted that the individuals named in this paragraph were the legally appointed Trustees of Wareham Free Library, Inc. Otherwise, denied.

29. The document speaks for itself.

30. Denied.

31. Admitted that plaintiff Trustees were not appointed by the Board of Selectmen. Otherwise, denied.

32. The document speaks for itself.

33. The document speaks for itself.

34. Admitted that the Board of Selectmen made the alleged statements. Otherwise, denied.

35. Admitted that the Board of Selectmen made the alleged statements. Otherwise, denied.

36. Admitted that the Board of Selectmen made the alleged statements. Otherwise, denied.

37. Admitted that plaintiff Trustees did not complete applications for reappointment. Otherwise, denied.

38. Denied.

39. Denied.

40. Denied.

41. The document speaks for itself.

42. The document speaks for itself.

43. Admitted that the privately donated funds were transferred to The Wareham Library Foundation, Inc. Otherwise, denied.

44. This paragraph states a legal conclusion to which no response is required. Otherwise, denied.

45. The document speaks for itself.

46. Admitted that some gifts, donations and bequests were transferred into a fund held with Franklin Templeton Investments. Otherwise, denied.

47. This paragraph states a legal conclusion to which no response is required. Otherwise, denied.

48. Denied.

49. Admitted that Friends of The Wareham Free Library, Inc. received funds for the purpose of purchasing equipment for the Spinney Memorial Branch Library, which was (and is) intended to be a branch of Wareham Free Library. Otherwise, denied.

50. Denied.

51. This paragraph states a legal conclusion to which no response is required. Otherwise, denied.

52. This paragraph states a legal conclusion to which no response is required. Otherwise, denied.

53. Denied.

54. This paragraph states a legal conclusion to which no response is required. Otherwise, denied.

55. This paragraph states a legal conclusion to which no response is required. Otherwise, denied.

56. Denied.

57. Denied.

58. The document speaks for itself.

59. Denied.

60. Denied.

61. Denied. No response is required to legal conclusions.

62. Denied.

63. Denied.

## COUNT I – CONVERSION

64. Defendants in Counterclaim repeat their responses to paragraphs 1 through 63.

65. Denied.

66. Denied.

67. Denied.

## COUNT II – VIOLATION OF
## THE PUBLIC RECORDS LAW

68-73. Count II does not pertain to or reference The Wareham Library Foundation, Inc., and therefore no response is required. To the extent this Count is deemed to pertain to the Library Foundation, all factual allegations are denied, and no response is required to any legal conclusions set forth therein.

## COUNT III – CIVIL CONSPIRACY

74. Defendants in Counterclaim repeat their responses to paragraphs 1 through 73.

75. Denied.

76. Denied.

## COUNT IV – NEGLIGENCE

77-81. Count IV does not pertain to or reference The Wareham Library Foundation, Inc., and therefore no response is required. To the extent this Count is deemed to pertain to the Library

Foundation, all factual allegations are denied, and no response is required to any legal conclusions set forth therein.

### **COUNT V – VIOLATION OF**
### **THE CONFLICT OF INTEREST LAW**

82. Defendants in Counterclaim repeat their responses to paragraphs 1 through 81.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

### **COUNT VI – DECLARATORY JUDGMENT**
### **VIOLATION OF THE ANTI-AID AMENDMENT**

89-93. Count VI does not pertain to or reference The Wareham Library Foundation, Inc., and therefore no response is required. To the extent this Count is deemed to pertain to the Library Foundation, all factual allegations are denied, and no response is required to any legal conclusions set forth therein.

### **COUNT VII – DECLARATORY JUDGMENT**
### **VIOLATION OF G.L. c. 44, § 53A**

94-99. Count VII does not pertain to or reference The Wareham Library Foundation, Inc.,

and therefore no response is required. To the extent this Count is deemed to pertain to the Library Foundation, all factual allegations are denied, and no response is required to any legal conclusions set forth therein.

### COUNT VIII – VIOLATION OF G.L. c. 44, § 53

100-105. Count VIII does not pertain to or reference The Wareham Library Foundation, Inc., and therefore no response is required. To the extent this Count is deemed to pertain to the Library Foundation, all factual allegations are denied, and no response is required to any legal conclusions set forth therein.

### COUNT IX – DECLARATORY JUDGMENT
### (The Wareham Free Library is a Department of the Town of Wareham)

106-116. Count IX does not pertain to or reference The Wareham Library Foundation, Inc., and therefore no response is required. To the extent this Count is deemed to pertain to the Library Foundation, all factual allegations are denied, and no response is required to any legal conclusions set forth therein.

### AFFIRMATIVE DEFENSES

1. Plaintiff in Counterclaim fails to state claims upon which relief can be granted, Fed.R.Civ.P. 12(b)(6).

2. Plaintiff in Counterclaim has not complied with G.L. c. 258 and other applicable statutory requirements.

3. Plaintiff in Counterclaim lacks standing to assert all claims.

4. Defendants in Counterclaim are immune.

5. Plaintiff in Counterclaim's claims are barred by applicable statutes of limitations.

6. Plaintiff in Counterclaim's claims are barred by laches.

7. Plaintiff in Counterclaim's claims are barred by waiver.

8. Plaintiff in Counterclaim's claims are barred by estoppel.

9. Plaintiff in Counterclaim is contributory negligent.

10. Plaintiff in Counterclaim has not sustained any damages.

11. Plaintiff in Counterclaim's damages, if any, were not caused by Defendants in Counterclaim.

12. Liability of Defendants in Counterclaim is limited by M.G.L. c. 231, § 85K.

13. Liability of officers and directors of The Wareham Library Foundation, Inc. is limited by M.G.L. c. 180, § 6C.

14. Liability of officers and directors of The Wareham Library Foundation, Inc. is limited by M.G.L. c. 180A, § 8.

15. Liability of officers and directors of The Wareham Library Foundation, Inc. is limited by M.G.L. c. 231, § 85W.

16. Plaintiff in Counterclaim's claims are barred because Plaintiff in Counterclaim has failed to seek leave of court to add The Wareham Library Foundation, Inc. and/or its officers and directors as parties.

**WHEREFORE**, Defendants in Counterclaim respectfully request the following relief:

1. Judgment for Defendants in Counterclaim on all counts of the Counterclaim;

2. Dismissal of the Counterclaim, with prejudice;

3. Award of all legal costs and fees for the defense of the Counterclaim, including attorney's fees pursuant to M.G.L. c. 231, § 6F;

4. Such other relief as the Court may deem just and proper.

DEFENDANTS IN COUNTERCLAIM,

The Wareham Library Foundation, Inc., and
Its individually named officers and directors,
In their official capacity,

By Their Attorneys,
BEAUREGARD, BURKE & FRANCO


/ S / Timour Zoubaidoulline
_____
TIMOUR ZOUBAIDOULLINE, BBO # 656212
32 William Street, New Bedford, MA 02740
Tel. 508-993-0333
bbf.robeson@verizon.net
bbf.tzoubaidoulline@verizon.net

Dated: August 21, 2008

## CERTIFICATE OF SERVICE

In accordance with the Electronic Case Filing ("ECF") Administrative Procedures of the United States District Court for the District of Massachusetts, I, Timour Zoubaidoulline, hereby certify that the foregoing document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and that paper copies will be sent to those indicated as non-registered participants by first class mail on August 21, 2008.

/ S / Timour Zoubaidoulline
_____
TIMOUR ZOUBAIDOULLINE, BBO # 656212
