UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WAREHAM FREE LIBRARY, INC. and PRISCILLA PORTER, MARY NYMAN, HAZEL TABER, MICHELLE BAUM, SANDRA WHEELER, JOHN LANCI, MARTHA MAGUIRE, YELENA FARIOLI-BEAUPRE, and DIANE LAZARUS, Individually and as Trustees of the Wareham Free Public Library, Inc., <br>         Plaintiffs/Defendants-in-Counterclaim/ <br>         Plaintiffs in Counterclaim for Indemnification/ <br>         Third-Party Plaintiffs, <br><br>v. <br><br>THE TOWN OF WAREHAM, <br>         Defendants/Plaintiffs-in-Counterclaim/ <br>         Defendant in Counterclaim for Indemnification, <br><br>and <br><br>BRENDA ECKSTROM, BRUCE SAUVAGEAU, JOHN CRONAN, JAMES POTTER, and M. JANE DONAHUE, Individually and as Members of The Board of Selectmen of Wareham, <br>         Defendants, <br><br>v. <br><br>FRIENDS OF THE WAREHAM FREE LIBRARY, INC. and THE WAREHAM LIBRARY FOUNDATION, INC., <br>         Defendants in Counterclaim, <br><br>v. <br><br>MIIA PROPERTY AND CASUALTY GROUP, INC., <br>         Third-Party Defendant. | CIVIL ACTION NO.: 1:07-CV-11807-RGS |

**THIRD PARTY DEFENDANT, MIIA PROPERTY AND CASUALTY GROUP, INC.'S, MOTION FOR A PROTECTIVE ORDER REGARDING PORTIONS OF THE THIRD PARTY PLAINTIFFS' NOTICE OF DEPOSITION ON MIIA PROPERTY AND CASUALTY GROUP PURSUANT TO RULE 30(b)(6)**

Now comes the Third Party Defendant, MIIA Property and Casualty Group, Inc. (hereinafter "MIIA"), and hereby requests this Honorable Court to issue a Protective Order to preclude the Third Party Plaintiffs' , Wareham Free Library, Inc. and its individually named Trustees, individually and as trustees ("Third Party Plaintiffs") from questioning the Rule 30(b)(6) deponent from MIIA on certain topics listed in the deposition notices Schedule A, and preclude the production of certain documents listed in the notices attached Schedule B. The parties have agreed to postpone the deposition until after the Court's ruling on this Motion. As grounds in support hereof, the Third Party Defendant states the following:

1. The Third Party Plaintiffs filed a complaint against MIIA alleging breach of contract (Count I), and seeking a declaratory judgment or injunctive relief (Count II).[1]

2. The dispute which has resulted in the Third Party Complaint against MIIA is based solely on MIIA's denial of coverage and refusal to provide a defense to the Third Party Plaintiffs based on MIIA's determination that the Third Party Plaintiffs not covered insureds under the applicable policy issued by MIIA to the Town of Wareham.

3. On or about December 23, 2008, the Third Party Plaintiffs issued a Notice of Taking Deposition pursuant to Rule 30(b)(6) for the deposition of MIIA. Said Notice included a Schedule A "TOPICS" and a Schedule B "DOCUMENTS". **See Exhibit A** attached hereto, a true and accurate copy of said Notice of Taking Deposition ("Notice").

4. All but three (3) of the "TOPICS" listed in Schedule A of the Third Party Plaintiffs' Notice, to be inquired about at the time of said deposition, address the business operations of MIIA and its claims handling. Such topics have no relation to whether the Third Party Plaintiffs are covered insureds and therefore are overly broad, unduly burdensome, not properly limited as to time, and seek information which is irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence.

---

[1] The Third Party Plaintiffs' Motion to amend the Third Party Complaint to include an additional count for violation of M.G.L. c. 93A/176D was previously denied by this court.

5.  Similarly, numerous "DOCUMENTS" listed in Schedule B of the Third Party Plaintiffs' Notice, to be produced by MIIA at the time of said deposition, seek business records, underwriting and claims files, and claims manuals. Such documents have no relation to the coverage issue and therefore are overbroad, unduly burdensome, not properly limited as to time, and seek information which is irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence.

6.  Additionally, numerous "DOCUMENTS" listed in Schedule B seek documents protected by attorney-client privilege and/or constitute attorney work product and therefore should be stricken from the Notice.

For all the foregoing reasons, the Third Party Defendant, MIIA, respectfully requests that the Court preclude any questioning on "TOPICS" numbers 3, 4,5, 6, & 8 in the attached Schedule A to the Notice of Deposition and preclude the production of any "DOCUMENTS" identified in numbers1 through 7 (with the exception of 1c and 1g) of the Attached Schedule B to the Notice of Deposition from the Third Party Plaintiffs', Wareham Free Library, Inc. and its individually named Trustees, individually and as trustees. The Third-Party Defendant relies on arguments in its memorandum filed in support of this motion.

REQUEST FOR ORAL ARGUMENT

The Third Party Defendant MIIA requests a hearing for oral argument on this motion.

Dated: _____

Respectfully submitted,
The Third Party Defendant,
By its attorneys,
TANG & MARAVELIS, P.C.

/s/ **Arthur E. Maravelis**

Arthur E. Maravelis (564673)
50 Mall Road, Suite 111
Burlington, MA 01803
781-221-1400
amaravelis@tangamaravelis.com

## CERTIFICATE OF SERVICE

In accordance with the Electronic Case Filing ("ECF") Administrative Procedures of the United States District Court for the District of Massachusetts, I, Arthur E. Maravelis, hereby certify that a true copy of the above document was filed through the ECF system and will be sent electronically to registered participants as identified on the Notice of Electronics Filing ("NEF") and that paper copies will be served upon those indicated as non-registered participants by first class mail on January 23, 2009

**/s/ Arthur E. Maravelis**

_____

Arthur E. Maravelis

## LOCAL RULE 7.1 AND LOCAL RULE 37.1 CERTIFICATION

I, Arthur E. Maravelis, hereby certify that a discovery conference was held on January 14, 2009 at 10:00 am with Attorney Michael Franco in an attempt to resolve this discovery dispute, and the parties were unable to resolve the dispute thus necessitating this motion.

**/s/ Arthur E. Maravelis**

_____

Arthur E. Maravelis

Miia274mtnprotectiveorder

EXHIBIT "A"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 07-CV-11807 RGS

WAREHAM FREE LIBRARY, INC. and
PRISCILLA PORTER, MARYNYMAN, HAZEL
TABER, MICHELLE BAUM, SANDRA WHEELER,
JOHN LANCI, MARTHA MAGUIRE, YELENA
FARIOLI-BEAUPRE, and DIANE LAZARUS,
Individually and As Trustees of Wareham Free
Library, Inc.

        Plaintiffs / Defendants in Counterclaim /
        Plaintiffs in Counterclaim for Indemnification /
        Third Party Plaintiffs

v.

THE TOWN OF WAREHAM

        Defendant / Plaintiff in Counterclaim /
        Defendant in Counterclaim for Indemnification

and

BRENDA ECKSTROM, BRUCE SAUVAGEAU,
JOHN CRONAN, JAMES POTTER, and M. JANE
DONAHUE, Individually and As Members of The
Board of Selectmen of Wareham

        Defendants

v.

FRIENDS OF THE WAREHAM FREE LIBRARY, INC.,
and THE WAREHAM LIBRARY FOUNDATION, INC.

        Defendants in Counterclaim

v.

MIIA PROPERTY AND CASUALTY GROUP, INC.

        Third Party Defendant

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

1

## NOTICE OF TAKING DEPOSITION

TO:   Arthur E. Maravelis
      TANG & MARAVELIS, P.C.
      50 Mall Road, Suite 111
      Burlington, MA 01803

Please take notice that at 1:30 p.m., on Thursday, January 22, 2009, at the Law

Offices of Beauregard, Burke & Franco, 32 William Street, New Bedford,

Massachusetts 02740, the Third Party Plaintiffs in this action, by their attorneys, will

take the deposition upon oral examination of **MIIA Property and Casualty Group,**

**Inc.** **("MJIA")**, pursuant to the provisions of Rule 30(b)(6).

Please note that Rule 30(b)(6) requires the deponent to designate one or more

of its officers, directors or agents (or other person) to testify.  The person or persons

so designated must testify as to matters known or reasonably available to the

deponent.

The topics for examination are specified on Schedule A hereto.

Pursuant to Rule 34, the deponent is required to produce the documents

identified in Schedule B hereto at the deposition.

The oral examination will continue from day to day until completed.

                                      The Plaintiffs,
                                      By their Attorneys,

                                      BEAUREGARD, BURKE & FRANCO

                                      PHILIP N. BEAUREGARD, BBO # 034870
                                      32 William Street, New Bedford, MA 02740
                                      Tel. No.: 508-993-0333

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

Dated:  December 23, 2008

2

# SCHEDULE "A"

## (TOPICS)

1.   All facts relating to MIIA's denial of defense and indemnity to Third Party Plaintiffs.

2.   The contents of MIIA's claim file relating to the claim against Third Party Plaintiffs.

3.   All facts relating to the conduct of MIIA's operations since 1982.

4.   All facts relating to MIIA's use of servicing carriers since 1982.

5.   All facts relating to MIIA's financial condition since 1982, including but not limited to net losses, net income, and the treatment of deficits or surpluses.

6.   All facts relating to MIIA's marketing/promotional activities since 1982.

7.   All facts relating to MIIA's relationship with the Town of Wareham, whether contractual or otherwise.

8.   All facts relating to MIIA's policies, practices and procedures that relate in any way to the handling of claims of like character to the claim at issue in this action.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

3

# SCHEDULE "B"

# (DOCUMENTS)

1.     MIIA's complete claims files relating to the claim at issue in this action, whether     maintained in MIIA's field office, regional office, home office, or any other office,   including without limitation:

a.     All letters, memoranda, and other forms of written or computerized communication to or from any employee of MIIA relating in any way to the processing of the claim at issue in this action;

b.     All written or computerized records of any oral communication, whether in person or by telephone, to or from any employee of MIIA relating in any way to the processing of the claim at issue in this action;

c.     All written or computerized communication and written or computerized records of oral communications, whether in person or by telephone, between any employee of MIIA and Third Party Plaintiffs relating in any way to the claim at issue in this action;

d.     All written or computerized communication and written or computerized records of oral communications, whether in person or by telephone, between any employee of MIIA and any third party relating in any way to the claim at issue in this action;

e.     All written or computerized records of any investigation conducted in connection with the claim at issue in this action;

4

f.  All written or computerized communication and written or computerized records of oral communications, whether in person or by telephone, to or from any employee of MIIA relating in any way to the decision to deny coverage for Third Party Plaintiffs;

g.  All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between third-party plaintiffs and any employee of MIIA relating in any way to the decision to deny coverage for Third Party Plaintiffs;

h.  All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of MIIA and any third party relating in any way to the decision to deny coverage for Third Party Plaintiffs;

i.  All other written or computerized documents pertaining to the claim at issue in this litigation;

j.  The file folders in which the preceding documents are kept.

2.  MIIA's complete underwriting files referring or relating in any way to the policy at issue in this action, including without limitation;

a.  All letters, memoranda, and other forms of written or computerized communication and written or computerized records of oral

5

communications, whether in person or by telephone, referring or relating in any way to the issuance of the policy at issue in this action.

b.    The file folders in which the preceding documents are kept.

3.    All claims manuals, memoranda, directives, letters, and other forms of written or computerized communication directed to claims personnel, claims managers, claims supervisors, or any other person acting on behalf of MIIA in the handling of claims, that refer or relate in any way to the handling of claims generally or to the handling of claims of like character to the claim at issue in this action, including without limitation;

a.    the documents reflecting MIIA's claim settlement policies as they existed at the time MIIA denied coverage for the claim at issue in this action;

b.    the documents reflecting any subsequent changes of policy.

4.    All financial statements for MIIA from 1982 to date.

5.    All contracts between MIIA and servicing carriers from 1982 to date.

6.    All minutes of meetings of MIIA's Board of Directors from 1982 to date.

7.    All documents evidencing or relating to marketing/promotional plans for MIIA from 1982 to date.

8.    All contracts between MIIA and the Town of Wareham, including but not limited to any liability insurance policies in effect from 2006 to date.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

6

## CERTIFICATE OF SERVICE

I, PHILIP N. BEAUREGARD, hereby certify that I have served true copies of the foregoing by facsimile and first class mail on all counsel of record on this 23rd day of December, 2008.

PHILIP N. BEAUREGARD -- BBO #034780

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740