UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WAREHAM FREE LIBRARY, INC. and PRISCILLA PORTER, MARY NYMAN, HAZEL TABER, MICHELLE BAUM, SANDRA WHEELER, JOHN LANCI, MARTHA MAGUIRE, YELENA FARIOLI-BEAUPRE, and DIANE LAZARUS, Individually and as Trustees of the Wareham Free Public Library, Inc., <br>    Plaintiffs/Defendants-in-Counterclaim/ <br>    Plaintiffs in Counterclaim for Indemnification/ <br>    Third-Party Plaintiffs, <br><br> v. <br><br> THE TOWN OF WAREHAM, <br>    Defendants/Plaintiffs-in-Counterclaim/ <br>    Defendant in Counterclaim for Indemnification, <br><br> and <br><br> BRENDA ECKSTROM, BRUCE SAUVAGEAU, JOHN CRONAN, JAMES POTTER, and M. JANE DONAHUE, Individually and as Members of The Board of Selectmen of Wareham, <br>    Defendants, <br><br> v. <br><br> FRIENDS OF THE WAREHAM FREE LIBRARY, INC. and THE WAREHAM LIBRARY FOUNDATION, INC., <br>    Defendants in Counterclaim, <br><br> v. <br><br> MIIA PROPERTY AND CASUALTY GROUP, INC., <br>    Third-Party Defendant. | CIVIL ACTION NO.: <br> 1:07-CV-11807-RGS |

**THIRD PARTY DEFENDANT,
MIIA PROPERTY AND CASUALTY GROUP, INC.'S, MEMORANDUM IN
SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER REGARDING THE
THIRD PARTY PLAINTIFFS' NOTICE OF DEPOSITION ON MIIA
PROPERTY AND CASUALTY GROUP PURSUANT TO RULE 30(b)(6)**

Now comes the Third Party Defendant, MIIA Property and Casualty Group, Inc. (hereinafter "MIIA"), and hereby requests this Honorable Court to issue a Protective Order to preclude the Third Party Plaintiffs' , Wareham Free Library, Inc. and its individually named Trustees, individually and as trustees ("Third Party Plaintiffs") from questioning the Rule 30(b)(6) deponent from MIIA on certain topics listed in the deposition notice's Schedule A, and preclude the production of certain documents listed in the notices attached Schedule B. As grounds in support hereof, the Third Party Defendant, MIIA, states the following:

1. The Third Party Plaintiffs filed a complaint against MIIA alleging breach of contract (Count I), and seeking a declaratory judgment or injunctive relief (Count II).[1]

2. The dispute which has resulted in the Third Party Complaint against MIIA is based solely on MIIA's denial of coverage and refusal to provide a defense to the Third Party Plaintiffs based on MIIA's determination that the Third Party Plaintiffs not covered insureds under the applicable policy issued by MIIA to the Town of Wareham.

3. On or about December 23, 2008, the Third Party Plaintiffs issued a Notice of Taking Deposition pursuant to Rule 30(b)(6) for the deposition of MIIA. Said Notice included a Schedule A "TOPICS" and a Schedule B "DOCUMENTS". See Exhibit A attached hereto, a true and accurate copy of said Notice of Taking Deposition ("Notice").

4. All but three (3) of the "TOPICS" listed in Schedule A of the Third Party Plaintiffs' Notice, to be inquired about at the time of said deposition, address the business operations of MIIA and its claims handling. Such topics have no relation to whether the Third Party Plaintiffs are covered insureds and therefore are overly broad, unduly burdensome, not properly limited as to time, and seek information which is irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence.

---

[1] The Third Party Plaintiffs' Motion to amend the Third Party Complaint to include an additional count for violation of M.G.L. c. 93A/176D was previously denied by this court.

2

5. Similarly, numerous "DOCUMENTS" listed in Schedule B of the Third Party Plaintiffs' Notice, to be produced by MIIA at the time of said deposition, seek business records, underwriting and claims files, and claims manuals. Such documents have no relation to the coverage issue and therefore are overbroad, unduly burdensome, not properly limited as to time, and seek information which is irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence.

6. Additionally, numerous "DOCUMENTS" listed in Schedule B seek documents protected by attorney-client privilege and/or constitute attorney work product and therefore should be stricken from the Notice.

## FACTUAL BACKGROUND

On or about August 17, 2007, the Plaintiffs filed an action in the Plymouth Superior Court in the Commonwealth of Massachusetts against the Defendants for Declaratory Judgment and Injunctive Relief as well as remedies pursuant to 42 U.S.C. §1983 and M.G.L. Ch. 12 §§ 11H and 11I. The case was subsequently removed to the U.S. District Court for the District of Massachusetts.

On or about September 27, 2007, the Defendants filed an Answer together with various Counterclaims against the Plaintiffs. Said Counterclaims included conversion, violation of the Public Records Law, civil conspiracy, negligence, violation of the Conflict of Interest Law, declaratory judgment regarding violation of the Anti-Aid Amendment of the Massachusetts Constitution, declaratory judgment regarding violation of M.G.L. c. 44, §§ 53 and 53A, and declaratory judgment regarding whether the Wareham Free Library is a Department of the Town of Wareham.

By letter dated October 1, 2007, the Plaintiffs/Third Party Plaintiffs demanded that MIIA furnish them with coverage under the policy issued by MIIA to the Town of Wareham and further demanded that MIIA provide them with a defense to the counterclaims asserted against them. MIIA responded through counsel by letter dated

October 17, 2007. MIIA has taken the position that the Third Party Plaintiffs were not insureds and were not entitled to a defense or indemnification with respect to the counterclaims against them.

In response to MIIA's denial of coverage and defense, the Plaintiffs/Third-Party Plaintiff's filed the Third Party Action against MIIA alleging breach of contract (Count I), and seeking a declaratory judgment or injunctive relief (Count II). Pursuant to said action, the Third-Party Plaintiffs have served a Notice of Taking Deposition addressed to MIIA and have identified numerous "TOPICS" that will be covered at said deposition as well as identifying numerous "DOCUMENTS" that are to be produced by MIIA at the time of said deposition. MIIA now brings motion for a protective order to preclude questioning on certain TOPICS in the attached schedule A and to preclude discovery on certain DOCUMENTS in the attached Schedule B.

LEGAL ARGUMENTS

### I.   The Plaintiffs Should Be Precluded From Inquiring About Issues Not Related To The Third Party Claims

A Protective Order is proper when the discovery sought lacks the required relevance. *See e.g.* Reeg v. Fetzer, 78 F.R.D. 34 (W.D. Okla., 1976). Federal Rule of Civil Procedure 26(b)(1) "allows a party to obtain information from a party to the litigation, concerning 'any matter, not privileged, which is relevant to the subject matter involved in the pending action.'" Hooker v. Norfolk S. Ry., 204 F.R.D. 124, 126 (S.D. Ind., 2001). In Amedisys, Inc. v. JP Morgan Chase Manhattan Bank (In re Nat'l Cent. Fin. Enter., Inc., et al., 298 B.R. 140, 143 (Bankr. S.D. Ohio 2003) the court found that "[i]n reviewing the First Amended Complaint, the Defendants' answers, and the issues raised within this adversary proceeding, the Court cannot find the relevance of [the

subject topic] as relating to allegations contained within the Ten Counts of the First Amended Complaint." The Court went on to state that "a motion to compel discovery should not be granted when the Court is unable to find that the discovery sought is both relevant and proper." Id. Finally, in <u>Lectrolarm Custom Sys. V. Pelco Sales, Inc.</u>, 212 FRD 567 (2002, ED Cal), the court granted a protective order concluding that the burdensome and harassing nature of the requests for production of documents clearly outweighed the minimal need for very limited amount of information that could be discovered.

Undue burden is determined by reference to factors such as (1) relevance, (2) need of party for documents, (3) breadth of document request, (4) time period covered by it, (5) particularity with which documents are described, and (6) burden imposed. <u>N.C. Right to Life, Inc. v. Leake</u>, 231 FRD 49 (2005, DC Dist Col). Even were this court to determine that the specified discovery is related to the pending coverage dispute, said discovery is far too broad and not properly limited temporally to allow discovery. In <u>US v. Duke Energy Corp.</u>, 214 FRD 392 (2003, MD NC), the court found a party's request for documents from Department of Energy (DOE) over 19 year period was unduly burdensome. *See also* <u>Breon v Coca-Cola Bottling Co.</u>, 232 FRD 49 (2005, DC Conn) (finding request for 20 years of discovery was overly burdensome). As the TOPICS and DOCUMENTS specified below are irrelevant to the coverage dispute between the parties, are overly broad in scope, are vague and burdensome and cover over twenty-five (25) years, all specified TOPICS and DOCUMENTS should be stricken and the Plaintiffs should be precluded from further discovery regarding same.

## A. The Specified TOPICS are Beyond the Scope of the Third Party Action and Should be Stricken

Schedule A of the Notice of Taking Deposition identifies eight (8) TOPICS which will be addressed at the scheduled deposition. Of those, numbers 3, 4, 5, 6, and 8 are beyond the scope of the Third Party Action and have no relation to the issue of coverage which is at the center of the Third Party claims. Those topics seek the following:

3. All facts relating to the conduct of MIIA's operations since 1982.
4. All facts relating to MIIA's use of servicing carriers since 1982.
5. All facts relating to MIIA's financial condition since 1982, including but not limited to net losses, net income, and the treatment of deficits or surpluses.
6. All facts relating to MIIA's marketing/promotional activities since 1982.
...
8. All facts relating to MIIA's policies, practices and procedures that relate in any way to the handling of claims of like character to the claim at issue in this action.

The TOPICS listed bear no relation to the issue of coverage and who is a proper insured under the applicable policy. There is no justification for the Plaintiffs' inquiry into these TOPICS, and MIIA sees no reason for such inquiry other than to harass MIIA by abusing the discovery process. The present issue is one of contract interpretation regarding who is an "insured" under the subject policy. The business dealings of MIIA (i.e. financial condition, marketing/promotional activities, etc.) have no impact on whether the Plaintiffs are covered insureds and will have no impact on the success or failure of the Plaintiffs' claims. Therefore, MIIA requests that the court strike the specified TOPICS from Schedule A and preclude the Plaintiffs from inquiring as to those TOPICS: Topics 3,4,5,6 and 8.

**B. The Specified DOCUMENTS are Beyond the Scope of the Third Party Action and Should be Stricken**

Schedule B of the Notice of Taking Deposition identifies eight (8) categories of DOCUMENTS, together with subcategories, which are to be produced at the scheduled deposition. Of those, numbers 1 through 7 (with the exception of 1c and 1g) are beyond the scope of the Third Party Action and have no relation to the issue of coverage which is at the center of the Third Party claims. Those documents seek the following:

1. MIIA's complete claims files relating to the claim at issue … including without limitation:

    a. [written communications] to or from any employee of MIIA relating in any way to the processing of the claim at issue in this action;
    b. [oral communications] to or from any employee of MIIA relating in any way to the processing of the claim at issue in this action;
    …
    d. [communications] between any employee of MIIA an any third party relating in any way to the claim at issue in this action;
    e. All written or computerized records of any investigation conducted in connection with the claim at issue in this action;
    f. [communications] to or from any employee of MIIA relating in any way to the decision to deny coverage for Third Party Plaintiffs;
    …
    h. [communications] between any employee of MIIA and any third party relating in any way to the decision to deny coverage for Third Party Plaintiffs;
    i. All other written or computerized documents pertaining to the claim at issue in this litigation;
    j. The file folders in which the preceding documents are kept.

2. MIIA's complete underwriting files referring or relating in any way to the policy at issue in this action, including without limitation:

    a. [communications] referring or relating in any way to the issuance of the policy at issue in this action.
    b. The file folders in which the preceding documents are kept.

3. [claims manuals, directives, communications, etc.] that refer or relate in any way to the handling of claims generally or to the handling of claims of like character to the claim at issue in this action, including without limitation:

    a. The documents reflecting MIIA's claim settlement policies as they existed at the time MIIA denied coverage for the claim at issue in this action;

    b. The documents reflecting any subsequent changes of policy.

4. All financial statements for MIIA from 1982 to date.

5. All contracts between MIIA and servicing carriers from 1982 to date.

6. All minutes of meetings of MIIA's Board of Directors from 1982 to date.

7. All documents evidencing or relating to marketing/promotional plans for MIIA from 1982 to date.

…

Each of the documents specified above is either overly broad, unduly burdensome, not properly limited as to time, irrelevant to the subject matter of this action, not reasonably calculated to lead to the discovery of admissible evidence, seeks disclosure of work product and of information protected by the attorney-client privilege and/or is vague to such an extent that MIIA is unable to respond.

The Plaintiffs have failed to reasonably limit their requests to relevant documents or to sufficiently identify the documents they request. The request for these documents serves no purpose other than to harass MIIA through an abuse of the discovery process. By way of example, it is nearly impossible to imagine how the meeting minutes of the Board of Directors in 1982 will have any information even remotely applicable to the subject policy let alone who may be covered as insureds pursuant to said policy and whether the Plaintiffs are covered insureds. Furthermore, the marketing and promotional plans from 1982 similarly will not aid the parties or this court in a determination of the issue of policy coverage and, therefore, whether there has been a breach of contract and whether the Plaintiffs are entitled to defense and indemnification. The other specified documents, even those relating to the subject claim(s), likewise will have no bearing on

the issue of coverage and the contract interpretation at issue in the Third Part action.
Therefore, the documents listed should be stricken from the Notice of Taking Deposition
and the Plaintiffs should be precluded from obtaining said documents.

CONCLUSION

For all the foregoing reasons, the Third Party Defendant, MIIA, respectfully
requests that the Court preclude any questioning in on "TOPICS" numbers 3, 4,5, 6, & 8
in the attached Schedule A to the Notice of Deposition and preclude the production of
any "DOCUMENTS" identified in numbers1 through 7 (with the exception of 1c and 1g)
of the Attached Schedule B to the Notice of Deposition herein from the Third Party
Plaintiffs', Wareham Free Library, Inc. and its individually named Trustees, individually
and as trustees.

REQUEST FOR ORAL ARGUMENT

The Third Party Defendant MIIA request a hearing for oral argument on this
motion.

Dated: _____

Respectfully submitted,
The Third Party Defendant,
By its attorneys,

TANG & MARAVELIS, P.C.


**/s/ Arthur E. Maravelis**

_____
Arthur E. Maravelis (564673)
50 Mall Road, Suite 111
Burlington, MA 01803
781-221-1400
amaravelis@tangamaravelis.com

<u>CERTIFICATE OF SERVICE</u>

In accordance with the Electronic Case Filing ("ECF") Administrative Procedures of the United States District Court  for the District of Massachusetts, I, Arthur E. Maravelis, hereby certify that a true copy of the above document was filed through the ECF system and will be sent electronically to registered participants as identified on the Notice of Electronics Filing ("NEF") and that paper copies will be served upon those indicated as non-registered participants by first class mail on January 23, 2009

**/s/  Arthur E. Maravelis**

_____

Arthur E. Maravelis

<u>LOCAL RULE 7.1 AND LOCAL RULE 37.1 CERTIFICATION</u>

I, Arthur E. Maravelis, hereby certify that a discovery conference was held on January 14, 2009 at 10:00 a.m. with Attorney Michael Franco in an attempt to resolve this discovery dispute, and the parties were unable to resolve the dispute thus necessitating this motion.

**/s/  Arthur E. Maravelis**

_____

Arthur E. Maravelis

MIIA274MtnProtectiveOrdermem

EXHIBIT "A"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 07-CV-11807 RGS

WAREHAM FREE LIBRARY, INC. and
PRISCILLA PORTER, MARYNYMAN, HAZEL
TABER, MICHELLE BAUM, SANDRA WHEELER,
JOHN LANCI, MARTHA MAGUIRE, YELENA
FARIOLI-BEAUPRE, and DIANE LAZARUS,
Individually and As Trustees of Wareham Free
Library, Inc.

        Plaintiffs / Defendants in Counterclaim /
        Plaintiffs in Counterclaim for Indemnification /
        Third Party Plaintiffs

v.

THE TOWN OF WAREHAM

        Defendant / Plaintiff in Counterclaim /
        Defendant in Counterclaim for Indemnification

and

BRENDA ECKSTROM, BRUCE SAUVAGEAU,
JOHN CRONAN, JAMES POTTER, and M. JANE
DONAHUE, Individually and As Members of The
Board of Selectmen of Wareham

        Defendants

v.

FRIENDS OF THE WAREHAM FREE LIBRARY, INC.,
and THE WAREHAM LIBRARY FOUNDATION, INC.

        Defendants in Counterclaim

v.

MIIA PROPERTY AND CASUALTY GROUP, INC.

        Third Party Defendant

## NOTICE OF TAKING DEPOSITION

TO:   Arthur E. Maravelis
      TANG & MARAVELIS, P.C.
      50 Mall Road, Suite 111
      Burlington, MA 01803

Please take notice that at 1:30 p.m., on Thursday, January 22, 2009, at the Law

Offices of Beauregard, Burke & Franco, 32 William Street, New Bedford,

Massachusetts 02740, the Third Party Plaintiffs in this action, by their attorneys, will

take the deposition upon oral examination of **MIIA Property and Casualty Group,**

**Inc. ("MIIA")**, pursuant to the provisions of Rule 30(b)(6).

Please note that Rule 30(b)(6) requires the deponent to designate one or more

of its officers, directors or agents (or other person) to testify.   The person or persons

so designated must testify as to matters known or reasonably available to the

deponent.

The topics for examination are specified on Schedule A hereto.

Pursuant to Rule 34, the deponent is required to produce the documents

identified in Schedule B hereto at the deposition.

The oral examination will continue from day to day until completed.

                         The Plaintiffs,
                         By their Attorneys,

                         BEAUREGARD, BURKE & FRANCO

                         PHILIP N. BEAUREGARD, BBO # 034870
                         32 William Street, New Bedford, MA 02740
                         Tel. No.: 508-993-0333

Dated:  December 23, 2008

# SCHEDULE "A"

## (TOPICS)

1. All facts relating to MIIA's denial of defense and indemnity to Third Party Plaintiffs.

2. The contents of MIIA's claim file relating to the claim against Third Party Plaintiffs.

3. All facts relating to the conduct of MIIA's operations since 1982.

4. All facts relating to MIIA's use of servicing carriers since 1982.

5. All facts relating to MIIA's financial condition since 1982, including but not limited to net losses, net income, and the treatment of deficits or surpluses.

6. All facts relating to MIIA's marketing/promotional activities since 1982.

7. All facts relating to MIIA's relationship with the Town of Wareham, whether contractual or otherwise.

8. All facts relating to MIIA's policies, practices and procedures that relate in any way to the handling of claims of like character to the claim at issue in this action.

# SCHEDULE "B"

# (DOCUMENTS)

1.   MIIA's complete claims files relating to the claim at issue in this action, whether   maintained in MIIA's field office, regional office, home office, or any other office,   including without limitation:

  a.   All letters, memoranda, and other forms of written or computerized communication to or from any employee of MIIA relating in any way to the processing of the claim at issue in this action;

  b.   All written or computerized records of any oral communication, whether in person or by telephone, to or from any employee of MIIA relating in any way to the processing of the claim at issue in this action;

  c.   All written or computerized communication and written or computerized records of oral communications, whether in person or by telephone, between any employee of MIIA and Third Party Plaintiffs relating in any way to the claim at issue in this action;

  d.   All written or computerized communication and written or computerized records of oral communications, whether in person or by telephone, between any employee of MIIA and any third party relating in any way to the claim at issue in this action;

  e.   All written or computerized records of any investigation conducted in connection with the claim at issue in this action;

f.   All written or computerized communication and written or computerized records of oral communications, whether in person or by telephone, to or from any employee of MIIA relating in any way to the decision to deny coverage for Third Party Plaintiffs;

g.   All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between third-party plaintiffs and any employee of MIIA relating in any way to the decision to deny coverage for Third Party Plaintiffs;

h.   All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of MIIA and any third party relating in any way to the decision to deny coverage for Third Party Plaintiffs;

i.   All other written or computerized documents pertaining to the claim at issue in this litigation;

j.   The file folders in which the preceding documents are kept.

2.   MIIA's complete underwriting files referring or relating in any way to the policy at issue in this action, including without limitation;

a.   All letters, memoranda, and other forms of written or computerized communication and written or computerized records of oral

5

communications, whether in person or by telephone, referring or relating in any way to the issuance of the policy at issue in this action.

b.     The file folders in which the preceding documents are kept.

3.   All claims manuals, memoranda, directives, letters, and other forms of written or computerized communication directed to claims personnel, claims managers, claims supervisors, or any other person acting on behalf of MIIA in the handling of claims, that refer or relate in any way to the handling of claims generally or to the handling of claims of like character to the claim at issue in this action, including without limitation;

a.     the documents reflecting MIIA's claim settlement policies as they existed at the time MIIA denied coverage for the claim at issue in this action;

b.     the documents reflecting any subsequent changes of policy.

4.   All financial statements for MIIA from 1982 to date.

5.   All contracts between MIIA and servicing carriers from 1982 to date.

6.   All minutes of meetings of MIIA's Board of Directors from 1982 to date.

7.   All documents evidencing or relating to marketing/promotional plans for MIIA  from 1982 to date.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

8.   All contracts between MIIA and the Town of Wareham, including but not limited to any liability insurance policies in effect from 2006 to date.

## CERTIFICATE OF SERVICE

I, PHILIP N. BEAUREGARD, hereby certify that I have served true copies of the foregoing by facsimile and first class mail on all counsel of record on this 23rd day of December, 2008.

PHILIP N. BEAUREGARD -- BBO #034780

7