UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 07-CV-11807 RGS

WAREHAM FREE LIBRARY, INC. and
PRISCILLA PORTER, MARY NYMAN, HAZEL TABER,
MICHELLE BAUM, SANDRA WHEELER, JOHN LANCI,
MARTHA MAGUIRE, YELENA FARIOLI-BEAUPRE, and
DIANE LAZARUS, Individually and As Trustees of Wareham
Free Library, Inc.

         Plaintiffs / Defendants in Counterclaim /
         Plaintiffs in Counterclaim for Indemnification /
         Third Party Plaintiffs

v.

THE TOWN OF WAREHAM

         Defendant / Plaintiff in Counterclaim /
         Defendant in Counterclaim for Indemnification

and

BRENDA ECKSTROM, BRUCE SAUVAGEAU, JOHN
CRONAN, JAMES POTTER, and M. JANE DONAHUE,
Individually and As Members of The Board of Selectmen of
Wareham
         Defendants

v.

FRIENDS OF THE WAREHAM FREE LIBRARY, INC.,
and THE WAREHAM LIBRARY FOUNDATION, INC.

         Defendants in Counterclaim

v.

MIIA PROPERTY AND CASUALTY GROUP, INC.

         Third Party Defendant

**THIRD-PARTY PLAINTIFFS' OPPOSITION TO
MIIA PROPERTY AND CASUALTY GROUP, INC.'S
MOTION FOR PROTECTIVE ORDER**

1

Third-party plaintiff Trustees of Wareham Free Library, Inc. ("Trustees") hereby oppose MIIA Property and Casualty Group, Inc.'s ("MIIA") motion for protective order. In support, the Trustees state:

1. **The contested discovery requests are relevant: (a) some requests are aimed at discovering whether MIIA has engaged in the business of insurance and is therefore subject to liability under M.G.L. c. 93A and 176D, and (b) other requests are relevant to the Trustees' principal claims for breach of contract and declaratory and injunctive relief**

The discovery sought by the Trustees and contested by MIIA is relevant to the Trustees' third-party action against MIIA. Some of the contested items (including specifically "TOPICS" nos. 3 through 6 and "DOCUMENTS" nos. 4 through 7) are aimed at discovering whether MIIA has engaged in the business of insurance and is subject to liability under M.G.L. c. 93A / 176D. Other contested items ("TOPICS" no. 8 and "DOCUMENTS" nos. 1 through 3) are relevant to the Trustees' existing claims for breach of contract and declaratory relief. A protective order as requested by MIIA would not be appropriate.

2. **The Trustees are entitled to conduct discovery on the issue of whether MIIA has engaged in the business of insurance and is therefore subject to liability under M.G.L. c. 93A / 176D**

In their third-party action, the Trustees bring claims against MIIA as the general liability insurer for the Town of Wareham for breach of the insurance contract by refusing to defend the Trustees against the Town's counterclaims and for declaratory relief concerning MIIA's duty to defend. In July 2008, the Trustees moved to amend their third party complaint to add a count for violation of Massachusetts General Laws Chapters 93A and 176D, which prohibit unfair and/or deceptive acts or practices in the business of insurance.

This Court denied the Trustees' motion on August 14, 2008.  See Order on Third Party Plaintiffs' Motion for Leave to File Amended Third Party Complaint.  The Court explained that in order for M.G.L. c. 93A / 176D to apply, MIIA, being a municipal self-insurance group created under M.G.L. c. 40M, "must be engaged in 'trade or commerce' and 'have the business context or business motive characteristics considered important in the case law.'"  See Order at 2, citing Poznick v. Massachusetts Med. Prof'l Ins. Ass'n, 417 Mass. 48, 52 (1994).  The Court stated that the Trustees had pleaded no facts to support a claim that MIIA operates in "trade or commerce," or that it "has acted in a business context so as 'to obliterate the necessary distinction between it and insurance businesses in the voluntary market.'"  Id., quoting Liquor Liab. Joint Underwriting Ass'n of Massachusetts v. Great American Ins. Co., 16 Mass. L. Rptr. 268, 2003 WL 21048793 (Mass. Super. 2003) ("LLJUA").

The key issue with respect to MIIA's liability under M.G.L. c. 93A / 176D is not what MIIA was created to do, but how it operates in fact.  "Poznick did not hold that a legislatively created [insurance entity] could *never* be subject to G.L. c. 176D or to G.L. c. 93A.  It simply held that MMPIA, holding true to its legislative mandate, was not engaged in the 'business of insurance' and, therefore, not subject to G.L. c. 176D."  LLJUA, supra, *25 (italics in original).  "Therefore… I look not to what LLJUA says it was created to do but to how LLJUA operates in fact."  Id. (finding that LLJUA had in fact exceeded its legislative mandate and engaged in the "business of insurance").

MIIA has asserted that "[u]nlike LLJUA, MIIA has not exceeded its legislative mandate or commenced any profit making activity which would qualify as engaged in 'the business of insurance.'"  See MIIA's Opposition to Third Party Plaintiffs' Motion for Leave to File Amended Third Party Complaint, at pp. 5-6.  The Trustees are entitled to conduct discovery necessary to determine whether MIIA has in fact stayed "true to its legislative mandate," or has engaged in

3

the "business of insurance," either in its general operations or with respect to its handling of the Trustees' claim here. See LLJUA, supra, *25-27. If the discovery reveals that MIIA operates in "trade or commerce," or that it "acted in a business context" in its denial of the Trustees' claim, the Trustees intend to move for reconsideration of the Court's order on their motion to amend the third party complaint.

The Trustees' contested discovery requests that relate specifically to this issue include the following:

DEPOSITION TOPICS:

3. All facts relating to the conduct of MIIA's operations since 1982.
4. All facts relating to MIIA's use of servicing carriers since 1982.
5. All facts relating to MIIA's financial condition since 1982, including but not limited to net losses, net income, and the treatment of deficits or surpluses.
6. All facts relating to MIIA's marketing/promotional activities since 1982.

DOCUMENTS:

4. All financial statements for MIIA from 1982 to date.
5. All contracts between MIIA and servicing carriers from 1982 to date.
6. All minutes of meetings of MIIA's Board of Directors from 1982 to date.
7. All documents evidencing or relating to marketing/promotional plans for MIIA from 1982 to date.

These requests are narrowly tailored to elicit specific information that may be considered in analyzing whether MIIA, since its incorporation in 1982, has in fact operated in the "business of insurance" so as to subject it to liability under M.G.L. c. 93A/176D.

"[T]he business of insurance involves profit driven business decisions about premiums, commissions, marketing, reserves and settlement policies and practices." Poznick, supra, 417 Mass. at 51 (emphasis added). The Court in LLJUA, for example, considered these factors and found that LLJUA had exceeded its legislative mandate and engaged in the "business of insurance." Id., *25-26.

4

Specifically, the Court in LLJUA reviewed LLJUA's financial statements over a ten-year period and found that, since the early 1990s, LLJUA had accumulated profits and "had amassed an ever growing surplus." Id., *25.[1] The Court further found that "LLJUA's profit did not occur by happenstance. Its astonishing track record for amassing profit is attributable to conscious and purposeful choices it made concerning premiums, marketing and settlement policies and practices, all factors to be taken into account in applying the test set forth in Poznick. These choices took LLJUA beyond its legislative mandate." Id., *26. For example, the Court found that, starting in the mid 1990s, "LLJUA launched its sophisticated marketing campaign, increased commissions to entice brokers to write more policies and lowered its premiums in a direct appeal to the voluntary market." Ibid. The Court also found that LLJUA had never returned profits to its members or policyholders, which the Court considered further evidence that LLJUA "treated its legislative mandate as a business opportunity." Id., *25. "Given this financial reality," the Court concluded, "LLJUA is indisputably a profit making enterprise." Ibid. "I am not persuaded that the LLJUA of today is the same entity created in 1985…" Id., *26.

Similarly, the Trustees in this case seek to obtain information about MIIA's operations, financial condition and activities (including net losses, net income, and the treatment of deficits or surpluses), use of servicing carriers, and marketing and promotional activities. See "TOPICS" and "DOCUMENTS" above. Importantly, such information is wholly and solely within MIIA's knowledge. The Trustees have no other sources of information from which they can determine whether the prerequisites to MIIA's liability under M.G.L. c. 93A / 176D can be met in this case. For these reasons, this discovery should be allowed. Compare Yaffe v. Powers, 454 F.2d 1362,

---

[1] The Court noted that, in the context of M.G.L. c. 93A, the term "profit" is meant colloquially, i.e. in the sense of revenues that exceed expenses, citing Linkage Corp. v. Trustees of Boston University, 425 Mass. 1, 25 n.35 (1997), and that "surplus" represents the cash available to the insurer over and above the amount retained as reserve. Id., *25, n.18, n.19.

5

1366-1367 (1st Cir. Mass., 1972) (the First Circuit reversed and remanded the District Court's order denying certification of a class and limiting discovery to matters relating only to the named plaintiffs, pointing out that preliminary discovery may be needed in order to determine whether the requirements for maintaining a class action can be met, and holding that the pronouncement, prior to allowing any discovery, of the nonexistence of a class, when its existence is dependent wholly upon information within the defendant's sole knowledge, is contrary to the pragmatic spirit of the Federal Rules of Civil Procedure).

As to MIIA's other objections to these requests, including that these requests are overly broad in scope, vague and burdensome, and not properly limited in time, the Trustees state that their requests are narrowly drawn, seek specific information and documents that should be easy to locate and produce for deposition (i.e., financial statements, contracts with servicing carriers, minutes of meetings of MIIA's Board of Directors, and documents relating to MIIA's marketing and promotional plans), and are reasonable in view of the goals they seek to accomplish. See e.g. LLJUA, supra, *25-26 (the Court reviewed over ten years of financial records to determine whether LLJUA operated as a profit making enterprise).

3. **The Trustees' other contested requests are directly relevant to their principal claims for breach of contract and for declaratory and/or injunctive relief and should be allowed**

The Trustees' remaining contested discovery requests are directly relevant to their main claims. The gist of the Trustees' claims is that MIIA, as the general liability insurer for the Town of Wareham, breached the insurance contract by refusing to defend the Trustees against the Town's counterclaims in this action. The Trustees' contested discovery requests that relate specifically to these claims include the following:

6

DEPOSITION TOPICS:

> 8. All facts relating to MIIA's policies, practices and procedures that relate in any way to the handling of claims of like character to the claim at issue in this action.

DOCUMENTS:

> 3. [claims manuals, directives, communications, etc.] that refer or relate in any way to the handling of claims generally or to the handling of claims of like character to the claim at issue in this action, including without limitation:
>
>     a. The documents reflecting MIIA's claim settlement policies as they existed at the time MIIA denied coverage for the claim at issue in this action;
>     b. The documents reflecting any subsequent changes in policy.

The main issue underlying the Trustees' claims is whether MIIA's denial of coverage to the Trustees under its insurance policy with the Town of Wareham was proper. The information and records sought by the above requests are relevant because the Trustees are entitled to know if the denial of their claim is inconsistent with MIIA's policies, practices and procedures that relate to the handling of claims of like character.[2]

DOCUMENTS (cont'd):

> 2. MIIA's complete underwriting files referring or relating in any way to the policy at issue in this action, including without limitation:
>
>     a. [communications] referring or relating in any way to the issuance of the policy at issue in this action;
>     b. The file folders in which the preceding documents are kept.

The foregoing request seeks underwriting file for the policy at issue in this action, which may refer to the scope of coverage provided by the policy. This information is also indisputably relevant to the Trustees' existing claims.

---

[2] These requests are also relevant to issue of whether MIIA has engaged in the business of insurance and is subject to liability under M.G.L. c. 93A / 176D. Mainly, however, they are relevant to the Trustees' existing claims.

DOCUMENTS (cont'd):

1. MIIA's complete claims files relating to the claim at issue… including without limitation:

   a. [written communications] to or from any employee of MIIA relating in any way to the processing of the claim at issue in this action;
   b. [oral communications] to or from any employee of MIIA relating in any way to the processing of the claim at issue in this action;
   c. [communications] between any employee of MIIA and Third Party Plaintiffs relating in any way to the processing of the claim at issue in this action;
   d. [communications] between any employee of MIIA and any third party relating in any way to the processing of the claim at issue in this action;
   e. All written or computerized records of any investigation conducted in connection with the claim at issue in this action;
   f. [communications] to or from any employee of MIIA relating in any way to the decision to deny coverage for Third Party Plaintiffs;
   g. [communications] between third-party plaintiffs and any employee of MIIA relating in any way to the decision to deny coverage for Third Party Plaintiffs;
   h. [communications] between any employee of MIIA and any third party relating in any way to the decision to deny coverage for Third Party Plaintiffs;
   i. All written or computerized documents pertaining to the claim at issue in this litigation;
   j. The file folders in which the preceding documents are kept.

In sum, this request seeks the entirety of the Trustees' claim file. It is absurd for MIIA to argue (as it does at p. 7 of the memorandum in support of its instant motion) that this request, with the exception for 1c and 1g, is somehow beyond the scope of the third party action and has no relation to the issue of coverage. The Trustees are entitled to see their claim file. As far as relevance is concerned, there is no meaningful distinction between subsections 1c and 1g on one hand and all other subsections on the other: the former seek communications between MIIA and the Trustees, whereas the latter seek communications between MIIA and other parties and also records of claim investigation. Arguably, the latter may implicate the attorney-client privilege and/or the work product doctrine. Pursuant to Fed.R.Civ.P. 26(b)(5), however, MIIA is required

8

to state its claim of privilege expressly and to produce a privilege log describing the documents withheld in a manner that will enable other parties to assess the claim of privilege or protection. Id. Also LR 34.1(E). It has not done so.

## CONCLUSION

For all the above reasons, Third Party Plaintiff Trustees respectfully request that MIIA's instant motion for protective order is denied, and that MIIA is ordered to submit to a deposition with respect to all "TOPICS" identified in Schedule A of its deposition notice and to produce all "DOCUMENTS" identified in Schedule B of said notice.

THIRD PARTY PLAINTIFFS,

By their Attorneys,
BEAUREGARD, BURKE & FRANCO

/ S / Timour Zoubaidoulline
_____
TIMOUR ZOUBAIDOULLINE, BBO # 656212
32 William Street, New Bedford, MA 02740
Tel. 508-993-0333
bbf.tzoubaidoulline@verizon.net

Dated: February 6, 2009

## CERTIFICATE OF SERVICE

In accordance with the Electronic Case Filing ("ECF") Administrative Procedures of the United States District Court for the District of Massachusetts, I, Timour Zoubaidoulline, hereby certify that the foregoing document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and that paper copies will be sent to those indicated as non-registered participants by first class mail on February 6, 2009.

/ S / Timour Zoubaidoulline
_____
TIMOUR ZOUBAIDOULLINE, BBO # 656212