UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-CV-11807-RGS

WAREHAM FREE LIBRARY, INC. and
PRISCILLA PORTER, MARY NYMAN, HAZEL TABER,
MICHELLE BAUM, SANDRA WHEELER, JOHN LANCI,
MARTHA MAGUIRE, YELENA FARIOLI-BEAUPRE, and
DIANE LAZARUS, Individually and As Trustees of Wareham
Free Library, Inc.

v.

THE TOWN OF WAREHAM

and

BRENDA ECKSTROM, BRUCE SAUVAGEAU, JOHN
CRONAN, JAMES POTTER, and M. JANE DONAHUE,
Individually and As Members of The Board of Selectmen of
Wareham

v.

FRIENDS OF THE WAREHAM FREE LIBRARY, INC.,

v.

MASSACHUSETTS INTERLOCAL
INSURANCE ASSOCIATION PROPERTY and
CASUALTY GROUP, INC.

ORDER ON MIIA's MOTION
FOR A PROTECTIVE ORDER

February 17, 2009

STEARNS, D.J.

The third-party defendant Massachusetts Interlocal Insurance Association Property

and Casualty Group, Inc. (MIIA) asks the court to issue a protective order regarding a Rule

30(b)(6) deposition to be conducted by third party plaintiff Trustees of Wareham Free Library, Inc. (Trustees). MIIA contends that certain of the Trustees requests are irrelevant to their "failure to defend" claims. The Trustees oppose the motion contending that all of their requests are relevant: "some requests are aimed at discovering whether MIIA has engaged in the business of insurance and is therefore subject to liability under Mass. Gen. Laws ch. 93A and 176D, and other requests are relevant to the Trustees' principal claims for breach of contract and declaratory and injunctive relief."

Finding merit in both parties' positions, the motion is <u>ALLOWED</u> in part and <u>DENIED</u> in part. With regard to the areas of testimony, the court denies MIIA's request for a protective order as to its Rule 30(b)(6) deponent's Topic 8, but precludes the Trustees from inquiring into Topics 3, 4, 5 and 6 (the parties agree as to Topics 1, 2, and 7). Regarding the Trustee's request for documents, the court will not require MIIA to respond to document requests 1(a), 1(b) 1(d), 1(e), 1(f), 1(h), 1(I), and 1(j), as those requests are redundant of undisputed requests 1(c) or (g), or are overly broad or vague. The court also allows MIIA's request for a protective order as to document requests 2(a) and (b), 3(b), 4, 5, 6, and 7. However, the court directs MIIA to produce the documents requested in 3(a). MIIA has agreed to the production of documents under Request 8.

                                          SO ORDERED.

                                          /s/ Richard G. Stearns
                                          _____
                                          UNITED STATES DISTRICT JUDGE